UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CASAS, BENJAMIN & WHITE, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  04-12333-MEL |
| vs. ) | |
| ) | JURY TRIAL DEMANDED |
| THE POINTE GROUP, INC., a ) | |
| Massachusetts corporation d/b/a The Pointe ) | |
| Group Healthcare and Senior Living; ) | |
| GERALD S. FREID; BARRY FREID; ) | |
| KEY CORPORATE CAPITAL, INC. ) | |
| Defendants. ) | |

### REPLY TO COUNTERCLAIMS OF DEFENDANT THE POINTE GROUP, INC.

Now comes Plaintiff/Counterclaim Defendant Casas, Benjamin & White, LLC (hereinafter, "CBW") and sets forth its reply and affirmative defenses to the counterclaims of Defendant/Counterclaim Plaintiff The Pointe Group, Inc. ("TPG"), as follows:

175.  Defendant, TPG, Plaintiff in Counterclaim, is a Massachusetts corporation with a principal place of business located in Brockton, Massachusetts.

**ANSWER:**  CBW lacks sufficient knowledge to respond to Paragraph 175 and, therefore, denies the same and calls upon TPG to prove the allegations contained therein.

176.  Plaintiff, CBW, Defendant in Counterclaim, claims to be a limited liability company organized under the laws of the State of Delaware and having a principal place of business in Skokie, Illinois.

**ANSWER:**  Admitted.

177.  On September 12, 2003, Gerald Freid signed a letter on behalf of The Pointe Group Healthcare & Senior Living (the alleged "Engagement Letter"). Kelley W. White ("White"), a Managing Director of CBW, signed the alleged Engagement Letter on behalf of CBW.

**ANSWER:** CBW states that the Engagement Letter speaks for itself and denies any attribute to the Engagement Letter other than its content.

178. The alleged Engagement Letter provides that the "CBW consulting team will be lead (sic) by Kelley W. White, a CBW Managing Director, who will have general oversight responsibilities with respect to the engagement..."

**ANSWER:** CBW states that the Engagement Letter speaks for itself and denies any attribute to the Engagement Letter other than its content.

179. Early on in the engagement, White ceased working as an employee of CBW and did not perform any additional work as promised under terms of the alleged Engagement Letter.

**ANSWER:** CBW admits that Kelley White is no longer employed at CBW and denies the remaining allegations of paragraph 179 and each of them.

180. Gerald Freid would not have signed the alleged Engagement Letter if he had known that White would not be overseeing the responsibilities of CBW under the Engagement Letter.

**ANSWER:** CBW denies the allegations of paragraph 180 and each of them.

## COUNT I

## (BREACH OF CONTRACT: TPG v. CBW)

181. TPG realleges all of the allegations of its Counterclaim contained in Paragraphs 175 through 180 as if fully set forth herein.

**ANSWER:** CBW incorporates by reference all of its responses to allegations 175 through 180 as if fully set forth herein.

182. TPG denies that it entered into a valid, enforceable contract with CBW when Gerald Freid signed the alleged Engagement Letter on behalf of The Pointe Group Healthcare & Senior Living. However, if the alleged Engagement Letter is in fact an enforceable contract, then CBW has breached its contractual obligations in that CBW promised that White would "have general oversight responsibilities with respect to the engagement" yet White left CBW early on in the process.

**ANSWER:** CBW admits that the Engagement Letter signed by Gerald Freid is a valid and enforceable contract with TPG, but denies the remainder of the allegations contained in paragraph 182.

183. Gerald Freid signed the alleged Engagement Letter based on the representations made by White that she would oversee all the work done by CBW. She did not do so.

**ANSWER:** CBW denies the allegations of paragraph 183 and each of them.

184. As a result of CBW's breach of the material terms of the alleged Engagement Letter, TPG has suffered economic damages.

**ANSWER:** CBW denies the allegations of paragraph 184 and each of them.

## COUNT II

## (BREACH OF FIDUCIARY DUTY: TPG V. CBW)

185. TPG realleges all of the allegations of its Counterclaim contained in Paragraphs 175 through 184 as if fully set forth herein.

**ANSWER:** CBW incorporates by reference all of its responses to allegations 175 through 184 as if fully set forth herein.

186. If the alleged Engagement Letter is in fact an enforceable contract, then CBW owed TPG a fiduciary duty to act at all times in TPG's best interests.

**ANSWER:** CBW admits that the Engagement Letter is an enforceable contract with TPG, but denies the remaining allegations and each of them.

187. To the extent that CBW acted on instructions from, in accordance with the desires of and/or for the best interests of Key Bank, CBW breached its fiduciary duty to TPG (which, of course, received absolutely no benefit from anything CBW did).

**ANSWER:** CBW denies the allegations of paragraph 187 and each of them.

188. As a result of CBW's breach of its fiduciary duty, TPG has suffered economic damages.

**ANSWER:** CBW denies the allegations of paragraph 188 and each of them.

## COUNT III (TPG V. CBW)

## (UNFAIR AND DECEPTIVE TRADE PRACTICES/G.L. 93A)

189.    TPG realleges all of the allegations of its Counterclaim contained in Paragraphs 175 through 188 as if fully set forth herein.

**ANSWER:**    CBW incorporates by reference all of its responses to allegations 175 through 188 as if fully set forth herein.

