UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CASAS, BENJAMIN & WHITE, LLC,   )<br>                                                         )<br>        Plaintiff,                                  )<br>                                                         )<br>                vs.                                   )<br>                                                         )<br>THE POINTE GROUP, INC., a               )<br>Massachusetts corporation d/b/a The Pointe  )<br>Group Healthcare and Senior Living;      )<br>GERALD S. FREID; BARRY FREID; and   )<br>KEY CORPORATE CAPITAL, INC.,       )<br>                                                         )<br>        Defendants.                               ) | No.   04-12333-MEL<br><br><br><br><br><br><br><br><br>**HEARING REQUESTED** |

**MOTION FOR PRELIMINARY INJUNCTION AND FOR
ATTACHMENT OF REAL ESTATE**

Plaintiff Casas, Benjamin & White LLC (hereinafter, "Plaintiff" or "CBW") hereby moves, pursuant to Fed. R. Civ. P. 65(a), for entry of a preliminary injunction against defendants The Pointe Group, Inc., d/b/a "The Pointe Group Healthcare and Senior Living" (hereinafter, "TPG"), Gerald S. Freid, and Barry Freid, enjoining each of these defendants from disbursing, transferring or in any way alienating any monies received as a result of the transaction referenced in plaintiff's complaint, and requiring defendants to provide CBW with an accounting of the distribution of the proceeds of the transaction.  Plaintiff also moves, pursuant to Fed. R. Civ. P. 64, Mass. R. Civ. P. 4.1, and M.G.L. c. 223, for issuance of a general writ of attachment of real estate belonging to these same defendants.  In support of this motion, CBW has submitted an accompanying memorandum of law, and further states as follows.

This is an action in which CBW seeks to recover a fee in excess of $1,000,000 for services provided by CBW for the benefit of defendants.  In brief, and as more fully alleged in

plaintiff's complaint, defendants retained CBW to provide certain investment banking services in connection with the sale or refinance of the defendants' nursing home and assisted living facilities. In exchange for those services, defendants agreed to pay CBW a percentage of the value of any transactions consummated in connection with the sale or refinance of the facilities. CBW performed all of its obligations under the parties' contract, and the defendants' facilities were sold. Rather than paying CBW its agreed fee out of the proceeds of those sales, however, defendants have retained the proceeds from the transactions and have failed and refused to pay CBW's fee.

CBW now seeks entry of a preliminary injunction restraining the defendants and their officers, directors, agents, servants, and employees from disbursing or transferring any part of the monies received from the sale of the facilities until further Order of the Court. CBW also requests that the Court order the defendants to provide an accounting to CBW of the distribution of proceeds at the September 30, 2004 closing on the transactions at issue. CBW is entitled to such relief because CBW is likely to prevail on the merits of its claims against these defendants, and because absent such relief, CBW will suffer irreparable harm that far outweighs any harm that the defendants will suffer by entry of the injunction.

CBW also requests that the Court issue a general writ of attachment in the amount of $1,033,000 to be recorded against real property belonging to TPG, Gerald S. Freid, and Barry Freid. CBW is entitled to such an attachment because CBW is reasonably likely to recover an amount equal to or in excess of $1,033,000, and CBW is not aware of any liability insurance that otherwise might be available to satisfy the defendants' obligation to CBW.

WHEREFORE, plaintiff Casas, Benjamin & White, LLC, respectfully requests that the Court enter a preliminary injunction against defendants The Pointe Group, Inc., Gerald S. Freid, and Barry Freid, enjoining each of these defendants from disbursing, transferring or in any way

alienating any monies received as a result of the transaction referenced in plaintiff's complaint, and requiring the defendants to provide CBW with an accounting of the distribution of the proceeds from the transaction, and that the Court order a general writ of attachment to issue in the amount of $1,033,000 to be recorded against any and all real estate belonging to these defendants.  A proposed Order is attached herewith.

## REQUEST FOR ORAL ARGUMENT

      Pursuant to Local Rule 7.1(D), plaintiff respectfully requests that the Court hear argument on this motion.

                                        CASAS, BENJAMIN & WHITE, LLC

                                        By its attorneys,

                                        /s/ Erin K. Higgins_____
                                        Thomas E. Peisch / BBO #393260
                                        Erin K. Higgins / BBO #559510
                                        Michael R. Bernardo / BBO #648310
                                        CONN KAVANAUGH ROSENTHAL PEISCH
                                          & FORD, LLP
                                        Ten Post Office Square
                                        Boston, MA  02109
                                        (617) 482-8200

                                        /s/ Richard P. Steinken (ekh)_____
                                        Richard P. Steinken, admitted *pro hac vice*
                                        Jeff J. Marwil, admitted *pro hac vice*
                                        David W. Austin, admitted *pro hac vice*
                                        JENNER & BLOCK, LLP
                                        One IBM Plaza
                                        Chicago, IL  60611-7603

## **LOCAL RULE 7.1 CERTIFICATION**

      The undersigned counsel hereby certifies that on December 21, 2004, plaintiff's counsel conferred by telephone with defendants' counsel, Todd B. Gordon, and attempted in good faith to resolve or narrow the issues raised in this motion.

                                                    /s/ Erin K. Higgins
                                                    Erin K. Higgins

Dated: December 21, 2004
       Boston, Massachusetts

## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CASAS, BENJAMIN & WHITE, LLC,              )<br>                                                                    )<br>             Plaintiff,                                 )<br>                                                                    )<br>                         vs.                                    )<br>                                                                    )<br>THE POINTE GROUP, INC., a                        )<br>Massachusetts corporation d/b/a The Pointe  )<br>Group Healthcare and Senior Living;            )<br>GERALD S. FREID; BARRY FREID; and       )<br>KEY CORPORATE CAPITAL, INC.,            )<br>                                                                    )<br>             Defendants.                            ) | No.   04-12333-MEL |

## **ORDER**

     This matter having come on for hearing on plaintiff's motion for preliminary injunction and for attachment of real estate, and the Court having found that the plaintiff has satisfied the requirements for issuance of the requested injunction and general writ of attachment, it is hereby Ordered:

     A.     Defendants The Pointe Group, Inc., Gerald S. Freid, and Barry Freid, and their officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with the defendants who receive actual notice of the Order, are hereby restrained from disbursing, transferring or in any way alienating any monies received as a result of the sale of the Combined Operations, as defined in the Complaint, which sale occurred on or about September 30, 2004;

B.	Defendants are hereby ordered to ordered to file with the Court, within three days of entry of this Order, a complete accounting of the distribution of the proceeds at the closing of the sale of the Combined Operations; and

C.	The Clerk of the Court is hereby directed to issue a general writ of attachment in the amount of $1,033,000 which may be recorded in any registry of deeds in the Commonwealth of Massachusetts against any real property belonging to The Pointe Group, Inc., Gerald S. Freid, and/or Barry Freid.

All until further Order of the Court.

					_____
									, J.

215271.1