# EXHIBIT A

Casas, Benjamin & White, LLC 

September 4, 2003

**VIA FACSIMILE AND
FEDERAL EXPRESS**

Board of Directors
The Pointe Group
Healthcare and Senior Living
615 Heath Street
Chestnut Hill, MA 02467
Attention: Gerry Freid

Re: Engagement of Casas, Benjamin & White, LLC ("CBW")

Dear Mr Freid:

    We are pleased to welcome The Pointe Group Healthcare & Senior Living ("PGHS") as a client of Casas, Benjamin & White, LLC ("CBW") and pursuant to our recent discussions, we are pleased to submit the terms of the engagement of our firm.

1. <u>Background and Scope of Services</u>.

    The Board of Directors of PGHS desires to engage CBW to act as financial and management advisor to assist the Board of Directors in evaluating certain financial and operating restructuring initiatives of PGHS further defined as the Restructuring Services delineated below. Additionally the Board of Directors of PGHS desires to engage CBW to act as its exclusive capital restructuring advisor to effect the sale and/or refinance of certain PGHS facilities as delineated below (the "Investment Banking Services").

- Upon execution of this engagement letter (the "Agreement") CBW shall forward an information request list to PGHS and PGHS shall use its best efforts to promptly provide CBW with the information that is responsive to the information request list as well as the items outlined as deliverables from PGHS in the restructuring work plan attached hereto as <u>Exhibit A</u> (the "Restructuring Work Plan"). CBW shall commence the analytical work called for under the Restructuring Work Plan attached upon receipt of the responsive items outlined

CHICAGO
5215 Old Orchard Rd.
Suite 850
Skokie, Illinois 60077
Phone 847.583.1618
Fax 847.583.1719

ATLANTA
Monarch Plaza
3414 Peachtree Rd., N.E.
Suite 238
Atlanta, Georgia 30326
Phone 404.816.0049
Fax 404.816.0248

DENVER
4061 East Linden Lane
Greenwood Village,
Colorado 80121
Phone 720.493.4617
Fax 720.293.4411

WEBSITE
www.cbwllc.com

*Restructurings • Mergers, Acquisitions & Divestitures*

above (the "Restructuring Services") and receipt of the full amount of the Restructuring Services Fee Retainer (defined below); provided, however, that it is expressly agreed that CBW shall only be required to provide the Restructuring Services until the Restructuring Services Fee Retainer (defined below) has been fully utilized. Any additional Restructuring Services necessary to complete outstanding elements of the Restructuring Work Plan shall require a written amendment to this Agreement.

The Investment Banking Services that CBW will provide include the following: CBW will use all reasonable efforts to accomplish on behalf of PGHS and its stockholders the consummation of a Transaction or series of Transactions (as defined below) involving the Cranberry Point and Chestnut Hill facilities. The Transaction(s) may involve the sale or refinance of some or all of the properties or a combination of both and in any event shall be acceptable in all respects to the stockholders and/or PGHS.

For purposes of this Agreement, the term "Transaction" or series of "Transactions" shall mean the refinancing of the company through the divestiture of assets or stock by way of sale or merger or through the raising new capital in the form of debt or equity or restructuring of existing indebtedness.

In the pursuit of the Transaction(s), CBW shall provide the following:

a. Assistance in setting valuation parameters and in valuation of the equity (or business assets) to be sold;

b. Preparation of a descriptive memorandum on the company including, but not limited to:
- History and Nature of the company
- Services Provided
- Markets and Customers
- Management and Organization
- Operations
- Marketing
- Facilities and Real Estate
- Financial Data and Analysis

c. Identifying, contacting and introducing potential purchasers for all or part of the business as well as capital sources to provide debt financing (including those which have contacted you);

d. Assistance in structuring the proposed Transaction(s); and

e. Negotiation with prospective purchasers and/or other sources of debt capital through consummation of the Transaction(s).

In addition to open access to all PGHS documents and financial records (or projections), CBW will have full use and access to all work

*CASAS, BENJAMIN & WHITE, LLC*

performed by prior and current advisors and consultants, as well as, any outside accounting and analyst reports, and other related materials which are (or could be made) available to the PGHS (all such information and materials, documents and records being referred to as "PGHS Information").

