# EXHIBIT K

# GORDON HALEY LLP

COUNSELLORS AT LAW

101 FEDERAL STREET

BOSTON, MASSACHUSETTS 02110-1844

(617) 261-0100

FAX (617) 261-0789

October 1, 2004

## FOR SETTLEMENT PURPOSES ONLY

By Facsimile and E-Mail

Mr. Matthew M. Caine
Casas, Benjamin & White, LLC
3414 Peachtree Road
Suite 450
Atlanta, GA 30326

Re: Epoch/The Pointe Group

Dear Matt:

Gerry Freid sent me your invoice numbered 1987 and has asked me to review all parties' rights and obligations and to respond to you. I find that Casas, Benjamin & White, LLC ("CBW") is entitled to no payment for the reasons set forth below, among others, but, at Gerry Freid's insistence, I will conclude with a settlement proposal.

In looking at your letter dated September 4, 2003, I find that it is addressed to something called The Pointe Group Healthcare & Senior Living. No such entity exists or ever existed. The non-existent entity could not, of course, have any "facilities."

CBW has received $100,000 for "analytical work" under a "Restructuring Work Plan." To my knowledge, no analytical work at all, let alone "acceptable in all respects," has been performed. I know of no restructuring services rendered nor any meaningful work done on refinancing or raising new capital.

The CBW consulting team was to be led by Kelley W. White, a CBW Managing Director and, of course, that did not happen. I am not aware of any report regarding any restructuring work. In any event, none of the desired objectives of my clients to either restructure debt, refinance or raise new capital were even explored, let alone brought to fruition.

Undeniably, a sale of property to Epoch has occurred. While you were designated as "broker" in the agreement regarding that sale, your letter of September 4, 2003 specifically states that "CBW is not acting as a broker" and, to my knowledge, you are not qualified to act as a real estate

## GORDON HALEY LLP

Mr. Matthew M. Caine
October 1, 2004
Page 2


broker in Massachusetts which is a necessary perquisite for earning and collecting a brokerage commission.

Notwithstanding the foregoing, as I told you at the top of this letter, my clients do wish to make a settlement proposal. You should know that not only were there no net proceeds payable to any seller from the Epoch sale but, in order to complete the closing, my clients were required to advance a six figure sum of money that they were not legally obligated for.

Assuming, for the sake of argument, that CBW is entitled to the 3%/4% commission set forth in the September 4, 2003 letter, the calculation would be as follows:

CBW Commission Calculation (If Earned)

| | | |
|---|---|---|
| Adjusted Sale Price | $30,005,965.13 | |
| 3% of first $25 million | 750,000.00 | |
| 4% of $5,005,965.13 | 200,238.61 | |
| | $950,238.61 | |
| | ($50,000.00) | Agreed Discount |
| | $900,238.61 | Maximum (Assuming total escrow release) |
| | $5,030.46 | Expenses |
| | $905,269.07 | Total |
| | ($100,000.00) | Paid on Account |
| | $805,269.07 | Balance |
| *Escrows $562,400 x 4% $22,496 | 22,496.00 | Reserved out of Escrows* |
| | $782,773.07 | |

I think the calculation should be self-explanatory. The $50,000 credit is for the discount you agreed to in your July 15, 2004 e-mail. The $100,000 reduction is based upon application of the amounts previously paid (for which no "restructuring services" were rendered). We do not know, of course, what, if any portion of the escrows will ultimately be released to the sellers and, therefore, we cannot pay a commission on sale proceeds that never materialize.

# GORDON HALEY LLP

Mr. Matthew M. Caine
October 1, 2004
Page 3

The settlement proposal is to pay $50,000 per month toward the $782,773.07 amount for six months and $100,000 per month thereafter until the $782,773.07 is paid in full. Additionally, when and if monies are released from escrow, CBW would be paid 4% of all such escrow releases.

I have no doubt that the foregoing settlement proposal is not what you had in mind. I would ask you to consider, however, the course of dealing in this matter, get whatever legal advice you deem appropriate with respect to the legal issues I raised in this letter, consider the rocky course of dealing we have had with CBW, consider the fact that the settlement payment will have to come from parties that did not participate in any sale and, finally, consider the unsatisfactory "result" where there is no restructuring, no refinancing, no new capital but, rather, a loss of the property with a negative return. I think that when you take the time to reflect upon the settlement proposal you will see that it is offered in the utmost good faith and in an attempt to bring the most satisfactory conclusion possible to a most unpleasant circumstance all around.

Very truly yours,

Stephen F. Gordon
SFG:vsh

P:\Clients\Southpointe Nursing Home\Corr\Caine ltr01 10-01-04.doc