UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CASAS, BENJAMIN & WHITE, LLC, )<br>)<br>  Plaintiff, )<br>)<br>  vs. )<br>)<br>THE POINTE GROUP, INC., a )<br>Massachusetts corporation d/b/a The Pointe )<br>Group Healthcare and Senior Living; )<br>GERALD S. FREID; BARRY FREID; and )<br>KEY CORPORATE CAPITAL, INC., )<br>)<br>  Defendants. | No. 04-12333-MEL |

**MOTION TO WAIVE REQUIREMENT OF SECURITY**

  Pursuant to Mass. R. Civ. P. 65(c), Plaintiff Casas, Benjamin & White, LLC (hereinafter, "plaintiff" or "CBW"), hereby moves the Court to waive the requirement that plaintiff provide security in connection with its request for entry of injunctive relief. In support of this motion, plaintiff states as follows.

  1.  This is an action in which plaintiff seeks to recover a fee in excess of $1,000,000 for investment banking services provided by CBW for the benefit of defendants, The Pointe Group, Inc., d/b/a The Pointe Group Healthcare and Senior Living ("TPG"), Gerald S. Freid and Barry Freid (hereinafter "Defendants"), in connection with the sale or refinance of Defendants' nursing home and assisted living facilities.

  2.  CBW has moved for entry of a preliminary injunction restraining Defendants, their officers, directors, agents, servants, and employees, from disbursing or transferring any part of the monies received from the sale of the facilities until further Order of the Court.

3.     Courts have interpreted Fed.R.Civ.P. 65(c) as providing for judicial discretion as to whether security is posted by an applicant for injunctive relief.  As the First Circuit Court of Appeals stated in <u>Aoude v. Mobil Oil Corp.</u>, 862 F.2d 890, 896 (1st Cir. 1988), "[t]he posting of a bond is not a jurisdictional prerequisite to the validity of a preliminary injunction…".  Courts have waived the security bond requirement in cases where there has been no proof of likelihood of harm to the enjoined party.  <u>See</u> <u>International Controls Corp. v. Vesco</u>, 490 F.2d 1334, 1356 (2nd Cir. 1974), <u>cert. denied</u>, 94 S. Ct. 2644.

4.     In this case, Defendants cannot claim that they will suffer any substantial harm if the injunction is entered, as the requested injunction would not prohibit Defendants or their agents from doing business in the normal course, but merely from dissipating monies that Defendants wrongfully failed to pay over to CBW.

WHEREFORE, Plaintiff Casas, Benjamin & White, LLC respectfully requests that this Court waive the requirement that plaintiff post security in connection with its request for injunctive relief in this matter.

        CASAS, BENJAMIN & WHITE, LLC

        By its attorneys,

        /s/ Erin K. Higgins
        Thomas E. Peisch / BBO #393260
        Erin K. Higgins / BBO #559510
        Michael R. Bernardo / BBO #648310
        CONN KAVANAUGH ROSENTHAL PEISCH
         & FORD, LLP
        Ten Post Office Square
        Boston, MA  02109
        (617) 482-8200

        /s/ Richard P. Steinken (ekh)
        Richard P. Steinken, admitted *pro hac vice*
        Jeff J. Marwil, admitted *pro hac vice*
        David W. Austin, admitted *pro hac vice*
        JENNER & BLOCK, LLP
        One IBM Plaza
        Chicago, IL  60611-7603

Dated: December 21, 2004
      Boston, Massachusetts

## **LOCAL RULE 7.1 CERTIFICATION**

    The undersigned counsel hereby certifies that on December 21, 2004, plaintiff's counsel conferred by telephone with defendants' counsel, Todd B. Gordon, and attempted in good faith to resolve or narrow the issues raised in this motion.

        /s/ Erin K. Higgins
        Erin K. Higgins

Dated: December 21, 2004
      Boston, Massachusetts

216378.1