UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CASAS, BENJAMIN & WHITE, LLC,  ) | |
| ) | |
|     Plaintiff,  ) | |
| ) | |
|     vs.  ) | No.  04-12333-MEL |
| ) | |
| THE POINTE GROUP, INC., a  ) | |
| Massachusetts corporation d/b/a The Pointe  ) | |
| Group Healthcare and Senior Living;  ) | |
| GERALD S. FREID; BARRY FREID; and  ) | |
| KEY CORPORATE CAPITAL, INC.,  ) | |
| ) | |
|     Defendants. | |

**PARTIES' JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)**

Pursuant to Local Rule 16.1(D), plaintiff Casas, Benjamin & White, LLC ("CBW") and defendants Key Corporate Capital, Inc. ("Key Corporate"), The Pointe Group, Inc., d/b/a The Pointe Group Healthcare and Senior Living ("TPG"), Gerald Freid, and Barry Freid (hereinafter "Defendants") submit the following joint statement:

A.   Overview

In this case, CBW alleges that it is entitled to recover a fee in excess of $1,000,000 for investment banking services provided by CBW.  CBW has brought claims against one or more of the Defendants for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, detrimental reliance, fraudulent misrepresentation, civil conspiracy, aiding and abetting, fraudulent transfer, and violations of Mass. G.L. c. 93A.  CBW seeks recovery of actual damages, double or treble damages, costs, and attorneys' fees.  Defendants deny any liability to CBW.  Defendant TPG also denies that it does business as The Pointe Group Healthcare and Senior Living.  The individual defendants deny any liability for the

alleged debt of a corporation for which they worked. TPG and the individual defendants further state that CBW is statutorily barred from recovery of a commission on the sale of real estate because it lacks a real estate broker's license.

B. <u>Agenda For Rule 16.1 Conference</u>

The parties suggest that the primary item for the initial scheduling conference should be discussion of the parties' proposed pre-trial schedule, including the proposed discovery plan, and the scheduling of a hearing on Key Bank's motion to dismiss.

C. <u>Settlement/Alternative Dispute Resolution</u>

At this time, the parties are not in agreement as to whether alternative dispute resolution procedures would assist in resolving this matter.

By letter dated January 7, 2005, pursuant to Local Rule 16.1(C), CBW offered to settle its claims against the defendants for payment in full of CBW's outstanding fee, or $1,033,030.46.

D. <u>Trial Before Magistrate Judge</u>

The parties do not at this time consent to a trial before the Magistrate Judge.

E. <u>Rule 26(A)(1) Initial Disclosures</u>

CBW has agreed to serve its initial disclosures on Defendants on or before January 18, 2005. Key Bank has agreed to serve its initial disclosures on the other parties on or before January 31, 2005. TPG and Gerald and Barry Freid have agreed to serve their respective initial disclosures on the other parties on or before February 2, 2005.

F.       Proposed Pre-Trial Schedule and Discovery Plan

The parties propose that the following schedule govern the pre-trial conduct of this action.

| Event | Deadline |
|---|---|
| (a) Joinder of other parties and amendments of pleadings[1] | April 29, 2005 |
| (b) Close of fact discovery (all depositions completed and all discovery responses received) | September 30, 2005 |
| (c) CBW's expert disclosures | October 17, 2005 |
| (d) Defendants' expert disclosures | November 16, 2005 |
| (e) Close of expert depositions (all depositions completed) | December 30, 2005 |
| (f) Dispositive motions filed | January 18, 2006 |
| (g) Oppositions to dispositive motions filed | February 20, 2006 |
| (h) Reply briefs in support of dispositive motions filed | March 13, 2006 |
| (i) Summary judgment hearing | To be set by the Court |
| (j) Final pre-trial conference | To be set by the Court |

G.      Certifications

The parties' respective certifications, as required by Local Rule 16.1(D)(3), will be filed by each party under separate cover.

---

[1] The parties reserve the right to move for leave to amend the pleadings subsequently to conform to the evidence or on other appropriate grounds, and to oppose such motions.

3

Respectfully submitted,

| | |
|---|---|
| CASAS, BENJAMIN & WHITE, LLC | THE POINTE GROUP, INC., <br> GERALD S. FREID, and BARRY FREID |
| By its attorneys, | By their attorneys, |
| /s/ Erin K. Higgins <br> Thomas E. Peisch / BBO #393260 <br> Erin K. Higgins / BBO #559510 <br> Michael R. Bernardo / BBO #648310 <br> CONN KAVANAUGH ROSENTHAL PEISCH <br>   & FORD, LLP <br> Ten Post Office Square <br> Boston, MA  02109 <br> (617) 482-8200 | /s/ Todd B. Gordon <br> Stephen F. Gordon / BBO #203600 <br> Todd B. Gordon / BBO #652482 <br> GORDON HALEY, LLP <br> 101 Federal Street <br> Boston, Massachusetts 02110 <br> (617) 261-0100 |
| /s/ Richard P. Steinken (ekh) <br> Richard P. Steinken, admitted *pro hac vice* <br> Jeff J. Marwil, admitted *pro hac vice* <br> David W. Austin, admitted *pro hac vice* <br> JENNER & BLOCK, LLP <br> One IBM Plaza <br> Chicago, IL  60611-7603 | KEY CORPORATE CAPITAL, INC. <br><br> By its attorneys, <br><br> /s/ W. Scott O'Connell <br> W. Scott O'Connell / BBO #559669 <br> Courtney Worcester / BBO #643180 <br> NIXON PEABODY, LLP <br> 889 Elm Street <br> Manchester, NH  03101 <br> (603) 628-4000 |

Dated: January __, 2005
         Boston, Massachusetts

217593.1

4