**E N D O R S E M E N T**

CASAS, BENJAMIN & WHITE, LLC v. THE POINTE GROUP, INC., a Massachusetts corporation d/b/a/ The Pointe Group Healthcare and Senior Living; GERALD S. FREID; BARRY FREID; and KEY CORPORATE CAPITAL, INC.
04-CV-12333-MEL

LASKER, D.J.

Key Corporate Capital, Inc. ("Key Bank") moves to dismiss the complaint on the grounds that it fails to state any cause of action against it. For the reasons stated below, that motion is DENIED.

Casas, Benjamin & White, LLC's ("CBW") claims against Key Bank for detrimental reliance (Count III) and unjust enrichment (Count IX) are not barred by the statute of frauds. CBW's claims are not based on an agreement with Key Bank to pay compensation to CBW as a broker or finder for services rendered in negotiating a purchase or sale, and M.G.L. c. 259 § 7 is therefore inapplicable to bar these claims. Moreover, CBW sufficiently alleges that it reasonably relied on Key Bank's promises to its detriment. See Nelson v. Energy Exchange Corp., 727 F.Supp. 59, 62 (D.Mass. 1989)("a promise enforceable by virtue of reliance is a 'Contract' and is enforceable pursuant to a 'traditional contract theory' antedating the modern doctrine of consideration.").

CBW's M.G.L. c. 93A claim (Count VI) should not be dismissed at this time. In order to maintain a cause of action under c. 93A § 11, the unfair and deceptive act about which the plaintiff complains must have "occurred primarily and substantially within" Massachusetts. M.G.L. c. 93A § 11. However, a decision as to whether "the center of gravity of the circumstances that give rise to the claim is primarily and substantially within the Commonwealth" must be made on the basis of factual findings. Kuwaiti Danish Computer Co. v. Digital Equipment Corp., 428 Mass. 459, 473 (2003); Kenda Corp., Inc. v. Pot O'Gold Money Leagues, Inc., 329 F.3d 216, 235 (1st Cir. 2003)(center of gravity test is a "fact-intensive approach"). Therefore, the question of whether the conduct occurred primarily and substantially within the Commonwealth is not ripe for consideration at the motion to dismiss stage. Moreover, CBW's allegations are not simply a breach of contract claim, but include allegations of conspiracy and intentional fraudulent misrepresentation, which fit "within at least the penumbra of some common-law, statutory, or other established concept of

unfairness" necessary to trigger liability under c. 93A. <u>PMP Associates, Inc. v. Globe Newspaper Co.</u>, 366 Mass. 593, 596- (1975).

CBW's fraudulent misrepresentation claim (Count VI) meets the requirements of Fed. R. Civ. P. 9(b) and is sufficiently detailed to permit a responsive pleading. Rule 9(b) requires that the complaint "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." <u>Suna v. Bailey Corp.</u>, 107 F.3d 64, 68 (1st Cir. 1997). Although intent may be averred generally, the plaintiff must "allege facts that give rise to a strong inference of fraudulent intent." <u>Id.</u> CBW's complaint specifies the speaker, place, dates, and content of the alleged misrepresentations. <u>See</u> Complaint ¶¶ 48, 58, 69, 74, 77, 85. CBW also sets forth sufficient facts to support a claim of fraudulent intent by alleging that Key Bank was owed substantial sums by the Pointe Group, and that Key Bank made false representations to ensure that CBW would not exercise its rights under the engagement letter and thereby interfere with the closing and the financial benefits that Key Bank would reap from the sale. <u>See</u> Complaint ¶¶ 8, 9, 11, 14, 48, 77, 90, 125.

CBW's fraudulent transfer claim (Count VII) is adequately pled. It is simply unclear at this early stage whether the transfer at issue included an "asset" as defined by M.G.L. c. 109A § 5(a). Moreover, because a determination about the debtor's state of mind requires factual findings, it would be premature at this time to determine that the Pointe Group lacked the actual intent to defraud required to sustain this claim.

CBW's claims for civil conspiracy (Count V) and aiding and abetting (Count VIII) are properly pled. The civil conspiracy claim adequately alleges a common design or agreement, and the aiding and abetting claim sufficiently alleges substantial assistance or encouragement.

Accordingly, the motion to dismiss is DENIED.

It is so ordered.


Dated:    January 25, 2005
          Boston, Massachusetts      /s/ Morris E. Lasker
                                           U.S.D.J.