UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 04CV12333 MEL

)
CASAS, BENJAMIN & WHITE, LLC    )
                 Plaintiff,    )
)
v.    )
)
THE POINT GROUP, INC.,    )
GERALD S. FREID; BARRY FREID;    )
KEY CORPORATE CAPITAL, INC.    )
                Defendants.    )
)

DEFENDANT, THE POINTE GROUP, INC., GERALD S. FREID AND
BARRY FRIEDS' INITIAL DISCLOSURES PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.2(A), Defendants, The Pointe Group, Inc., Gerald S. Freid and Barry Freid (collectively the "Defendants") make the following initial disclosures without waiving their right to amend the disclosures set forth below.

A.    <u>Individuals Likely to Have Discoverable Information</u>

The Defendants state that the following individuals are likely to have discoverable information that the Defendants may use to support their claims or defenses:

    1.    Gerald S. Freid, The Pointe Group, Inc. ("TPG"), Dedham Place, 3 Allied Drive, Suite 106, Dedham, MA 02026. Mr. Gerald Freid has knowledge as to the general business operations of TPG, the ownership structure of TPG, the relationship between TPG and Plaintiff, Casas, Benjamin & White, LLC ("CBW"), the September 30, 2004 transaction between Epoch Senior Living

("Epoch") and the facilities managed by TPG (the "Transaction") and the facts giving rise to TPG's counterclaims.

2. Barry Freid, TPG, Dedham Place, 3 Allied Drive, Suite 106, Dedham, MA 02026. Mr. Barry Freid has knowledge as to the general business operations of TPG, the ownership structure of TPG, the relationship between TPG and CBW, general knowledge of the Transaction and the facts giving rise to TPG's counterclaims.

3. Frank Barker, TPG, Dedham Place, 3 Allied Drive, Suite 106, Dedham, MA 02026. Mr. Barker has knowledge as to the general business operations of TPG, the ownership structure of TPG, the relationship between TPG and CBW, knowledge of the Transaction and the facts giving rise to TPG's counterclaims.

4. Mark Tobin, TPG, Dedham Place, 3 Allied Drive, Suite 106, Dedham, MA 02026. Mr. Tobin has knowledge as to the general business operations of TPG, the ownership structure of TPG, the relationship between TPG and CBW, general knowledge of the Transaction and the facts giving rise to TPG's counterclaims.

5. John C. McCullough, Esq., McCullough, Stievater, Polvere, LLP 121 Main Street, Charlestown, Massachusetts 02129. Mr. McCullough is expected to have general knowledge of the Transaction.

6. Steven C. Dunham, Vice President, Key Corporate Capital, Inc. ("KeyBank"). Mr. Dunham is expected to have knowledge of the business operations of KeyBank, communications between KeyBank and CBW related to the Transaction, the proceeds KeyBank received as a result of the Transaction and general knowledge of the Transaction.

7. Madeline Kaufman, Esq., Nolen & Heller, 39 North Pearl Street, Albany, New York 12207. Ms. Kaufman is expected to have general knowledge of the business operations of KeyBank, communications between KeyBank and CBW related to the Transaction, the proceeds KeyBank received as a result of the Transaction and general knowledge of the Transaction.

8. Matthew Caine, Principal, CBW, 3414 Peachtree Road, Suite 450, Atlanta, Georgia 30326. Mr. Caine is expected to have knowledge of the business operations of CBW, communications between CBW and the Defendants, communications between CBW and KeyBank, and general knowledge of the Transaction.

9. Kelley White. Ms. White is expected to have knowledge as to the discussions preceding the signing of the Engagement Letter, and the services CBW was expected to provide under the same.

10. Edward Casas, Senior Managing Director, CBW, 5215 Old Orchard Road, Suite 850, Skokie, Illinois 60077. Mr. Casas is expected to have knowledge as to the business operations of CBW, communications between CBW and the Defendants, communications between CBW and KeyBank, and general knowledge of the Transaction.

11. Lawrence Gerber, CEO of Epoch. Mr. Gerber as Chief Executive Officer of Epoch, is expected to have knowledge of the business operations of Epoch and knowledge of the Transaction.

12. John Carberry, Charles River Mortgage Company. Mr. Carberry is expected to have knowledge as to refinancing.

B. <u>Categories of Documents that Defendants May Use to Support their Claims or Defenses</u>

1. September 4, 2003 Engagement Letter as between TPG and CBW.

2. Communications between TPG and either CBW or KeyBank.

3. Communications between various counsel and either CBW or KeyBank.

4. Purchase and Sale Agreement as to the Transaction.

5. Closing Statement and related documents from the Transaction.

6. Invoices from CBW to TPG.

7. All documents and correspondences in the possession of CBW, Epoch and KeyBank related to the Transaction and any work performed by CBW pursuant to the terms of the Engagement.

C. <u>Damages</u>

As Plaintiff-in-Counterclaim, TPG seeks damages of $100,000.00 for Plaintiff's breach of contract and breach of fiduciary duty. TPG also seeks costs and attorney's fees for the Plaintiff's unfair or deceptive acts in violation of M.G.L. c. 93A, §§ 2, and 11 and double or treble damages as allowed by M.G.L. c. 93A.

D. <u>Insurance Agreement</u>

The Defendants state that they are not aware of any insurance agreements which would

provide coverage as to any judgment that may enter against them.

                THE POINTE GROUP, INC., GERALD S.
FREID AND BARRY FREID

By their attorneys,

/s/ Todd B. Gordon
Stephen F. Gordon (BBO No. 203600)
Todd B. Gordon (BBO No. 652482)
Gordon Haley LLP
101 Federal Street
Boston, Massachusetts 02110
Tel:   (617) 261-0100
Fax:   (617) 261-0789
email: sgordon@gordonhaley.com
           tgordon@gordonhaley.com

Dated: February 1, 2005
P:\Clients\Pointe Group \CBW Plead\Initial disclosures.doc