UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASAS, BENJAMIN & WHITE, LLC

        Plaintiff,

        v.

THE POINTE GROUP, INC., a
Massachusetts corporation d/b/a The Pointe
Group Healthcare and Senior Living;
GERALD S. FREID; BARRY FREID; KEY
CORPORATE CAPITAL, INC.,

        Defendants.

Docket No: 1:04-CV-12333-MEL

**DEFENDANT KEY CORPORATE CAPITAL INC.'S
ANSWER, DEFENSES AND CROSS-CLAIMS**

    Defendant Key Corporate Capital Inc. ("Key") by and through its attorneys, Nixon Peabody LLP, for its answer to Plaintiff's Complaint, states as follows:

    1.    Defendant Key admits only that Plaintiff purports to, by this action, recover for damages allegedly received relating to services that it performed for The Pointe Group, Inc., Gerald Freid and Barry Freid. Defendant Key responds that the remaining allegations set forth in Paragraph 1 are legal conclusions to which no response is required. To the extent that a response is required, Key denies each and every allegation set forth in Paragraph 1.

    2.    The allegations set forth in Paragraph 2 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

3.    The allegations set forth in Paragraph 3 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

4.    Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 4 and on that basis denies them.

5.    Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 5 and on that basis denies them.

6.    Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 6 and on that basis denies them.

7.    Key denies that KeyBank is a duly-constituted corporation organized under the laws of the State of Ohio with headquarters in Ohio.  Key states by way of further response that KeyBank, National Association is a national banking association duly organized and existing under the laws of the United States regulated by the Office of the Controller of the Currency.  Key further states that KeyBank is a national bank subsidiary of KeyCorp.  Key further responds that Plaintiff captioned its Complaint against Key Corporate Capital Inc. which is a wholly owed subsidiary of KeyBank, N.A.

8.    Key denies the allegations set forth in Paragraph 8.

9.    Key denies the allegations set forth in Paragraph 9.

10.    With regard to the allegations set forth in Paragraph 10 of the Complaint, Key admits only that it made loans secured by mortgages on the Hammond Point Nursing Home, LLC, the Boylston Place at Chestnut Hill, LLC, and the Cranberry Pointe Nursing Home, Inc. (collectively, "the Combined Operations"). Key denies the remaining allegations set forth in Paragraph 10 of the Complaint.

11.  With regard to the allegations set forth in Paragraph 11, Key admits only that it was the senior secured lender on loans made to the owners of the Combined Operations. Key further admits that in the summer of 2003 the amount of money owed to Key exceeded the market valuation of the Combined Operations.  Key denies that it was threatening to foreclose on these loans.

12.  With regard to the allegations set forth in Paragraph 12 of the Complaint, Key admits only that the owners of the Combined Operations began considering selling the Combined Operations or refinancing them at the same point in time.  Key lacks knowledge or information regarding the truth or falsity of the remaining allegations set forth in Paragraph 12 and on that basis denies them.

13.  With regard to the allegations set forth in Paragraph 13, Key admits only that in 2003, Steve Dunham, a Vice-President of Key Corporate Capital Inc., had a conversation with Plaintiff. Key denies the remaining allegations set forth in Paragraph 13.

14.  Key denies the allegations sets forth in Paragraph 14 of the Complaint.

15.  Key denies the allegations set forth in Paragraph 15 of the Complaint.

16.  Key denies the allegations set forth in Paragraph 16 of the Complaint.  Key further states that the document referenced in Paragraph 16 speaks for itself.

17.  Key denies the allegations set forth in Paragraph 17 of the Complaint.  Key further states that the document referenced in Paragraph 17 speaks for itself.

18.  Key denies the allegations set forth in Paragraph 18 of the Complaint.  Key further states that the document referenced in Paragraph 18 speaks for itself.

19.  Key denies the allegations set forth in Paragraph 19 of the Complaint.  Key further states that the document referenced in Paragraph 19 speaks for itself.

