UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 04CV12333 MEL

|   |   |
|---|---|
| CASAS, BENJAMIN & WHITE, LLC | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE POINT GROUP, INC., | ) |
| GERALD S. FREID; BARRY FREID; | ) |
| KEY CORPORATE CAPITAL, INC. | ) |
| Defendants. | ) |

ANSWER AND AFFIRMATIVE DEFENSES AND CROSS-CLAIM OF DEFENDANTS,
THE POINTE GROUP, INC., GERALD S. FREID AND BARRY FREID
TO CROSS CLAIM OF KEY CORPORATE CAPITAL, INC.

ANSWER AND AFFIRMATIVE DEFENSES TO CROSS CLAIM

Now Come The Pointe Group, Inc. ("TPG"), Gerald S. Freid ("Gerald Freid") and Barry Freid (also referred to collectively as the "Defendants"), and state the following for their answer and their affirmative defenses to Key Corporate Capital, Inc.'s ("KeyBank") Cross-Claim:

1. The Defendants lack sufficient knowledge to respond to Paragraph 1 of the Cross-Claim and, therefore, deny the same and call upon the Plaintiff to prove the allegations contained therein.

2. TPG admits that it is a Massachusetts Corporation. TPG denies that its principal place of business is located in Boston, Massachusetts.

3. Admitted.

4. Admitted.

5. Admitted.

6. Defendants state that the Complaint speaks for itself and deny any attribute to the Complaint other than its content.

7. Defendants state that the Complaint speaks for itself and deny any attribute to the Complaint other than its content.

8. Denied.

## COUNT I
(Indemnification)

9. Defendants incorporate by reference all of their responses to allegations 1 through 8 above as if each were specifically set forth herein.

10. Defendants state that the Complaint speaks for itself and deny any attribute to the Complaint other than its content.

11. Defendants state that the Complaint speaks for itself and deny any attribute to the Complaint other than its content.

12. Denied.

13. Denied.

14. Denied.

## COUNT II
(Contribution)

15. Defendants incorporate by reference all of their responses to allegations 1 through 14 above as if each were specifically set forth herein.

16. Defendants state that the Complaint speaks for itself and deny any attribute to the Complaint other than its content.

17. Defendants state that the Complaint speaks for itself and deny any attribute to the Complaint other than its content.

18. Denied.

19. Denied.

20. Denied.

The Defendants reserve the right to amend their Answer to Cross-Claims as additional information becomes available to them.

### First Affirmative Defense

The Cross-Claim, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Cross-Claims of KeyBank, in whole or in part, are barred by the statute of frauds.

### Third Affirmative Defense

The Cross-Claims of KeyBank, in whole or in part, are barred by the doctrine of estoppel.

The Defendants reserve the right to amend or add to their affirmative defenses as additional information becomes available to them.

WHEREFORE, Defendants pray that the Cross-Claim be dismissed, as against them, and that they be awarded their costs.

**DEFENDANTS CLAIM A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

### CROSSCLAIM OF THE POINTE GROUP, INC., GERALD FREID AND BARRY FREID AGAINST KEY CORPORATE CAPITAL, INC.

Pursuant to Federal Rules of Civil Procedure 8(a) and 13(g), Defendants The Pointe Group, Inc. ("The Pointe Group"), Gerald Freid and Barry Freid (sometimes collectively referred

to as "The Pointe Group Defendants") hereby assert the following crossclaim against Defendant Key Corporate Capital, Inc.:

1.     Defendant/Cross-Claimant The Pointe Group is a Massachusetts corporation with a principal place of business in Dedham, Massachusetts.

2.     Defendant/Cross-Claimant Gerald Freid is an individual resident of Needham, Massachusetts and is employed by The Pointe Group.

3.     Defendant/Cross-Claimant Barry Freid is an individual resident of Needham, Massachusetts and is employed by The Pointe Group.

4.     Key Corporate Capital, Inc. ("KeyBank") is, upon information and belief, a wholly owned subsidiary of KeyBank, National Association, which is a national banking association, is a corporation organized under the laws of the State of Ohio with headquarters in Cleveland, Ohio.  KeyBank operated, from time to time, through its agent, Steven C. Dunham, a Vice-President based in KeyBank's Albany, New York office ("Dunham").

5.     On or about November 3, 2004, Plaintiffs Casas, Benjamin & White, LLC ("CBW") filed a Complaint initiating this action.

6.     CBW's Complaint alleges that it suffered damages as a result of the failure of all Defendants to pay for brokerage services rendered in connection with the sale of various real properties.

