UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CASAS, BENJAMIN & WHITE, LLC<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE POINTE GROUP, INC., a Massachusetts corporation d/b/a The Pointe Group Healthcare and Senior Living; GERALD S. FREID; BARRY FREID; KEY CORPORATE CAPITAL, INC.,<br><br>　　　　Defendants. | Docket No: 1:04-CV-12333-MEL |

**DEFENDANT KEY CORPORATE CAPITAL, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS CROSS-CLAIM OF DEFENDANTS, THE POINTE GROUP, INC., GERALD S. FREID AND BARRY FREID**

　　　　　　　　　　　　　　　　　　　　W. Scott O'Connell (#559669)
　　　　　　　　　　　　　　　　　　　　Courtney Worcester (#643180)
　　　　　　　　　　　　　　　　　　　　Nixon Peabody LLP
　　　　　　　　　　　　　　　　　　　　889 Elm Street
　　　　　　　　　　　　　　　　　　　　Manchester, NH 03101
　　　　　　　　　　　　　　　　　　　　(603) 628-4000
　　　　　　　　　　　　　　　　　　　　soconnell@nixonpeabody.com
　　　　　　　　　　　　　　　　　　　　cworcester@nixonpeabody.com

M120517.1

TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

RELEVANT FACTS ..............................................................................................................1

ARGUMENT ..........................................................................................................................2

I.   STANDARD OF REVIEW ..........................................................................................2

II.  THE POINTE GROUP'S CLAIM FOR INTENTIONAL AND/OR NEGLIGENT INTERFERENCE WITH ADVANTAGEOUS RELATIONS MUST BE DISMISSED, AS IT HAS FAILED TO ALLEGE ANY COGNIZABLE LOSS OF ADVANTAGE AS A DIRECT RESULT OF KEYBANK'S CONDUCT ........................................................2

III. THE POINTE GROUP DEFENDANTS' CLAIM FOR TORT-BASED INDEMNIFICATION MUST FAIL FOR FAILURE TO ALLEGE THAT THEY ARE BLAMELESS ..................................................................................................................4

IV.  THE POINTE GROUP DEFENDANTS' CLAIM FOR UNJUST ENRICHMENT IS BARRED, AS THE POINTE GROUP DEFENDANTS HAVE NOT CONFERRED ANY BENEFIT UPON DEFENDANT KEYBANK ........................................................6

V.   THE POINTE GROUP DEFENDANTS HAVE FAILED TO ADEQUATELY PLEAD A CAUSE OF ACTION FOR CONTRIBUTION ..........................................................8

CONCLUSION ......................................................................................................................9

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Araujo v. Woods Hole, Martha's Vineyard, Nantucket Steamship Auth.*,
  693 F.2d 1 (1st Cir. 1982) .................................................................... 6, 7, 8

*In re Atlantic Fin. Mgm't, Inc.*, 603 F. Supp. 135 (D. Mass. 1985) ................... 10

*Blackstone Realty LLC v. FDIC*, 244 F.3d 193 (1st Cir. 2001) ........................... 4

*Ciulla v. Rigny*, 89 F. Supp. 2d 97 (D. Mass. 2000) ........................................ 10

*Conley v. Gibson*, 355 U.S. 41 (1957) ............................................................. 4

*Humana Found., Inc. v. Cantella & Co., Inc.*, No. 2000-12393-MLW,
  2002 U.S. Dist. LEXIS 10380 (D. Mass. May 6, 2002) ....................... 4, 7, 8

*K-Mart Corp. v. Oriental Plaza, Inc.*, 875 F.2d 907 (1st Cir. 1989) ................. 10

*Mass Cash Register, Inc. v. Comtrex Sys. Corp.*,
  901 F. Supp. 404 (D. Mass. 1995) ................................................................ 5

*Massachusetts v. Mylan Lab.*, No. 03-11865-PBS, 2005 U.S. Dist. LEXIS 2158
  (D. Mass. Feb. 4, 2005) ................................................................................ 9

*Mead Corp. v. Stevens Cabinets, Inc.*, 938 F. Supp. 87 (D. Mass. 1996) ......... 11

*In Re Relafen Antitrust Litig.*, 221 F.R.D. 260 (D. Mass. 2004) ..................... 8, 9

