UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 04CV12333 MEL

|  |  |
|---|---|
| CASAS, BENJAMIN & WHITE, LLC<br>　　　　　　　　　Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| THE POINT GROUP, INC.,<br>GERALD S. FREID; BARRY FREID;<br>KEY CORPORATE CAPITAL, INC.<br>　　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>) |

**OPPOSITION OF DEFENDANT, THE POINTE GROUP, INC., TO PLAINTIFF, CASAS, BENJAMIN & WHITE, LLC'S MOTION TO COMPEL SUPPLEMENTAL <u>PRODUCTION OF DOCUMENTS</u>**

Defendant, The Pointe Group, Inc. ("TPG") hereby responds to the Motion of Plaintiff, Casas, Benjamin &White, LLC ("CBW"), to Compel Supplemental Production of Documents from TPG (the "Motion to Compel"). In support of this Opposition, TPG states as follows:

In the Motion to Compel, CBW seeks to compel the supplemental production of certain documents sought in its First Request for Production of Documents (the "Document Request"). More specifically, CBW seeks to compel the production of documents sought in Requests 2, 4 and 32 of the Document Request. Request 2 seeks:

All documents related to the formation, operation, membership, mission and purpose of TPG, including but not limited to, meeting minutes, stockholder lists, calendars, diaries, planners, notes, letters, memoranda, e-mails, journals, telephone logs, expense reports, or other written correspondence of documents that reflect or evidence the activities of TPG.

In its response to Request 2, TPG stated:

The Defendant objects to Request No. 2 on the grounds that it is overbroad and unduly burdensome and seeks documents irrelevant to the issues raised in this litigation and is not limited in time or scope. The Defendant further objects to Request No. 2 on the grounds that the documents sought in Request No. 2 are not reasonably calculated to lead to the discovery of admissible evidence.

Request 4 seeks:

All documents related to the formation, operation, mission and purpose of each of the entities comprising the Combined Operations, including but not limited to, meeting minutes, stockholder lists, calendars, diaries, planners, notes, letters, memoranda, e-mails, journals, telephone logs, expense reports, or other written correspondence or documents that reflect or evidence the activities of the Combined Operations.

In its response to Request 4, TPG stated:

The Defendant objects to Request No. 4 on the grounds that it is overbroad and unduly burdensome and seeks documents irrelevant to the issues raised in this litigation and is not limited in time or scope. The Defendant further objects to Request No. 4 on the grounds that the documents sought in Request No. 4 are not reasonably calculated to lead to the discovery of admissible evidence. The Defendant does not have possession, custody or control over certain documents belonging to the Healthcare Entities.

Requests 2 and 4 essentially seek all documents related in any manner to the business operations of TPG or the non-party Healthcare Entities. In seeking to compel the production of all documents related to the "operation" of TPG and the Healthcare Entities, Requests 2 and 4 seek (by use of the word "operation") every single document, whether relevant to this litigation or not, in the possession, custody or control of TPG and the Healthcare Entities. In its timely, voluminous production of thousands of pages of documents responsive to the Document Request, TPG produced all documents in its possession related to its formation and purpose (its general counsel testified in deposition that he <u>may</u> have additional formation or ownership documents, if so, they will be produced forthwith). However, TPG cannot reasonably be expected to produce all documents relating to its "operation." Requests 2 and 4 seek, literally, every single document in TPG or the Healthcare Entities' offices, as every document in their possession relates either to formation and purpose or, in some manner, to their respective operations. TPG simply cannot reasonably comply with these broad, sweeping requests as it would require a production that would undoubtedly be excessively burdensome, extremely costly and time consuming (not to mention violative of patients' rights to privacy). Additionally, CBW

2

has offered no support as to why all the documents it seeks related to the operation of TPG are relevant, in any way, to this litigation which involves an alleged breach of contract for the payment of a brokerage commission. Finally, in a letter dated April 18, 2005, counsel for TPG agreed to make a substantial effort to locate any additional documents responsive to the Document Request. CBW, however, waited less than 21 days before filing the Motion to Compel. Surely TPG cannot be expected to produce every document that relates to its operations in less than 3 weeks time. Based on the foregoing, the Motion to Compel as to Requests 2 and 4 should be denied or substantially limited in scope as TPG cannot reasonably be expected to produce all documents related to its operations.

CBW also seeks to compel the production of documents it sought it Request 32 of the Document Request. Request 32 seeks:

All documents which refer or relate to any entity or individual with an ownership interest in TPG and/or one or more of the Combined Operations, including but not limited to, the name and address of each owner, officer, director and shareholder, the date and amount of any such shares purchased and the consideration, if any, paid for such shares.

In its response to Request 32, TPG stated:

The Defendant objects to Request No. 32 on the grounds that it is overbroad and unduly burdensome and seeks documents irrelevant to the issues raised in this litigation and is not limited in time or scope. The Defendant further objects to Request No. 32 on the grounds that the documents sought in Request No. 32 are not reasonably calculated to lead to the discovery of admissible evidence. The Defendant does not have possession, custody or control over certain documents belonging to the Healthcare Entities.

In Request 32, CBW seeks all documents which relate or refer to any individuals or entities with an ownership interest in TPG or the Healthcare Entities. Those individuals are not parties to this case. Similar to Requests 2 and 4, Request 32 is overly broad and unduly burdensome in that it seeks all documents that would include as little as the mere mention of a name of each and every person with an ownership interest in TPG or the Healthcare Entities.

3

Producing every document CBW seeks in Request 32 would create an enormous burden, both financially and otherwise, on TPG and CBW has not shown how each and every document with so little as just a name of someone with an ownership interests in TPG or the Healthcare Entities (none of whom are parties to this case) is relevant to this litigation.

Finally, CBW seeks to compel the creation of a privilege log, within 10 days from this Court's order, containing a list of all documents withheld from TPG's document production based on a claim of attorney/client or work product privilege. In its response to the Document Request, TPG did not object to producing such a privilege log, but rather, it requested that CBW bear the expense for creating such a log. Creating an unnecessary privilege log would be extremely time consuming and expensive and TPG should not be forced to incur such costs.

WHEREFORE, The Pointe Group, Inc. respectfully requests that the court deny Casas, Benjamin & White, LLC's Motion to Compel Supplemental Production of Documents and that the court grant such other further relief as is just.

          Respectfully Submitted,

          THE POINTE GROUP, INC.

          By its attorneys,

          /s/Todd B. Gordon\_\_\_
Stephen F. Gordon (BBO No. 203600)
Todd B. Gordon (BBO No. 652482)
Gordon Haley LLP
101 Federal Street
Boston, Massachusetts 02110
Tel:   (617) 261-0100
Fax:   (617) 261-0789

Dated: June 2, 2005

P:\Clients\Pointe Group \CBW Plead\Opp to motion to compel re TPG.doc