UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 04CV12333 MEL

_____

CASAS, BENJAMIN & WHITE, LLC            )
                          Plaintiff,    )
                                        )
v.                                      )
                                        )
THE POINT GROUP, INC.,                  )
GERALD S. FREID; BARRY FREID;           )
KEY CORPORATE CAPITAL, INC.             )
                          Defendants.   )
_____)

OPPOSITION OF CRANBERRY POINT PARTNERSHIP, BOYLSTON PLACE AT
CHESTNUT HILL, LLC, CRANBERRY POINTE NURSING HOME, INC., HAMMOND
POINTE NURSING HOME, LLC AND CHESTNUT HILL LIFE CARE REALTY, LLC TO
PLAINTIFF, CASAS, BENJAMIN & WHITE, LLC'S, MOTION TO COMPEL
PRODUCTION OF DOCUMENTS

Non-parties, Cranberry Point Partnership, Boylston Place at Chestnut Hill, LLC,

Cranberry Pointe Nursing Home, Inc., Hammond Pointe Nursing Home, LLC and Chestnut Hill

Life Care Realty, LLC (collectively, the "Healthcare Entities") hereby respond to the Motion of

Plaintiff, Casas, Benjamin &White, LLC ("CBW"), to Compel Production of Documents (the

"Motion to Compel").  In support of this Opposition, the Healthcare Entities state as follows:

In the Motion to Compel, CBW seeks to compel the Healthcare Entities' production of

documents in response to Schedule A of CBW's Keeper of the Record subpoenas served on each

of the Healthcare Entities.  Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure provides in

pertinent part:

[A] person commanded to produce and permit inspection and copying may … serve upon the
party or attorney … written objection to inspection or copying of any or all of the designated
materials…. If objection is made, the party serving the subpoena shall not be entitled to inspect
and copy the materials…except pursuant to an order of the court…. If objection has been made,
the party serving the subpoena may … move at any time for an order to compel production.

Such an order to compel production **shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.**

Fed. R. Civ. P. 45(c)(2)(B) (emphasis added).

Federal Rule of Civil Procedure 45(c)(2)(B) was designed to protect non-parties such as the Healthcare Entities from incurring significant and unnecessary expenses resulting from the inspection and copying of documents.  In the Motion to Compel, CBW correctly states that at the Keeper of the Records deposition of Chestnut Hill Life Care Realty, LLC, Frank Barker, the Keeper of the Records for all of Healthcare Entities and Defendant, The Pointe Group, Inc. ("TPG"), stated that he had not conducted a search for any of the documents responsive to CBW's subpoena.  Mr. Barker, however, did not need to undertake the time and expense of a new search for the requested documents as he is the keeper of the records for all of the non-party Healthcare Entities and Defendant, TPG, and is already familiar with the documents in the possession of the Healthcare Entities and TPG.  Mr. Barker conducted no search because, after reviewing the deposition subpoena, it was clear to him that any documents the Healthcare Entities had in their possession would either (i) be duplicative of the documents already produced by TPG in the thousands of pages of documents it produced on our about March 2, 2005 or (ii) would result in the unnecessary production of years of nursing home operational records (with attendant patient privacy issues).  Thus, nearly all of the documents in the possession of the Healthcare Entities that are responsive to CBW's subpoenas have already been produced by TPG and to require the Healthcare Entities to produce these documents again would result in significant and unnecessary expense for the non-party Healthcare Entities.

In an e-mail dated April 25, 2005, in an effort to avoid unnecessary expenses for all parties involved and the Healthcare Entities, the Healthcare Entities offered to voluntarily produce all conceivably relevant documents that being, any documents in their possession

relating to their formation, ownership, leases, financial statements and tax returns. Despite this good faith offer by the Healthcare Entities to produce documents not previously produced by TPG, CBW was not satisfied and instead countered that **its counsel** should be permitted to come to the offices of the Healthcare Entities and be given unfettered access to inspect and copy any and all documents in the possession of the Healthcare Entities. For numerous reasons, the first of which would involve a breach of the medical professional/patient confidentiality along with attorney/client privilege, the Healthcare Entities cannot allow an unauthorized third party to simply review and copy any and all documents in their possession. It was CBW who chose not to take the Healthcare Entities up on their non-binding offer to produce documents responsive to the subpoena and instead CBW requested, in essence, a free for all by seeking access for opposing counsel to all of the Healthcare Entities' files.

The Motion to Compel should be denied as producing all of the documents CBW seeks in its deposition subpoenas would be unduly burdensome, both financially and otherwise, on the non-party Healthcare Entities and such production, beyond what the Healthcare Entities would have voluntarily agreed to produce, would be entirely duplicative of the voluminous document production previously made by TPG.

WHEREFORE, Cranberry Point Partnership, Boylston Place at Chestnut Hill, LLC, Cranberry Pointe Nursing Home, Inc., Hammond Pointe Nursing Home, LLC and Chestnut Hill Life Care Realty, LLC respectfully request that the court deny Casas, Benjamin & White, LLC's Motion to Compel Production of Documents and that the court grant such other further

relief as is just.

<div style="margin-left: 40%;">

Respectfully Submitted,

CRANBERRY POINT PARTNERSHIP,
BOYLSTON PLACE AT CHESTNUT HILL, LLC,
CRANBERRY POINTE NURSING HOME, INC.,
HAMMOND POINTE NURSING HOME, LLC
AND CHESTNUT HILL LIFE CARE REALTY,
LLC

By its attorneys,


/s/Todd B. Gordon
Stephen F. Gordon (BBO No. 203600)
Todd B. Gordon (BBO No. 652482)
Gordon Haley LLP
101 Federal Street
Boston, Massachusetts 02110
Tel:     (617) 261-0100
Fax:     (617) 261-0789

</div>

Dated: June 2, 2005

P:\Clients\Pointe Group \CBW Plead\Opp to mot to compel re Entities.doc