UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CASAS, BENJAMIN & WHITE, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE POINTE GROUP, INC., a )<br>Massachusetts corporation d/b/a The Pointe )<br>Group Healthcare and Senior Living; )<br>GERALD S. FREID; BARRY FREID; and )<br>KEY CORPORATE CAPITAL, INC., )<br>)<br>Defendants. ) | No. 04-12333-MEL<br><br><br><br><br><br><br><br><br>**HEARING REQUESTED** |

### MOTION OF PLAINTIFF, CASAS, BENJAMIN & WHITE, LLC, TO COMPEL PRODUCTION OF DOCUMENTS FROM CENTURY BANK AND TRUST COMPANY

Plaintiff Casas, Benjamin & White, LLC (hereinafter, "Plaintiff" or "CBW"), moves pursuant to Rules 37(a)(2)(B) and 45 of the Federal Rules of Civil Procedure for an order requiring Century Bank and Trust Company to produce documents in response to Schedule A of CBW's deposition subpoena, served on the Bank on May 10, 2005. In support of this motion, CBW submits a Certificate of Compliance with Rules 7.1 and 37.1 of the Local Rules of the U.S. District Court for the District of Massachusetts, and further states as follows.

This case is brought against The Pointe Group, Inc. ("TPG"), Barry and Gerald Freid, and Key Bank (hereinafter, collectively, "Defendants") to recover money damages in excess of one million dollars that CBW suffered because it was never paid for services CBW performed for the benefit of Defendants. Specifically, TPG and the Freids retained CBW to provide certain investment banking services in connection with the sale or refinance of certain nursing homes and assisted living facilities, and agreed to pay CBW a percentage of the value of any transactions consummated in connection with the sale or refinance of those facilities. After

CBW performed all of its obligations under the parties' contract, and the facilities were in fact sold, Defendants wrongfully failed and refused to pay CBW's contracted-for fee, and instead retained sale proceeds that should have been paid to CBW.

CBW alleges that TPG breached a contract with CBW, breached the implied covenant of good faith and fair dealing, that the Freids aided and abetted TPG's misconduct, and that all Defendants were unjustly enriched by the benefits that they wrongfully derived from CBW's services, and engaged in fraudulent misrepresentation, civil conspiracy, and violations of M.G.L. c. 93A. CBW seeks recovery of actual damages, double or treble damages, costs and attorneys' fees by virtue of Defendants' willful or knowing unfair and/or deceptive acts.

Based on the foregoing, CBW filed a motion for preliminary injunction, an accounting, and attachment of real estate on December 22, 2004. Defendants filed an Opposition to CBW's motion on January 4, 2005. In support of their claim that the Court should deny CBW's request for an accounting, defendants argued in their Opposition as well as at the hearing on CBW's motion (on January 19, 2005) that CBW had been provided with an accounting of the disbursements of proceeds from the September 30, 2004 closing. Therefore, defendants argued, CBW's request for an accounting was "moot" and should be denied. Defendants' counsel, Stephen F. Gordon, Esq., also stated at the hearing (and on several subsequent occasions) that neither TPG nor the Freids received any proceeds from the Epoch transaction, implying that an accounting of disbursements to TPG or the Freids would show nothing and therefore was not necessary.

Based on the defendants' Opposition and defendants' counsel's representations, the Court denied CBW's motion without prejudice. The Court further indicated, however, that it was

2

"prepared to order early depositions of anyone CBW would like to depose," and "to consider another motion for preliminary relief should the disputed facts be clarified."

Since the Court issued this Order, CBW has attempted through discovery to obtain a complete picture of what happened in the days leading up to the closing on the transaction, on the day of the closing, and in the days following the closing. While defendants have obstructed these efforts at every opportunity,[1] documents produced by one of the two closing escrow agents, Fidelity National Title Insurance Company ("Fidelity"), have revealed that, contrary to representations made by TPG's counsel, one or more of the defendants received $869,055 in closing disbursements at some point between November 4 – 9, 2004. (True and accurate copies of correspondence, account statements, and cancelled checks associated with the disbursement of $869,055 in closing disbursements to the defendants are attached at Exhibit A.)[2]

Based on the information revealed in the aforementioned documents produced by Fidelity, CBW drafted a deposition subpoena to Century Bank, the banking institution used by several of the defendants including TPG and the Freids, to determine which individual(s) and/or entit(ies) received the closing disbursements. Schedule A of the deposition subpoena, a true and accurate copy of which is attached hereto as Exhibit C, sought the following responsive documents.

> Any and all documents relating to, regarding, evidencing, identifying, reflecting, or concerning all accounts including, but not limited to, savings, operating, capital, or checking accounts **(including account number 011301390 and/or A/011301390)**; account statements (whether monthly, annually or otherwise); memoranda; notes; correspondence including e-mail; and copies of all checks from any and all checking accounts, for accounts standing in the name of Freid & Tobin Venture Partners, The

---

[1] On May 9, 2005, CBW filed a motion to compel a supplemental production of documents from TPG, and a motion to compel the five healthcare entities affiliated with TPG and involved in the Epoch transaction to respond to Keeper of Records subpoenas.