190.    CBW concealed from TPG the fact that CBW owed duties and loyalties to Key Bank in derogation of any duties and loyalties it may have owed to TPG.

**ANSWER:**    CBW denies the allegations of paragraph 190 and each of them.

191.    CBW advanced the interests of Key Bank to the detriment of TPG while deceiving TPG into believing the opposite.

**ANSWER:**    CBW denies the allegations of paragraph 191 and each of them.

192.    CBW provided no benefit whatsoever to TPG but demanded, and received, certain payments from TPG.

**ANSWER:**    CBW admits that it received certain payments from TPG. CBW denies the remaining allegations of paragraph 192 and each of them.

193.    CBW never disclosed to TPG that it and all of its employees lacked a license to act as a broker for real estate sales in the Commonwealth of Massachusetts.

**ANSWER:**    CBW admits that it is not a licensed real estate broker in Massachusetts, but answering further, CBW states that it was engaged to, and did, perform restructuring services and investment banking services, not real estate broker services.

194.    CBW continues, even in its Complaint, to try to deceive TPG that it acted as anything other than a broker, for which it had no license and acting as such was illegal.

**ANSWER:**    CBW denies the allegations of paragraph 194 and each of them.

195.    TPG is engaged in the conduct of trade or commerce.

**ANSWER:**    CBW admits the allegations of paragraph 195.

196.    CBW is engaged in the conduct of trade or commerce.

**ANSWER:** CBW admits the allegations of paragraph 196.

197. As set forth herein, CBW engaged in unfair or deceptive acts or practices declared unlawful by M.G.L. c. 93A.

**ANSWER:** CBW denies the allegations of paragraph 197 and each of them.

198. CBW's violations of M.G.L. c. 93A, §2 were willful or knowing.

**ANSWER:** CBW denies the allegations of paragraph 198 and each of them.

199. CBW's violations of M.G.L. c. 93A, §2 occurred primarily and substantially within the Commonwealth of Massachusetts.

**ANSWER:** CBW denies the allegations of paragraph 199 and each of them.

200. As a result of CBW's unlawful conduct and violations of M.G.L. c. 93A, TPG suffered damages.

**ANSWER:** CBW denies the allegations of paragraph 200 and each of them.

201. Pursuant to M.G.L. c. 93A, §11, TPG's damages should be trebled and TPG should also be awarded its costs and attorney's fees.

**ANSWER:** CBW denies the allegations of paragraph 201 and each of them.

CBW reserves the right to amend its Answer as additional information becomes available to it.

### First Affirmative Defense

TPG's Counterclaim, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

TPG's Counterclaim fails to allege a breach of contract capable of giving rise to liability under Count I.

**Third Affirmative Defense**

In the event that Kelley White's continued oversight of the Engagement is deemed a material term of the contract, TPG's acknowledgement, approval and acceptance of CBW's continuing efforts to provide investment banking services after Ms. White's departure operates to waive any breach of contract claim advanced by TPG.

**Fourth Affirmative Defense**

TPG cannot state a claim for breach of fiduciary duty because it fails to allege sufficient facts to support the existence of a fiduciary duty owed by CBW to TPG.

**Fifth Affirmative Defense**

In the event that CBW is deemed to owe a fiduciary duty to TPG, TPG fails to state a claim for breach of fiduciary duty because TPG has failed to allege and cannot prove that CBW actually breached its duty by acting in a manner adverse to TPG's best interests or in a manner that caused TPG to suffer economic damages. TPG authorized and directed CBW to communicate with Key Bank concerning all matters relating to the Engagement, and it is therefore estopped from claiming that CBW's communications with Key Bank can give rise to a breach of fiduciary duty claim.

**Sixth Affirmative Defense**

TPG has failed to state a claim for breach of fiduciary duty arising out of unfair and deceptive practices because it has failed to, and cannot, allege any facts that would support a legal conclusion that CBW owed duties and loyalties to Key Bank. Moreover, because TPG authorized and directed CBW to communicate with Key Bank concerning all matters relating to

the Engagement, TPG is estopped from claiming that it was deceived as to CBW's ongoing communications with Key Bank.

### Seventh Affirmative Defense

TPG is estopped from seeking relief from CBW by its own conduct and representations.

CBW reserves the right to amend or add to its affirmative defenses as additional information becomes available to it.

WHEREFORE, plaintiff Casas, Benjamin & White, LLC, respectfully requests that the Court enter judgment in its favor on all of the counterclaims made by defendant The Pointe Group, Inc., and enter such other relief as is just and appropriate.

                                              CASAS, BENJAMIN & WHITE, LLC
                                              By its attorneys,
                                              /s/Erin K. Higgins, Esq.
                                              _____
                                              Thomas E. Peisch / BBO #393260
                                              Erin K. Higgins / BBO #559510
                                              Michael R. Bernardo / BBO #648310
                                              CONN KAVANAUGH ROSENTHAL PEISCH
                                               & FORD, LLP
                                              Ten Post Office Square
                                              Boston, MA  02109
                                              (617) 482-8200

                                              Richard P. Steinken, *pro hac vice*
                                              Jeff J. Marwil, *pro hac vice*
                                              David W. Austin, *pro hac vice*
                                              JENNER & BLOCK, LLP
                                              One IBM Plaza
                                              Chicago, IL  60611-7603

Dated: December __, 2004
      Boston, Massachusetts

215840.1