CBW agrees to keep confidential all PGHS Information and use the same only in the performance of its duties under this engagement; such information will be returned to PGHS upon request.

We will commence this engagement immediately upon (i) receipt of this executed engagement letter, and (ii) receipt of the retainer as referenced below.

2. <u>Fee Arrangements</u>.

<u>Restructuring Services.</u> The CBW consulting team will be lead by Kelley W. White, a CBW Managing Director, who will have general oversight responsibilities with respect to the engagement, and a CBW Senior Associate will provide analytical support in connection with the engagement. The compensation to be paid for CBW's Restructuring Services hereunder shall be based upon the following retainer amount and hourly fees:

Base Hourly Rates:[1]

| | |
|---|---|
| Senior Managing Director | $585 /hr |
| Managing Director | $525 / hr |
| Senior Advisors/Directors | $435 / hr |
| Principals | $365 / hr |
| Senior Associates | $325 /hr |
| Associates | $235 / hr |
| Paraprofessionals | $ 95 / hr |

PGHS will pay to CBW a retainer (the "Restructuring Services Fee Retainer") in the amount of $50,000, against which CBW will charge its reasonably incurred fees and expenses on a monthly basis. After Restructuring Services Fee Retainer is fully utilized, CBW shall deliver a report to PGHS reflecting that portion of the Restructuring Work Plan that

---

[1] CBW may utilize independent contractors under the direct supervision of CBW; the hourly rate for such personnel will be billed based upon the qualifications of the professional.

*CASAS, BENJAMIN & WHITE, LLC*

it has been able to complete within the limited budget and its findings with respect thereto. CBW shall have no further obligation to provide Restructuring Services to complete the Restructuring Work Plan unless the parties mutually agree to an additional compensation arrangement pursuant to a written amendment signed by both parties.

Investment Banking Services. (In addition to the Restructuring Services Fee, CBW shall also earn performance incentive payments (the "Performance Incentive Payments") based upon the consummation of a Transaction or series of Transactions.) Such payments will be designed to ensure alignment of economic incentives, and would be awarded for, and upon, achieving desired objectives of PGHS. The Performance Incentive Payments to be paid hereunder shall be equal to 3% of the first $25.0 million of Transaction Value, 4% of the next $10.0 million of Transaction Value, and 5% of all amounts over $35.0 million of Transaction Value; provided, however, in no event shall the cumulative amount of the Performance Incentive Payments be less than $500,000. Transaction Value shall mean the sum of the gross sale proceeds (including, reasonable compensation allocated to non-compete, employment and consulting agreements), the value of any debt, claims, liabilities, including capitalized leases and preferred stock obligations refinanced or assumed in connection with a Transaction or otherwise discharged in connection with such Transaction. The Performance Incentive Payments shall be due and payable at the closing of each Transaction; provided, however, that the lump sum payment portion of the Performance Incentive Payment shall only be due and payable in connection with the closing of the first Transaction.

Out of Pocket Expenses. Our expenses as incurred will be billed separately. Generally these expenses include any travel-related expenses, document production, fax transmissions, teleconferencing charges, and other expenses of this type which are associated with the engagement. Out of pocket expenses will be subject to reimbursement on a monthly basis and shall be reimbursed via wire transfer (per instructions set forth on Exhibit B attached hereto) within 7 days of receipt of the applicable CBW invoices by the PGHS.

3. Miscellaneous.

PGHS has all requisite corporate power and authority to enter into this Agreement and the transactions contemplated hereby (including without limitation, the Transaction(s)). PGHS and CBW have fully

reviewed this Agreement, have obtained counsel on its terms and have participated in drafting this Agreement such that it shall not be construed against any one party. This Agreement has been duly and validly authorized by all necessary corporate action on the part of PGHS and has been duly executed and delivered by PGHS and constitutes the legal, valid and binding agreement of PGHS, enforceable in accordance with its terms.