20.  Key denies the allegations set forth in Paragraph 20 of the Complaint.  Key further states that the document referenced in Paragraph 20 speaks for itself.

21.  Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 21 and on that basis denies them.  Key further states that to the extent Plaintiff's compensation is described in the Engagement Letter, an agreement to which Key is not a party, that document speaks for itself.

22.  Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 22 and on that basis denies them.  Key further states that to the extent Plaintiff's compensation is described in the Engagement Letter, an agreement to which Key is not a party, that document speaks for itself.

23.  Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 23 and on that basis denies them.  Key further states that to the extent Plaintiff's compensation is described in the Engagement Letter, an agreement to which Key is not a party, that document speaks for itself.

24.  Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 24 and on that basis denies them.  Key further states that the document referenced speaks for itself.

25.  Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 25 and on that basis denies them.   Key further states that the document referenced speaks for itself.

26.  Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 26 and on that basis denies them.  Key further states that to the extent Plaintiff's compensation is described in the Engagement Letter, an agreement to which Key is not a party, that document speaks for itself.

27.  Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 27 and on that basis denies them.

28.  Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 28 and on that basis denies them.

29.  With regard to the allegations set forth in Paragraph 29, Key admits only that Steve Dunham had conversations with Plaintiff regarding selling or refinancing the Combined Operations.  Key denies the remaining allegations set forth in Paragraph 29.

30.  With regard to the allegations set forth in Paragraph 30, Key states that the document referenced speaks for itself.  Key further states that the referenced Engagement Letter, to which Key is not a party, speaks for itself.

31.   Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 31 and on that basis denies them.

32.  Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 32 and on that basis denies them.

33.  Key denies the allegations set forth in Paragraph 33.   Key further states that the document referenced, to which Key is not a party, in speaks for itself.

34.  Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 34 and on that basis denies them.

35.   Key denies the allegations set forth in Paragraph 35 of the Complaint.  Key further states that the document referenced, to which Key is not a party, speaks for itself. Key further states that the document does not reference Key.

36.   Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 36 and on that basis denies them.

37.   Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 37 and on that basis denies them.

38.   Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 38 and on that basis denies them.

39.   Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 39 and on that basis denies them.

40.   Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 40 and on that basis denies them.

41.   Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 41 and on that basis denies them.

42.   Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 42 and on that basis denies them.

43.   Key admits only that it was aware that Plaintiff was working with the Freids and others in an attempt to find a buyer for the Combined Operations, but denies that Plaintiff kept it apprised.  Key lacks knowledge or information regarding the truth or falsity of the remaining allegations set forth in Paragraph 43 and on that basis denies them.

44.   Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 44 and on that basis denies them.

45.   Key denies the allegations set forth in Paragraph 45.

46.   As to the allegations set forth in the first sentence of Paragraph 46, Key states the document referenced speaks for itself.  With regard to the remaining allegations set forth in Paragraph 46, Key lacks knowledge or information regarding the truth or falsity of these and on that basis denies them.

47.   Key lacks knowledge or information regarding the truth and falsity of the allegations set forth in Paragraph 47 and on that basis denies them.

48.   Key denies the allegations set forth in Paragraph 48.

49.   Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 49 and on that basis denies them.

50.   Key denies the allegations set forth in Paragraph 50 of the Complaint.  Key further states that the document referenced in Paragraph 50 speaks for itself.

51.   Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 51 and on that basis denies them.

52.   Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 52 and on that basis denies them.

53.   Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 53 and on that basis denies them.

54.   Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 54 and on that basis denies them.

55.   Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 55 and on that basis denies them.

56.   Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 56 and on that basis denies them.

57.   Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 57 and on that basis denies them.

58.   With regard to the allegations set forth in Paragraph 58, Key admits only that in the Summer of 2004, it was willing to consent to a sale provided that certain terms and conditions and certain payments were met.  Key denies the remaining allegations set forth in Paragraph 58.

59.   Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 59 and on that basis denies them.  Key further states that to the extent the allegations in Paragraph 59 relate to a document, the document speaks for itself.

60.   Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 60, and on that basis denies them.

61.   Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 61, and on that basis denies them.