7.     The Complaint asserts counts against The Pointe Group for breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel/detrimental reliance, fraudulent misrepresentation, civil conspiracy/concert of action, unfair and deceptive trade practices, fraudulent transfer and unjust enrichment.

8. The Complaint asserts counts against Gerry Freid and Barry Freid for promissory estoppel/detrimental reliance, fraudulent misrepresentation, civil conspiracy/concert of action, unfair and deceptive trade practices, aiding and abetting and unjust enrichment.

9. If The Pointe Group Defendants, or any of them, are found liable to CBW, which liability is expressly denied, The Pointe Group Defendants assert that KeyBank is liable to The Pointe Group Defendants for any amounts The Pointe Group Defendants, or any of them, are ordered to pay to CBW and The Pointe Group Defendants further assert that KeyBank is jointly liable for the acts and omissions alleged in CBW's Complaint.

### Count I
### (Intentional and/or Negligent Interference with Advantageous Relations)
### (The Pointe Group vs. KeyBank)

10. The Pointe Group hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 9 of its Crossclaim.

11. CBW has filed a Complaint against The Pointe Group Defendants alleging that they have failed to pay CBW monies due it for a brokerage commission.

12. CBW has also asserted claims against KeyBank.

13. CBW and The Pointe Group had an advantageous business relationship. KeyBank encouraged The Pointe Group to enter into that relationship. The purpose of the relationship was for CBW to sell certain real property not owned by The Pointe Group for the purpose of satisfying, in whole or in part, an indebtedness to KeyBank from the owners of that property (not The Pointe Group) which indebtedness was in excess of $40 million.

14. CBW was first contacted with respect to this matter not by any of The Pointe Group Defendants but, rather, by KeyBank's Dunham. Dunham, it is alleged in CBW's

5

Complaint, told CBW that the purpose of its engagement by The Pointe Group would be to reduce KeyBank's debt.

15. KeyBank's Dunham, it is alleged in CBW's Complaint, engaged in extensive negotiations regarding the terms of CBW's engagement and approved of its terms.

16. KeyBank's Dunham, it is alleged in CBW's Complaint, urged CBW to commence a solicitation process with objectives sought by KeyBank for its own benefit.

17. As is alleged in CBW's Complaint, KeyBank's Dunham urged CBW not to obtain a copy of a draft Purchase and Sale Agreement and assured CBW that KeyBank "would safeguard CBW's economic interests."

18. CBW claims to have relied on KeyBank's representations, all of which were made outside of the presence or hearing of any of The Pointe Group Defendants.

19. KeyBank's Dunham, as alleged in CBW's Complaint, assured CBW that KeyBank would insist on having CBW's fee "structured into the closing to cover CBW's interests …"

20. KeyBank, it is asserted in CBW's Complaint, discussed with CBW a request for a fee reduction and KeyBank assured CBW that its "fee would come straight off the top of the sale's proceeds at closing and that KeyBank was committed to protecting [CBW's] interests …"

21. KeyBank's Dunham, it is alleged in CBW's Complaint, told CBW that CBW's fee was "unaffected by negotiations" with KeyBank.

22. KeyBank, it is alleged in CBW's Complaint, told CBW not to communicate with The Pointe Group Defendants on the subject of its fee and that KeyBank "would protect payment of CBW's fee …"

23. KeyBank, it is alleged in CBW's Complaint, unbeknownst to The Pointe Group Defendants asked CBW to reduce its fee "in order to help the Transaction close."

24. KeyBank, it is alleged in CBW's Complaint, between September 24 and September 27, 2004, gave repeated assurance to CBW that it would "block the closing" unless CBW was paid.

25. KeyBank's Dunham, according to CBW's Complaint, informed CBW that he had seen CBW's fee included in a closing statement (which had not at that time been seen by any of The Pointe Group Defendants) but, apparently, failed to disclose to CBW that, if KeyBank took the full amount of $29,425,000 it had demanded from the sale proceeds, there would be insufficient funds to pay CBW any fee.

26. By its actions, KeyBank intentionally and/or negligently interfered with The Pointe Group's advantageous relations with CBW in order to assure KeyBank's receipt of $29,425,000 from a closing from which CBW received nothing and into which The Pointe Group Defendants (or persons or entities on their behalf) paid over $200,000.

Wherefore, The Pointe Group prays that this Court enter judgment against KeyBank for an amount sufficient to compensate The Pointe Group for KeyBank's intentional and/or negligent interference with The Pointe Group's advantageous relations and award costs, interest, attorney's fees and such other relief as the Court deems just and appropriate.