*Shapiro v. Miami Oil Prod., Inc.*, 84 F.R.D. 234 (D. Mass. 1979) .................... 10

*Stein v. Royal Bank of Canada*, 239 F.3d 389 (1st Cir. 2001) ........................... 4

*Texas Puerto Rico, Inc. v. Dept. of Consumer Affairs*, 60 F.3d 867 (1st Cir. 1995) ......... 10

*United States v. Cannons Eng'g Corp.*, 720 F. Supp. 1027 (D. Mass. 1989) ...... 4

### STATE CASES

*Adcom Prod., Inc. v. Konica Bus. Mach. USA, Inc.*,
  668 N.E.2d 866 (Mass. App. Ct. 1996) ........................................................ 5

*Ciccarelli v. Guar. Bank*, 99 P.3d 85 (Colo. App. 2004) ................................... 9

*City of Cleveland v. Sohio Oil Co.*, 2001 WL. 1479233
    (Ohio Ct. App. 8th Dist. Nov. 21, 2001) ..................................................................9

*Kimball v. Second Congregational Parish*, 41 Mass. 347 (1833) .......................................5

*Kurker v. Hill*, 689 N.E.2d 833 (Mass. App. Ct. 1998) .......................................................5

*Lauring v. Lincoln*, No. 92-00014, 1994 Mass. Super. LEXIS 334 (Mass. Super.
    Ct. 1994) ...............................................................................................................11

*Loud v. Pendergast*, 206 Mass. 122 (1910) ........................................................................10

*Mass. Ave. Laundries v. Cissell Mfauf'g Co.*, 19964 WL. 1353058
    (Mass. Super. Ct. Apr. 10, 1996) ............................................................................7

*Mietka v. C & S Distrib. Corp. v. United Vinyl Distrib. Corp.*,
    1999 Mass. App. Div. 173 (1999) .........................................................................11

*Morochnick v. Quigley*, 461 N.E.2d 1220 (Mass. App. Ct. 1984) .......................................5

*Weintraub v. L & F Realty Co., Inc.*, 331 Mass. 711 (1954) .............................................10

*Whitley v. Irwin*, 250 Ark. 543 (1971) .................................................................................9

*Zabilansky v. American Bldg. Restoration Prod., Inc.*, No. 2001-01985, 2004
    Mass. Super. LEXIS 425 (Mass. Super. Ct. Oct. 11, 2004) ..................................7

### STATUTES

Federal Rule of Civil Procedure 12(b)(6) ........................................................................3, 4

**PRELIMINARY STATEMENT**

Defendant Key Corporate Capital, Inc. ("KeyBank") submits this memorandum of law in support of its motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Cross-Claim filed by the Defendants The PointE Group Inc., Gerald Freid, and Barry Freid (collectively, "The Pointe Group Defendants") on the grounds that it fails to state any viable cause of action against Defendant KeyBank. In their Cross-Claim, The Pointe Group Defendants allege that KeyBank interfered with The Pointe Group's advantageous relations with Plaintiff Casas Benjamin & White ("CBW") and that KeyBank has been unjustly enriched to the detriment of The Pointe Group. In addition, The Pointe Group seeks indemnification and contribution in the event that Casas Benjamin & White prevails on its Complaint against The Pointe Group Defendants. As there is no basis in law or in fact to support any of these claims, the Cross-Claim against KeyBank should be dismissed.

**RELEVANT FACTS**

As a result of the parties' previous motion to dismiss briefs, this Court is well-acquainted with the underlying facts of the parties' dispute. KeyBank incorporates by reference the facts presented in its Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint, and recites where necessary any additional facts presented by the Cross-Claim Plaintiffs.

The Pointe Group, Inc., of which Gerald Freid is a vice-president and his brother Barry Freid is treasurer, now seek to divert blame from themselves to KeyBank by asserting that KeyBank is not only somehow financially responsible should Plaintiff succeed on its Complaint against The Pointe Group Defendants but that in addition, KeyBank is separately liable to The Pointe Group Defendants. As The Pointe Group Defendants have failed to sufficiently plead facts to establish that KeyBank can be held liable for The Pointe Group Defendants' actions, this

Court should dismiss the Cross-Claim against KeyBank.