[2] CBW requested these same documents from the defendants as part of its First Request for Production of Documents to TPG (Request Nos. 41 and 42). (See Exhibit B). However, the documents produced by the defendants in response to CBW's Requests revealed nothing about their (now confirmed) receipt of $869,055 in closing disbursements at some point between November 4 – 9, 2004.

3

>Pointe Group, Inc., The Pointe Group Healthcare & Senior Living, Hammond Pointe Nursing Home, LLC, Cranberry Pointe Partnership, Boylston Place at Chestnut Hill, LLC, Cranberry Pointe Nursing Home, Inc., Chestnut Hill Life Care Realty, LLC, Barry Freid, and/or Gerald Freid, whether such accounts are in the name of the individuals or entities individually, jointly with another, by another on his or its behalf, or on behalf of another as custodian/trustee. [The period covered by this request is June 1, 2004 to the present.]

On May 16, 2005, Century Bank informed CBW's counsel that, due to its receipt of a written objection from "the Bank's customer," it would not produce any responsive documents nor attend a deposition in response to CBW's subpoena absent a court order. (A true and accurate copy of Century Bank's May 16, 2005 letter is attached hereto as Exhibit D).

Upon receipt of this letter, CBW's counsel demanded that Century Bank produce a copy of the "written objection" referenced in the Bank's May 16th letter. On May 19, 2005, CBW's counsel received the purported "objection" from Century Bank, which inexplicably consisted of a letter from Attorney Gordon, dated May 17, 2005, objecting to the production of any records in response to the subpoena. This letter was clearly drafted after CBW's counsel demanded proof that the Bank's customer had objected to the production. Making matters worse, Attorney Gordon's letter specifies no grounds for the objection, and indeed his letter appears to contemplate that the Bank will be ordered to produce the documents upon filing of a motion to compel. (A true and accurate copy of Mr. Gordon's May 17, 2005 letter, which none of the parties to this lawsuit were copied on, is attached hereto as Exhibit E).

In light of this procedural history, CBW respectfully requests that the Court compel Century Bank to conduct a good faith search of its files for documents responsive to Schedule A of CBW's deposition subpoena, and to produce those records for inspection and copying on rescheduled deposition dates. As noted above, the defendants received $869,055 in closing disbursements at some point between November 4 – 9, 2004. CBW is entitled to discovery as to

4

which of the defendants' accounts, if any, the disbursements (and any other monies related to the closing) were deposited, and as to any disbursements made from those accounts. This information is relevant to all of CBW's claims against the defendants, including its breach of contract, unjust enrichment and Chapter 93A claims. Moreover, because defendants' counsel obstructed the production of documents without any basis or factual support, CBW requests an award of costs against defendants TPG and the Freids.

WHEREFORE, Casas, Benjamin & White, LLC, respectfully requests that this Court grant its Motion to Compel Century Bank and Trust Company to undertake a good faith search for documents responsive to Schedule A of CBW's deposition subpoena and to produce those documents for inspection and copying on rescheduled deposition dates, and further requests an award of its costs and attorneys' fees incurred in filing the instant motion.

A proposed form of Order is attached hereto.

Respectfully submitted,

CASAS, BENJAMIN & WHITE, LLC

By its attorneys,

/s/ Michael R. Bernardo
Thomas E. Peisch (BBO# 393260)
Erin E. Higgins (BBO# 559510)
Michael R. Bernardo (BBO# 648310)
CONN KAVANAUGH ROSENTHAL
 PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA  02109
(617) 482-8200

Dated: June 3, 2005
       Boston, Massachusetts

5

## LOCAL RULE 7.1 & 37.1 CERTIFICATION

The undersigned counsel hereby certifies that plaintiff's counsel has conferred with Century Bank and Trust Company and counsel for defendants The Pointe Group, Inc., Barry and Gerald Freid through written and oral communications, and attempted in good faith to resolve or narrow the issues raised in this motion.

/s/ Michael R. Bernardo
Michael R. Bernardo

Dated: June 3, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CASAS, BENJAMIN & WHITE, LLC, )<br>  )<br>Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>THE POINTE GROUP, INC., a  )<br>Massachusetts corporation d/b/a The Pointe  )<br>Group Healthcare and Senior Living;  )<br>GERALD S. FREID; BARRY FREID; and  )<br>KEY CORPORATE CAPITAL, INC.,  )<br>  )<br>Defendants.  ) | No.  04-12333-MEL |

## ORDER

This matter having come on for hearing on plaintiff's motion to compel production of documents from Century Bank and Trust Company, it is hereby Ordered:

1.  Century Bank and Trust Company shall, within ten (10) days of this Order, undertake a good faith search for documents responsive to Schedule A of plaintiff's deposition subpoena, and to produce those documents for inspection and copying at a deposition to take place on a mutually agreeable date within thirty (30) days from the date of this Order.

2.  Further, Plaintiff shall recover from defendants The Pointe Group, Inc., Barry Freid and Gerald Freid its reasonable costs and attorneys' fees incurred in connection with the filing of its motion, and shall file an affidavit of counsel detailing such costs and attorneys' fees within ten (10) days from the date of this Order.

So Ordered.

Dated: _____, 2005

_____
Lasker, D.J.

227847.1