Until this Agreement is terminated, you and PGHS will agree not to directly or indirectly, contact, approach, or negotiate with any person or persons in your case regarding the Transaction(s) except with the consent of CBW other than the current senior lender.

In connection with CBW's activities on your behalf, you will cooperate with CBW and will furnish or cause to be furnished, to CBW any and all information and data concerning PGHS which CBW deems appropriate and will provide CBW with access to PGHS' officers, directors, employees, appraisers, independent accountants, legal counsel and other consultants or advisors. You represent and warrant that all information (a) made available to CBW or (b) contained in any filing by PGHS with any court or any governmental or regulatory agency, commission, or instrumentality will at all times during the period of the engagement of CBW hereunder, be complete and correct in all material respects and will not contain any untrue statement of a material fact or omit to state a material fact in order to make statements therein not misleading in light of the circumstances under which such statements are made. You further represent and warrant that any projections or other information provided by it to CBW will have been prepared in good faith and will be based upon assumptions which in light of the circumstances under which they are made are reasonable.

In performing its services under this Agreement, CBW is not assuming any responsibility for your decision to pursue (or not pursue) any business strategy or to effect (or not effect) a Transaction.

It is expressly agreed that CBW shall be notified and invited to attend all closings pertaining to all Transactions and all definitive agreements memorializing any Transaction shall specifically delineate the responsibility to CBW set forth herein. Upon the closing of any Transaction, CBW shall have the right to publish a tombstone announcing the Transaction and CBW's role therein; provided, however, the value of any such Transaction shall remain confidential.

You acknowledge that CBW will act under this letter agreement as an independent contractor with duties solely to the PGHS with liability limited to the fees paid to CBW hereunder and that CBW is not acting as a broker, dealer or broker-dealer. It is expressly agreed that CBW shall be

authorized to communicate directly with PGHS' senior lender regarding all matters relating to this engagement. Because we will be acting on your behalf in this capacity, it is our practice to receive indemnification. A copy of our standard indemnity form is attached hereto as Exhibit C and must be executed concurrently with this Engagement Letter. Except as required by law, any advice or opinions provided by CBW may not be disclosed or referred to publicly or to any third party except in accordance with our prior written consent.

We confirm that CBW, its employees, and its affiliates do not have any financial interest or business connection with the PGHS other than as contemplated by this agreement, and we know of no fact or situation that would represent a conflict of interest for us with regard to PGHS.

The terms of this engagement letter shall be construed, interpreted and applied in accordance with the laws of the State of Massachusetts. Neither party may assign or subcontract obligations hereunder without the consent of the other party, which consent shall not be unduly delayed or unreasonably withheld.

Either party may terminate this Agreement upon 5 days written notice, provided, however, all amounts owing to CBW must be paid in full at the time of termination. All notices required or permitted to be delivered under this letter agreement shall be sent, if to us, to the address of CBW's Denver, Colorado office as set forth at the head of this letter, to the attention of Kelley W. White,, and if to you, to the address for you set forth above, to the attention of Gerry Fried, or to such other name or address as may be given in writing to the other party. All notices under the agreement shall be sufficient if delivered by facsimile or overnight mail. Any notice shall be deemed to be given only upon actual receipt.

During the term of this exclusive Agreement, the fee due and payable to CBW as outlined in the Investment Banking Services section above shall be due and payable should PGHS or any of its affiliates enter into and close a Transaction(s) with any individuals or entities, that are identified by CBW to PGHS, during the term of this Agreement. In the event that a Transaction is closed during the term of this Exclusive Agreement by PGHS with a party that it is not identified by CBW, CBW shall only be entitled to a break up fee equal to $250,000. It is agreed that subsequent to termination of this Agreement, CBW shall be entitled to the Performance Incentive Payments only if (a) the other parties to the Transaction(s) have been the subject of negotiation with PGHS prior to the termination or furnished by CBW prior to the termination and (b) the transaction is consummated within 18 months after termination of this Agreement.

*CASAS, BENJAMIN & WHITE, LLC*

This agreement may only be modified, amended or waived by a writing signed by the parties hereto.