62.   Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 62, and on that basis denies them.

63.   Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 63, and on that basis denies them.

64. Key admits that on or about July 13, 2004, a meeting took place in Massachusetts attended by various representatives of Epoch, Barry Freid, Gerald Freid, Key and Plaintiff. Key denies the remaining allegations set forth in Paragraph 64.

65. With regard to the allegations set forth in Paragraph 65, Key admits only that during the meeting, various issues related to the Combined Operations were discussed and that at that time Epoch proposed a reduced purchase price.

66. With regard to the allegations set forth in Paragraph 66, Key admits only that Mark Tobin, Gerald Freid, Barry Freid, their counsel and representatives of Key had discussions regarding Epoch's request to reduce the purchase price. Key denies the remaining allegations set forth in Paragraph 66 and further states that it had no role in instructing Plaintiff to leave.

67. Key admits the allegations set forth in Paragraph 67.

68. Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 68 and on that basis denies them.

69. With regard to the allegations set forth in Paragraph 69, Key admits only that it was aware of the request for a reduction of Plaintiff's fee. Key denies the remaining allegations set forth in Paragraph 69.

70. Key denies the allegations set forth in Paragraph 70 of the Complaint. Key further states that the document referenced speaks for itself.

71. With regard to the allegations set forth in Paragraph 71, Key states that it lacks knowledge or information regarding the truth or falsity of the allegations. Key further states that the document referenced speaks for itself.

72. Key denies the allegations set forth in Paragraph 72.

73.   With regard to the allegations set forth in Paragraph 73 of the Complaint, Key admits only that on or about August 20, 2004, Key had been apprised that the Purchase and Sale Agreement for the Combined Operations was complete except for exhibit schedules and pending approval by State regulators. Key denies the remaining allegations set forth in Paragraph 73.

74.   With regard to the allegations set forth in the first sentence of Paragraph 74, Key denies them.  Key further states that it lacks knowledge or information regarding the truth or falsity of the remaining allegations set forth in Paragraph 74 and on that basis denies them.

75.   With regard to the allegations set forth in Paragraph 75, Key states that the document referenced speaks for itself.  In regard to any remaining allegations set forth in Paragraph 75, Key lacks knowledge or information regarding the truth or falsity of them and on that basis denies them.

76.   Key denies the allegations set forth in Paragraph 76.  Key further states that the documents referenced speak for themselves.

77.   With regard to the allegations set forth in Paragraph 77, Key admits only that it had a communication with Plaintiff via email regarding its fee in which Matt Caine on behalf of Plaintiff stated:

> "As you know, TPG will be responsible for our fee and you and I will need to discuss logistics/flow of funds at the appropriate time in advance of Closing so we are all on the same page with closing activities."

Key denies the remaining allegations set forth in Paragraph 77.

78.   Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 78 and on that basis denies them.

79.   Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 79 and on that basis denies them.

80.   Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 80 and on that basis denies them.

81.   With regard to the allegations set forth in Paragraph 81, Key admits only that it had a conversation with Plaintiff on or about September 24, 2004 regarding the purchase price that Epoch was wiling to pay for the Combined Operations, and denies the remaining allegations set forth in Paragraph 81.

82.   With regard to the allegations set forth in Paragraph 82, Key admits only that Epoch's proposed purchase price would not provide satisfaction for all of the secured and unsecured creditors.  Key further states that as a result, there were certain conversations regarding possible concessions from Epoch, Key, the borrowers, guarantors and limited guarantors, and Plaintiff.  Key denies the remaining allegations set forth in Paragraph 82.

83.   With regard to the allegations set forth in Paragraph 83, Key admits only that there was a conversation with Steve Gordon, Plaintiff, and Key's counsel in which Gordon discussed Plaintiff reducing its fee.  Key denies the remaining allegations.

84.   The allegations set forth in Paragraph 84 are legal conclusions to which no response is required.  To the extent a response is required, Key denies the allegations.

85.   Key denies the allegations set forth in Paragraph 85.

86. Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 86 and on that basis denies them.