### COUNT II
### (Indemnification)
### (The Pointe Group Defendants vs. KeyBank)

27. The Pointe Group Defendants hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 26 of this Crossclaim.

28. Certain of CBW's claims against The Pointe Group Defendants, if valid, are due to the acts and omissions of KeyBank.

29. As KeyBank received $29,425,000 of proceeds from the consummation of the Transaction which is the subject of CBW's Complaint, and The Pointe Group Defendants received nothing, The Pointe Group Defendants are blameless for any injury or damages incurred by CBW and are entitled to be indemnified by KeyBank.

30. Without admitting liability or waiving any defenses to CBW's Complaint, if The Pointe Group Defendants, or any of them, are adjudged to be liable to CBW, which liability The Pointe Group Defendants deny, then The Pointe Group Defendants are, in turn, entitled to recover their resulting damages from KeyBank.

Wherefore, The Pointe Group Defendants pray that this Court enter judgment in their favor and against KeyBank to indemnify The Pointe Group Defendants for any judgment obtain by CBW, including costs, interest, attorney's fees and such other relief as the Court deems just and appropriate.

## COUNT III
### (Unjust Enrichment)
### (The Pointe Group Defendants vs. KeyBank)

31. The Pointe Group Defendants hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 30 of this Crossclaim.

32. The Pointe Group Defendants received nothing from the closing of the Transaction which is the subject of CBW's Complaint.

33. KeyBank received $29,425,000 from the closing of the Transaction which is the subject of CBW's Complaint.

34. If The Pointe Group Defendants, or any of them, are required to pay anything to CBW, KeyBank will thus be unjustly enriched.

Wherefore, The Pointe Group Defendants pray that this Court enter judgment in their favor and against KeyBank in an amount necessary to compensate them for the unjust enrichment of KeyBank should The Pointe Group Defendants, or any of them, be called upon to pay anything to CBW plus costs, interest, attorney's fees and such other relief as the Court deems just and appropriate.

**COUNT IV**
**(Contribution)**
**(The Pointe Group Defendants, collectively vs. KeyBank)**

35. The Pointe Group Defendants hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 34 of this Crossclaim.

36. CBW has filed a Complaint against The Pointe Group Defendants alleging, among other things, certain causes of action sounding in tort.

37. CBW has also asserted claims against KeyBank also sounding in tort.

38. Some or all of CBW's claims against The Pointe Group Defendants, if valid, are due to the acts and omissions of KeyBank.

39. Without admitting liability or waiving any defenses to the causes of action set forth in CBW's Complaint, if The Pointe Group Defendants, or any of them, are adjudged to be liable to CBW, which liability The Pointe Group Defendants deny, then The Pointe Group Defendants, or any of them, are, in turn, entitled to recover their resulting damages from KeyBank.

40. The Pointe Group Defendants are entitled to contribution from KeyBank pursuant to Massachusetts General Laws c.231B.

41. Equity requires that the collective liability of The Pointe Group Defendants shall constitute a single share in accordance with Massachusetts General Laws c.231B §2(b).

Wherefore, The Pointe Group Defendants pray that this Court enter judgment in their favor and against KeyBank in accordance with Massachusetts General Laws c.231B (including a requirement that the collective liability of The Pointe Group Defendants shall constitute a single share) and enter judgment in favor of The Pointe Group Defendants and against KeyBank in the amount of any judgment obtained by CBW against The Pointe Group Defendants, plus costs, interest, attorney's fees and such other relief as the Court deems just and appropriate.

## JURY DEMAND

**DEFENDANTS, THE POINTE GROUP, INC., GERALD FREID AND BARRY FREID, HEREBY DEMAND A TRIAL BY JURY ON ALL CLAIMS AND ISSUES TRIABLE ON ALL OF ITS DEFENSES, COUNTERCLAIMS AND CROSSCLAIMS HEREIN.**

Respectfully Submitted,

THE POINTE GROUP, INC., GERALD S. FREID AND BARRY FREID

By their attorneys,

/s/Todd B. Gordon  ___
Stephen F. Gordon (BBO No. 203600)
Todd B. Gordon (BBO No. 652482)
Gordon Haley LLP
101 Federal Street
Boston, Massachusetts 02110
Tel:   (617) 261-0100
Fax:  (617) 261-0789

Dated: March 28, 2005

P:\Clients\Pointe Group \CBW Plead\Answer to Key cross claim.doc