## ARGUMENT

### I. STANDARD OF REVIEW

It is well established that "[c]ross-claims may be dismissed only if it 'appears beyond doubt that the [claimant] can prove no set of facts in support of [his] claim which would entitle [him] to relief.'" United States v. Cannons Eng'g Corp., 720 F. Supp. 1027, 1047 (D. Mass. 1989) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Further, "[f]or the purposes of a motion to dismiss for failure to state a claim, the material allegations of the cross-claim are to be taken as true." Id. However, the rule that well pleaded factual allegations are presumed to be true does not apply to legal conclusions or factual claims which are either inherently incredible or flatly contradicted by documentary evidence. Stein v. Royal Bank of Canada, 239 F.3d 389, 392 (1st Cir. 2001) (explaining that a court will not accept a complainant's unsupported conclusions or interpretations of law); see Humana Found., Inc. v. Cantella & Co., Inc., No. 2000-12393-MLW, 2002 U.S. Dist. LEXIS 10380, at *7-8 (D. Mass. May 6, 2002) (stating, "The Court need not accept conclusions of law when considering a motion to dismiss.").

### II. THE POINTE GROUP'S CLAIM FOR INTENTIONAL AND/OR NEGLIGENT INTERFERENCE WITH ADVANTAGEOUS RELATIONS MUST BE DISMISSED, AS IT HAS FAILED TO ALLEGE ANY COGNIZABLE LOSS OF ADVANTAGE AS A DIRECT RESULT OF KEYBANK'S CONDUCT

Under Massachusetts law, a claim of intentional interference with advantageous business relations requires proof of the following:

> (1) the existence of a business relationship or contemplated contract of economic benefit; (2) defendant's knowledge of such relationship; (3) the

>   defendant's intentional and improper interference with that relationship; and (4) the plaintiff's loss of advantage as a direct result of the defendant's conduct.

Mass Cash Register, Inc. v. Comtrex Sys. Corp., 901 F. Supp. 404, 421 (D. Mass. 1995); see Kurker v. Hill, 689 N.E.2d 833, 838 (Mass. App. Ct. 1998).  The Pointe Group's claim against Defendant KeyBank for intentional interference with advantageous business relations fails to satisfy the fourth element of this test and consequently, must be dismissed.

The Pointe Group fails to identify any cognizable loss of advantage that it endured as a result of Defendant KeyBank's alleged conduct.  See Morochnick v. Quigley, 461 N.E.2d 1220, 1220 (Mass. App. Ct. 1984) (explaining, "In this Commonwealth actual damage is a necessary element of a claim of intentional interference with an advantageous business relationship."). Specifically, The Pointe Group's attempt to allege a disadvantage stemming from the payment to KeyBank as a senior secured lender on the loans in question on the Combined Operations is insufficient as a matter of law on this essential element.  See Cross-Claim at ¶ 25.  It is not disputed that KeyBank was the senior secured lender.  As such, KeyBank, as a matter of law, was entitled to the amounts paid it at closing.[3]  See Complaint at ¶ 11; Cross-Claim at ¶ 13. KeyBank's assertion of its legal and contractual rights does not arise to a tort under the law of the Commonwealth and is insufficient to allege actual damage to The Pointe Group.  See Kimball v. Second Congregational Parish, 41 Mass. 347, 349 (1833) (stating, "In doing these things they are in the exercise of their legal rights and commit no tort."); compare Adcom Prod., Inc. v. Konica Bus. Mach. USA, Inc., 668 N.E.2d 866, 870 (Mass. App. Ct. 1996) (explaining that there was "adequate credible evidence that [Plaintiff's] loss of advantage directly resulted from [Defendant's] conduct" where Plaintiff was actively pursued by Polaroid to enter into a contract

---

[3]   In fact, as The Pointe Group Defendants' cross-claim demonstrates, KeyBank was paid only $29,425,000 at closing, even though it was owed in excess of $40 million.  See Cross-Claim at ¶ 33.

M116899.1                                     3

involving Konica printers, where Defendant's agent telephoned Polaroid and falsely stated that Plaintiff was no longer an authorized dealer of Konica printers and where, ultimately, Plaintiff was not awarded the contract).