If the terms of our engagement as set forth in this letter are satisfactory, kindly sign the enclosed copy of this letter along with the attached indemnification agreement and return executed copies to me by fax with originals by overnight mail accompanied with a wire transfer in the amount of $50,000.

We look forward to working with you.

Very truly yours,

CASAS, BENJAMIN & WHITE, LLC

By: _____
Kelley W. White
Managing Director

Accepted, acknowledged and agreed to:

THE POINTE GROUP HEALTHCARE
& SENIOR LIVING

By: /s/ Gerald Freed

Title: VP

Date: 9/12/2003

September 4, 2003

Casas Benjamin & White LLC
5215 Old Orchard Road
Suite 850
Skokie, IL 60077

Ladies and Gentlemen:

This letter will confirm that in connection with the engagement (the "Engagement") of Casas Benjamin & White, LLC ("CBW") by The Pointe Group Healthcare & Senior Living ("PGHS") as reflected in the engagement letter dated the date hereof (all capitalized terms used but not otherwise defined herein having meanings described in such engagement letter) PGHS agrees to indemnify and hold harmless CBW and its affiliates and their respective members, officers, directors, employees and agents and each other person, if any, controlling CBW or any of its affiliates (each referred to herein as an "Indemnified Person") from and against any losses, claims, damages or liabilities related to, arising out of or in connection with the Engagement, and will reimburse each Indemnified Person for all reasonable expenses (including fees and expenses of counsel) as they are incurred in connection with investigating, preparing, pursuing or defending any action, claim, suit, investigation, or proceeding related to, arising out of or in connection with the Engagement, whether or not pending or threatened and whether or not any Indemnified Person is a party. Notwithstanding the foregoing, in no event shall the PGHS be responsible for any losses, claims, damages or liabilities (or expenses related thereto) (collectively "Losses") that arise out of or in connection with the Engagement, and which are finally judicially determined to have resulted from the bad faith, willful misconduct or gross negligence of any Indemnified Person.

PGHS agrees that without the consent of CBW, it will not consent, settle, compromise, consent to the entry of any judgment in or otherwise seek to terminate any action, claims, suit or proceeding in respect of which indemnification may be sought hereunder (whether or not any Indemnified Person is a party thereto) unless such settlement, compromise, consent or termination includes a release of each Indemnified Person from any liabilities arising out of such action, claim, suit or proceeding.

If the indemnification provided for in the first paragraph hereof is judicially determined to be unavailable (other than in accordance with the terms hereof) to an Indemnified Person in respect of any losses, claims, damages or liabilities referred to herein then, in lieu of indemnifying such Indemnified Person hereunder, PGHS shall, to the extent that PGHS would have been otherwise obligated to provide indemnification pursuant to the first paragraph hereof, contribute to the amount paid or payable by such Indemnified Person as a result of such losses, claims, damages or liabilities ( and expenses relating thereto) (i) in such proportion as is appropriate to reflect the relative benefits to CBW on the one hand and PGHS on the other hand of the Engagement or (ii) if the allocation provided in clause (i) above is not available, in such proportion as is appropriate to reflect not only the relative benefits referred to in (i) but also the relative fault of each party, as well as any other relevant equitable considerations; provided, however, in no event shall the aggregate contribution to be paid by CBW exceed the aggregate amount of fees actually received by it under the Engagement, unless such required contribution is the result of bad faith, willful misconduct or gross negligence on the part of CBW.

The provisions of this agreement shall apply to the Engagement and any written modification thereof signed by the parties and shall remain in full force and effect regardless of any termination or the completion of CBW's services under the Engagement.

This agreement is governed by and construed in accordance with the laws of the State of Illinois applicable to contracts entered into and wholly to be performed in Illinois, by Illinois residents.

Very truly yours,

THE POINTE GROUP HEALTHCARE & SENIOR LIVING

By: *[signature]*

Title: VP

Date: 9/12/2003

Accepted, acknowledged and agreed to:

CASAS, BENJAMIN & WHITE, LLC

By: _____
    Kelley W. White
    Managing Director

Date: _September 4, 2003_