87.   Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 87 and on that basis denies them.

88.   Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 88 and on that basis denies them.

89.   Key states that the document referenced in Paragraph 89 speaks for itself.

90.   With regard to the allegations set forth in Paragraph 90, Key denies that it has any obligations under the Engagement Letter, as it is not a party to that agreement and denies that it took any actions to obstruct and prevent Plaintiff from attending the closing.  Key further states that it did not attend the closing.  With regard to the remaining allegations set forth in the first and last sentences of Paragraph 90, Key denies these allegations.

91.   Key denies the allegations set forth in Paragraph 91.

92.   With regard to the allegations set forth in Paragraph 92, Key admits that on or about October 1, 2004, the Combined Operations were sold to Epoch for approximately $31,950,000.  With regard to the amount of compensation Plaintiff was entitled to, the document referenced speaks for itself.  Key admits, on information and belief, that Plaintiff did not receive payment at the closing.  Key further states that it was told that Plaintiff would be paid.

93.   Key admits only that, as required, it released the mortgages it held on the Combined Operations, as it was required to do so, after receiving certain proceeds from the sale.  Key denies the remaining allegations set forth in Paragraph 93.

94.   Key states that it lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 94 and on that basis denies them.  Key further states that the document referenced in Paragraph 94 speaks for itself.

95.   Key states that it lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 95 and on that basis denies them.  Key further states that the document referenced in Paragraph 95 speaks for itself.

96.   Key states that it lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 96 and on that basis denies them.  Key further states that the document referenced in Paragraph 94 speaks for itself.

97.   With regard to the allegations set forth in Paragraph 97, Key admits only that the Plaintiff contacted Dunham regarding the nonpayment of its fees.  Key denies the remaining allegations set forth in Paragraph 97.

98.   Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 98 and on that basis denies them.

99.   Key admits, on information and belief, that The Pointe Group has not paid Plaintiff.

## COUNT ONE
(Breach of Contract: Defendant TPG)

100.-.107.  With regard to the allegations set forth in Paragraphs 100 through 107, these allegations relate to defendant The Pointe Group, and therefore, defendant Key is not required to answer.  To the extent Key is required to answer, Key responds that these are legal allegations to which no response is required.  To the extent a response is required, the allegations in these paragraphs are denied.

## COUNT TWO
(Breach of the Implied Covenant of Good Faith and
Fair Dealing: Defendant TPG)

108.-117.  With regard to the allegations set forth in Paragraphs 108 through 117, these allegations relate to defendant The Pointe Group, and therefore, defendant Key is

not required to answer. To the extent Key is required to answer, Key responds that these are legal allegations to which no response is required. To the extent a response is required, the allegations in these paragraphs are denied.

## COUNT THREE
### (Promissory Estoppel/Detrimental Alliance: All Defendants)

118.    Key repeats each response to each of the foregoing paragraphs as if fully set forth herein.

119.    Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 119 and on that basis denies them.

120.    Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 120 and on that basis denies them.

121.    Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 121 and on that basis denies them.

122.    Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 122 and on that basis denies them.

123.    The allegations set forth in Paragraph 123 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

124.    The allegations set forth in Paragraph 124 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

125.    Key denies the allegations set forth in Paragraph 125.

126.    Key denies the allegations set forth in Paragraph 126.

127.    Key denies the allegations set forth in Paragraph 127.

128.    Key denies the allegations set forth in Paragraph 128.

129.    Key denies the allegations set forth in Paragraph 129.

## COUNT FOUR
### (Fraudulent Misrepresentation: All Defendants)

130.    Key repeats each response to each of the foregoing paragraphs as if fully set forth herein.

131.-132.  Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraphs 131-132 and on that basis denies them.

133.    The allegations set forth in Paragraph 133 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

134.    Key denies the allegations set forth in Paragraph 134.

135.    The allegations set forth in Paragraph 135 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

## COUNT FIVE
### (Civil Conspiracy/Concert of Action:  All Defendants)

136.    Key repeats each response to each of the foregoing paragraphs as if fully set forth herein.

137-139.  Key denies each and every allegation set forth in Paragraphs 137 through 139.