Furthermore, KeyBank's alleged contacts with Plaintiff, as set forth in Count I of the Cross-Claim, pertain to <u>Plaintiff CBW's</u> economic interests and The Pointe Group's promise and obligation <u>to pay Plaintiff</u> for the work it had already performed under the terms of the express agreement between Plaintiff and The Pointe Group. <u>See</u>, <u>e.g.</u>, Cross-Claim at ¶ 19 ("KeyBank's Dunham, as alleged in CBW's Complaint, assured CBW that KeyBank would insist on having CBW's fee 'structured into the closing to cover CBW's interests.'"); Cross-Claim at ¶ 23 ("KeyBank, it is alleged in CBW's Complaint, unbeknownst to the Pointe Group Defendants asked CBW to reduce its fee 'in order to help the Transaction close.'"); <u>see</u> also Complaint at ¶ 99. The Pointe Group has no standing to assert a claim for interference with advantageous relations on the basis that KeyBank's actions harmed CBW – rather it is The Pointe Group itself that must have suffered damage as a result of KeyBank's actions. Accordingly, as it is left to this Court's imagination to discern how such allegations could result in a disadvantage to The Pointe Group, this count fails as a matter of law.

### III. THE POINTE GROUP DEFENDANTS' CLAIM FOR TORT-BASED INDEMNIFICATION MUST FAIL FOR FAILURE TO ALLEGE THAT THEY ARE BLAMELESS

Under Massachusetts law, a right to indemnification may arise under three separate sets of circumstances. <u>Araujo v. Woods Hole, Martha's Vineyard, Nantucket Steamship Auth.</u>, 693 F.2d 1, 2 (1st Cir. 1982). "First, an express agreement may create a right to indemnification. <u>Id.</u> Second, "[a]bsent an express indemnity provision, the court may recognize an implied right to indemnity only when there are unique special factors surrounding the contractual relationship

which indicate an intention by one party to indemnify another." <u>Zabilansky v. American Bldg. Restoration Prod., Inc.</u>, No. 2001-01985, 2004 Mass. Super. LEXIS 425, at *4 (Mass. Super. Ct. Oct. 11, 2004).  Third, under narrow circumstances, a party may be entitled to indemnity based in tort.  <u>Id.</u> at *5.  The pleadings do not evoke either of the first two scenarios, as The Pointe Group Defendants do not allege that a contractual relationship existed between The Pointe Group Defendants and Defendant KeyBank.  The Pointe Group Defendants' indemnification claim cannot survive this motion because the requirements of tort-based indemnification are not met.

      Massachusetts law is clear: in order to maintain a claim for tort-based indemnification, a claimant must be blameless.  Massachusetts courts have repeatedly held that "[w]here the party seeking indemnification was itself guilty of acts or omissions proximately causing the plaintiff's injury, tort indemnification is inappropriate." <u>Araujo</u>, 693 F.2d at 3; <u>see</u> <u>Mass. Ave. Laundries v. Cissell Mfg Co.</u>, 1996 WL 1353058, at * 3 (Mass. Super. Ct. Apr. 10, 1996).  In fact, tort-based indemnification "has usually been available only when the party seeking it was merely passively negligent while the would be indemnitor was actively at fault." <u>Humana Found., Inc.</u>, 2002 U.S. Dist. LEXIS 10380 at *19 (quoting <u>Araujo</u>, 693 F.2d at 3).  Importantly, "[p]assive negligence," in this context, has been limited to "instances in which the indemnitee was [merely] vicariously or technically liable."  <u>Araujo</u>, 693 F.2d at 3.

      Plaintiff's Complaint, which provides the substance of The Pointe Group Defendants' indemnification claim, does not in any way characterize The Pointe Group Defendants' role in this dispute as passive.  Cross-Claim at ¶ 28.  Rather, Plaintiff's action is founded upon an express contractual agreement between Plaintiff and The Pointe Group Defendants, an agreement to which KeyBank was not a signator, pursuant to which Plaintiff performed, but never was paid for its services.  As the Cross-Claim concedes, the Complaint "asserts counts against The Pointe

M116899.1                                                                  5

Group for breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel/detrimental reliance, fraudulent misrepresentation, civil conspiracy/concert of action, unfair and deceptive trade practices, fraudulent transfer and unjust enrichment." Cross-Claim at ¶ 7. Additionally, the "Complaint asserts counts against Gerry Freid and Barry Freid for promissory estoppel/detrimental reliance, fraudulent misrepresentation, civil conspiracy/concert of action, unfair and deceptive trade practices, aiding and abetting and unjust enrichment. Id. at ¶ 8.