## COUNT SIX
### (Unfair Deceptive Trade Practices:  All Defendants)

140.    Key repeats each response to each of the foregoing paragraphs as if fully set forth therein.

141-148. Key denies each and every allegation set forth in paragraphs 141-148.

**COUNT SEVEN**
(Fraudulent Transfer: Defendants TPG and KeyBank)

149.    Key repeats each response to each of the foregoing paragraphs as if fully set forth therein.

150-152. Key denies each and every allegation set forth in Paragraphs 150 through 152.

**COUNT EIGHT**
(Aiding and Abetting Defendants KeyBank and the Freids)

153.    Key repeats each response in each of the foregoing paragraphs as if fully set forth herein.

154.-159 Key denies each and every allegation set forth in Paragraphs 154 through 159.

**COUNT NINE**
(Unjust Enrichment)

160.    Key repeats each response to the foregoing paragraphs as if fully set forth herein.

161-174.    Key denies each and every allegation set forth in Paragraphs 161 through 174.

**DEFENSES**

**<u>FIRST DEFENSE</u>**

The Complaint and each cause of action alleged therein against Defendant Key fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Plaintiff was negligent and did not exercise due care to discover the existence of some or all of the facts alleged in the Complaint upon which it asserts liability against Defendant Key.  Thus, the actual and proximate cause of the damage to Plaintiff is, in whole or in part, Plaintiff's negligence and its failure to exercise reasonable care.

## THIRD DEFENSE

The Plaintiff is barred from claiming injury or damage, if any, because it failed to make reasonable efforts to mitigate such injury or damage which could have reduced such injury or damage.

## FOURTH DEFENSE

Key is not liable for the damages suffered by the Plaintiff, if any, because the negligent, reckless and/or willful acts of others constituted independent, intervening and superseding causes, relieving Key of any liability.

## FIFTH DEFENSE

The claims of the Plaintiff are barred in whole or in part by the doctrines of waiver, estopel, ratification and/or unclean hands.

## SIXTH DEFENSE

The claims of the Plaintiff are preempted in whole or in part by the National Bank Act and other enabling regulations.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the Statute of Frauds.

## **EIGHTH DEFENSE**

The damages sought arise from the actions of others for which Key is not responsible.

As discovery is still ongoing, Key reserves the right to add to these defenses.

WHEREFORE, Defendant Key asks that this Court grant the following relief:

1.    That Plaintiff take nothing from Defendant Key by its Complaint;

2.    Enter judgment for Defendant Key;

3.    Grant Key's attorneys' fees and costs; and

4.    Grant such other relief as this Court deems just and proper.

## KEY CORPORATE CAPITAL INC.'S CROSS-CLAIM AGAINST THE POINTE GROUP, INC., GERALD FREID AND BARRY FREID

Pursuant to Federal Rules of Civil Procedure 8(a) and 13(g), Defendant Key Corporate Capital Inc. ("Key") hereby asserts the following cross-claim against Defendants The Pointe Group, Inc., Gerald Freid, and Barry Freid:

1.      Defendant/Cross-Claimant Key Corporate Capital Inc. is a wholly owned subsidiary of KeyBank, National Association, which is a national banking association duly organized and existing under the laws of the United States, regulated by the Office of the Controller of the Currency.  KeyBank is a national bank subsidiary of KeyCorp.

2.      Upon information and belief, Defendant The Pointe Group, Inc. is a Massachusetts Corporation with a principal place of business located in Boston, Massachusetts.

3.      On information and belief, Gerald Freid is an individual resident of Needham, Massachusetts and is the Vice President of The Pointe Group.

4.      On information and belief, defendant Barry Freid is an individual resident of Needham, Massachusetts and is the Chief Operating Officer of The Pointe Group.