None of these allegations creates a scenario in which The Pointe Group Defendants could be vicariously or technically liable for the acts or omissions of Defendant KeyBank. Instead, if The Pointe Group Defendants are found liable to Plaintiff, it will be for their own conduct, their own acts or omissions, and not KeyBank's conduct. The Pointe Group Defendant's tort-based indemnity claim does not comport with the well-established law governing such indemnity claims in this jurisdiction and consequently, must be dismissed. See Humana, 2002 U.S. Dist. LEXIS 10380 at *19.

IV. **THE POINTE GROUP DEFENDANTS' CLAIM FOR UNJUST ENRICHMENT IS BARRED, AS THE POINTE GROUP DEFENDANTS HAVE NOT CONFERRED ANY BENEFIT UPON DEFENDANT KEYBANK**

The Pointe Group Defendants' claim of unjust enrichment has no basis in either law or fact. It is firmly established under Massachusetts law that a cause of action for unjust enrichment rests upon the "equitable principle that '[a] person who is unjustly enriched at the expense of another is required to make restitution to the other.'" In Re Relafen Antitrust Litig., 221 F.R.D. 260, 279 (D. Mass. 2004) (quoting Restatement (Third) of Restitution and Unjust Enrichment § 1)). "Consistent with this principle, claims for unjust enrichment share a core of common elements: the plaintiff conferred a benefit upon the defendant, the defendant appreciated or knew of the benefit, and the defendant accepted or retained the benefit under such

circumstances as to make non-payment inequitable." Id.; see Massachusetts v. Mylan Lab., No. 03-11865-PBS, 2005 U.S. Dist. LEXIS 2158, at *22-23 (D. Mass. Feb. 4, 2005). The Pointe Group Defendants' claim for unjust enrichment cannot survive this Motion because they do not allege any facts under which they conferred a benefit upon Defendant KeyBank.

In particular, The Pointe Group Defendants' claim for unjust enrichment rests solely upon the premise that "KeyBank received $29,425,000 from the closing of the Transaction," while "The Pointe Group Defendants received nothing from the closing of the Transaction." [4] See Cross-Claim at ¶ ¶ 32, 33. However, the funds received by Defendant KeyBank at the closing were indisputably owed to KeyBank, as a senior secured lender, pursuant to loan agreements pertaining to the Combined Operations and as such were not a benefit conferred upon KeyBank by The Pointe Group Defendants. See City of Cleveland v. Sohio Oil Co., 2001 WL 1479233 at * 7 (Ohio Ct. App. 8th Dist. Nov. 21, 2001) (explaining that monies conferred on defendant by third parties could not support unjust enrichment); Whitley v. Irwin, 250 Ark. 543, 551 (1971) (stating, "No recovery of money received can be based upon unjust enrichment when the recipient can show a legal or equitable ground for keeping it.") (quoting Beauregard v. Orleans Trust Co., 108 Vt. 42, 46 (1936)); Ciccarelli v. Guar. Bank, 99 P.3d 85, 90 (Colo. App. 2004) (providing that where the "record show[ed] that Chance I bought a bingo hall with $170,000 of the Bank's money and thereafter made payments on that amount…[t]he circumstances [did] not support a conclusion that it would be unjust for the bank to retain the benefit of those loan

---

[4] Intriguingly, in Paragraph 13 of its Cross-Claim, The Pointe Group alleges that the Combined Operations were in debt in excess of $40 million, but that they were not the owners of that property. Given their denial of any ownership interest in the properties at issue, it is unclear how Defendant KeyBank's receipt of $29 million in satisfaction of its loans on the properties could constitute unjust enrichment to the detriment of The Pointe Group.

M116899.1                            7

payments."). Consequently, because The Pointe Group Defendants do not allege that they conferred a benefit upon Defendant KeyBank, there can be no claim for unjust enrichment.