5.      On or about November 3, 2004, Plaintiff Casas Benjamin & White, LLC filed a complaint in this action.

6.      The Complaint alleges that Casas Benjamin & White suffered damages as a result of the failure of Key Corporate Capital Inc., Barry Freid, Gerald Freid, and The Pointe Group, Inc. to pay for services rendered in connection with the sale of various properties.

7.      The Complaint asserts counts against Key Corporate Capital for: (1) promissory estoppel/detrimental reliance; (2) fraudulent misrepresentation; (3) civil conspiracy; (4) unfair and deceptive trade practices; (5) fraudulent transfer; (6) aiding and abetting; and (7) unjust enrichment.

8.      If Defendant/Cross-Claimant Key is found liable to the Plaintiff, which liability is expressly denied, Key asserts that The Pointe Group, Gerald Freid and Barry Freid are jointly liable for the acts and omissions alleged in Plaintiff's Complaint.

## COUNT I
(Indemnification)

9.      Key hereby realleges and incorporates by reference the allegations set forth in Paragraphs 1-9.

10.     Casas has filed a Complaint against The Pointe Group, Barry Freid and Gerald Freid alleging that they have failed to pay Casas for monies due.

11.     Casas has also asserted claims against Key for, among other things, unjust enrichment and fraudulent misrepresentation.

12.     Certain of Casas' claims against Key, if valid, are due to the acts and omissions of The Pointe Group, Barry Freid and Gerald Freid.

13.     As Key was not party to any agreement to pay Casas and was not responsible for the failure to pay Casas, Key is blameless for any injury or damages incurred by Casas, and is entitled to be indemnified by The Pointe Group, Gerald Freid and Barry Freid.

14.     Without admitting liability or waiving any defenses to the underlying action, if Key is adjudged to be liable to Casas, which liability Key denies, then Key is in turn entitled to recover its resulting damages from The Pointe Group, Bary Freid and Gerald Freid, along with Key's attorney's fees.

## COUNT II
### (Contribution)

15.     Key hereby realleges and incorporates by reference the allegations set forth in Paragraphs 1-15.

16.     Casas has filed a Complaint against The Pointe Group, Barry Freid and Gerald Freid alleging that they have failed to pay Casas for monies due.

17.     Casas has also asserted claims against Key for, among other things, unjust enrichment and fraudulent misrepresentation.

18.     Certain of Casas' claims against Key, if valid, are due to the acts and omissions of The Pointe Group, Barry Freid and Gerald Freid.

19.     Without admitting liability or waiving any defenses to the underlying action, if Key is adjudged to be liable to Casas, which liability Key denies, then Key is in turn entitled to recover its resulting damages from The Pointe Group, Bary Freid and Gerald Freid, along with Key's attorney's fees.

20.     Key Corporate Capital is entitled to contribution from The Pointe Group, Gerald Freid and Barry Freid pursuant to Massachusetts General Laws Chapter 231B.

WHEREFORE, Defendant/Cross-Claimant Key Corporate Capital Inc. respectfully requests that this Court:

a.  Enter judgment in Key's favor and against The Pointe Group, Gerald Freid, Barry Freid and award Key contribution in accordance with Mass. General Laws Chapter 231B;

    b.   Enter judgment in Key's favor and against The Pointe Group, Gerald Freid, Barry Freid and indemnify Key for any judgment obtained by Casas, including Key's costs and fees in this action; and

    c.   Award costs, interest, attorneys' fees and other such relief as the Court deems just and appropriate.

### JURY DEMAND

Defendant Key Corporate Capital Inc. hereby demands a trial by jury on all claims and issues triable and on all of its defenses hereto.

Dated:  February 14, 2005

Respectfully submitted,

KEY CORPORATE CAPITAL, INC.

By its attorneys

NIXON PEABODY LLP

/s/W. Scott O'Connell
W. Scott O'Connell (#559669)
Courtney Worcester (#643180)
889 Elm Street
Manchester, NH 03101
(603) 628-4000
soconnell@nixonpeabody.com
cworcester@nixonpeabody.com

M118651.1

22