Moreover, in bringing this equitable claim for unjust enrichment, the Pointe Group Defendants contravene the established maxim that "he who seeks equity must do equity." Ciulla v. Rigny, 89 F. Supp. 2d 97, 105 (D. Mass. 2000) (quoting K-Mart Corp. v. Oriental Plaza, Inc., 875 F.2d 907, 910-12 (1st Cir. 1989)); see Weintraub v. L & F Realty Co., Inc., 331 Mass. 711 (1954) (quoting Loud v. Pendergast, 206 Mass. 122, 124 (1910)). In particular, "[i]t is old hat that a court called upon to do equity should always consider whether the petitioning party has acted in bad faith or with unclean hands." Texas Puerto Rico, Inc. v. Dept. of Consumer Affairs, 60 F.3d 867, 880 (1st Cir. 1995). Consequently, as The Pointe Group Defendants have allegedly breached their agreement with Plaintiff CBW and have yet to remedy this breach, equitable relief is inappropriate in this instance and The Pointe Group Defendants' claim for unjust enrichment must be dismissed.

## V. THE POINTE GROUP DEFENDANTS HAVE FAILED TO ADEQUATELY PLEAD A CAUSE OF ACTION FOR CONTRIBUTION

It is well established under Massachusetts law that the "viability of a claim for contribution depends upon three elements: (1) the existence of 'overlapping liability' of two persons; (2) support in the controlling body of substantive law for distribution of the burden of loss between the two; and (3) the availability of a procedural avenue for advancing the claim between them." In re Atlantic Fin. Mgm't, Inc., 603 F. Supp. 135, 137 (D. Mass. 1985) (quoting Shapiro v. Miami Oil Prod., Inc., 84 F.R.D. 234, 239 (D. Mass. 1979). The Pointe Group Defendants cannot satisfy the first of these three elements, and consequently, their claim for contribution must be dismissed. In asserting their claim for contribution, The Pointe

Group Defendants merely advance Plaintiff's efforts to "dress up what is in essence a breach of contract claim to appear more pleasing to a tort lover's eye." Mead Corp. v. Stevens Cabinets, Inc., 938 F. Supp. 87, 91 (D. Mass. 1996).

At its core, the Complaint alleges a breach of contract claim involving a contract to which KeyBank was indisputably not a signator. See Exhibit A to Plaintiff's Complaint. This is evidenced by the fact that Plaintiff brings a breach of contract claim against The Pointe Group and not KeyBank. See Complaint at ¶¶ 100-107. The Pointe Group is attempting to use the law of contribution to rewrite the terms of its contract with Plaintiff CBW and hold KeyBank – a non-signator – liable for its alleged breach of the contract. It is axiomatic that a nonsignator to a contract cannot be held liable for a breach of contract claim and this Court should reject The Pointe Group Defendants' attempt to do so. See Mietka v. C & S Distrib. Corp. v. United Vinyl Distrib. Corp., 1999 Mass. App. Div. 173, 173-74 (1999) (stating, "Based upon the evidence before the court it appears that Appellant was not a party to the contract and, as such, cannot be held liable for breach of contract."). Therefore, to the extent The Pointe Group is deemed liable to Plaintiff for this alleged breach, its liability in this regard cannot and does not overlap with any liability on the part of KeyBank. As a result, The Pointe Group cannot establish "[e]vidence of the contributor's liability" which is, under firmly established Massachusetts law, "an irreducible minimum" for survival of its claim. Lauring v. Lincoln, No. 92-00014, 1994 Mass. Super. LEXIS 334, at *6 (Mass. Super. Ct. 1994).

## CONCLUSION

The Pointe Group Defendants' Cross-Claim against KeyBank is just the most recent attempt to shirk their own responsibility for their actions. As there is no basis under which KeyBank is responsible for the actions of The Pointe Group, Defendants' Cross-Claim must be dismissed.

Dated: April 18, 2005                    Respectfully submitted,

                                         KEY CORPORATE CAPITAL, INC.

                                         By its attorneys

                                         NIXON PEABODY LLP

                                         /s/W. Scott O'Connell
                                         W. Scott O'Connell (#559669)
                                         Courtney Worcester (#643180)
                                         889 Elm Street
                                         Manchester, NH 03101
                                         (603) 628-4000
                                         soconnell@nixonpeabody.com
                                         cworcester@nixonpeabody.com

ii

M116899.1