**A**

 **Fidelity National Title Insurance Company**

**Jacquelyn Byrne**
jbyrne@fnf.com

October 1, 2004                                    *VIA HAND DELIVERY*

Andrew C. Sucoff, Esq.
Goodwin Procter, LLP
Exchange Place
Boston, MA 02109

Re:    Cranberry Pointe
       Heath Street, Brookline
       Our File Number 04-0220

Dear Andrew:

Enclosed herewith please find a check in the amount of $869,055.00, representing the payment to settle Medicaid in connection with the above named property.

Please contact me with any questions that you may have.

Very truly yours,

*Jacquelyn Byrne*

Jacquelyn Byrne

58

THIS DOCUMENT HAS AN ARTIFICIAL WATERMARK ON REVERSE SIDE HOLD AT AN ANGLE TO VIEW-PAPER CONTAINS ULTRAVIOLET FIBERS.

002598

**FIDELITY NATIONAL TITLE INSURANCE COMPANY**
ESCROW ACCOUNT - NORTH NEW ENGLAND 11943
133 FEDERAL STREET, 12TH FLOOR
BOSTON, MA 02110
(617) 350-8826

CITIZENS BANK
MASSACHUSETTS
5-7017/2110

ESCROW NO.     40220

October 1, 2004

PAY     EIGHT HUNDRED SIXTY-NINE THOUSAND FIFTY-FIVE AND 00/100******************

$  * 869,055.00*

TO
THE
ORDER
OF

COMMONWEALTH OF MASSACHUSETTS

ESCROW TRUST ACCOUNT - VOID AFTER 90 DAYS

TWO SIGNATURES REQUIRED

MP
MP

⑈002598⑈ ⑈211070175⑈ ⑈13494444 7⑈

**DETACH AND RETAIN THIS STATEMENT**
THE ATTACHED CHECK IS IN PAYMENT OF THE ITEMS DESCRIBED BELOW.
IF NOT CORRECT PLEASE NOTIFY US PROMPTLY. NO RECEIPT DESIRED.

REF: SETTLE MEDICAID

002598

**FIDELITY NATIONAL TITLE INSURANCE COMPANY**
ESCROW ACCOUNT - NORTH NEW ENGLAND 11943

Escrow Number 40220

County #/Branch # 0119/1043

Check No. 2598

Date 10-01-2004

Amount  869,055.00

Buyer : HEATH ST, BROOKLINE

Seller :

# CHECK ADJUSTMENT RECORD

| DATED: | COUNTY CODE: | BRANCH CODE: |
|---|---|---|
| November 4, 2004 | 0119 | 1043 |

| CURRENT TRANSACTION | | | | |
|---|---|---|---|---|
| Check No. | 0000000002598 | Date | 10-01-2004 | Amount | -869,055.00 DB |
| Paid to | COMMONWEALTH OF MASSACHUSETTS | | | |
| Order No. | 00040220 | | | |

| ADJUSTED TRANSACTION | | | | |
|---|---|---|---|---|
| Check No. | 0000000002598 | Date | 11-04-2004 | Amount | 869,055.00 CR |
| Paid to | COMMONWEALTH OF MASSACHUSETTS | | | |
| Order No. | 00040220 | | | |

| Initials | VL | |
|---|---|---|
| Description | Cancelled Check | USER1 |

FILE COPY

5

LAW OFFICES

# McCULLOUGH, STIEVATER & POLVERE, LLP

121 MAIN STREET

CHARLESTOWN, MASSACHUSETTS 02129-3525

(617) 241-8332

FAX: (617) 241-9401

www.msplegal.com

JOHN C. McCULLOUGH
WILLARD J. STIEVATER
DANIEL M. POLVERE
KEVIN M. WALSH
I. BURTON ISAACS
GEORGE M. MEGALOUDIS
GERALD D. McGONIGLE
MARY ANNE TYLER, Paralegal

RICHARD J. SULLIVAN, JR.
Of Counsel

November 3, 2004

## DELIVERED BY COURIER

Terence J. Nolan, Esq.
Fidelity National Title Insurance Company
133 Federal Street
Boston, MA  02110

**RE:    Sale of Cranberry Pointe Rehabilitation and
         Skilled Care Center to Nationwide Health Properties, Inc.**

Dear Mr. Nolan:

In connection with the above matter, enclosed herewith please find a check drawn on the account of Fidelity National Title Insurance Company of New York in the amount of $869,055.00.  This check was not utilized following the sale of Cranberry Pointe Rehabilitation and Skilled Care Center.

You are hereby directed by the undersigned to release immediately a check in the amount of $869,055.00 from closing funds being held by Fidelity National Title Insurance Company of New York made payable to Cranberry Pointe Nursing Home, Inc. to McCullough, Stievater & Polvere, LLP, Counsel for Cranberry Pointe Nursing Home, Inc.  Please call Mary Anne Tyler at McCullough, Stievater and Polvere when the check is available to be picked up.

Thank you for your assistance in this matter.

Very truly yours,

Epoch Senior Living
By its attorney,

_____
Andrew C. Sugoff, P.C.
Goodwin Procter, LLP
Exchange Place
Boston, MA  02109

Cranberry Pointe Nursing Home, Inc.
By its attorney,

_____
John C. McCullough, Esq.
McCullough, Stievater & Polvere, LLP
121 Main Street
Charlestown, MA  02129

LAW OFFICES

# McCULLOUGH, STIEVATER & POLVERE, LLP

121 MAIN STREET

CHARLESTOWN, MASSACHUSETTS 02129-3525

———

(617) 241-8332

FAX: (617) 241-9401

www.msplegal.com

JOHN C. McCULLOUGH
WILLARD J. STIEVATER
DANIEL M. POLVERE
KEVIN M. WALSH
I. BURTON ISAACS
GEORGE M. MEGALOUDIS
GERALD D. McGONIGLE
MARY ANNE TYLER, Paralegal

RICHARD J. SULLIVAN, JR.
Of Counsel

November 3, 2004

## DELIVERED BY COURIER

Andrew C. Sucoff, Esq.
Goodwin Procter, LLP
Exchange Place
Boston, MA  02109

RE:    Pointe/Epoch

Dear Andy:

Per your e-mail to me today, enclosed please find the letter of instruction to Terry Nolan executed by John McCullough as attorney for Cranberry Pointe Nursing Home, Inc.  Please deliver to Terry as soon as possible.

Please fax me a copy of the letter executed by you.

If you have any questions, please call.

Thank you for your assistance in this matter.

Very truly yours,

Mary Anne Tyler
Paralegal

mat

Enclosures as indicated

cc:    B. Freid (w/enclosure)
        F. Barker (w/enclosure)



THIS DOCUMENT HAS AN ARTIFICIAL WATERMARK ON REVERSE SIDE. HOLD AT AN ANGLE TO VIEW. PAPER CONTAINS ULTRAVIOLET FIBERS.

**FIDELITY NATIONAL TITLE INSURANCE COMPANY**
ESCROW ACCOUNT - NORTH NEW ENGLAND 11943
133 FEDERAL STREET, 12TH FLOOR
BOSTON, MA  02110
(617) 350-8828

CITIZENS BANK
MASSACHUSETTS
5-7017/2110

002598

ESCROW NO.        4002A

PAY        $

TO
THE
ORDER
OF

ESCROW TRUST ACCOUNT - VOID AFTER 90 DAYS

MP

MP

TWO SIGNATURES REQUIRED

FIDELITY NATIONAL TITLE INSURANCE COMPANY
ESCROW ACCOUNT - NORTH NEW ENGLAND 11943

**DETACH AND RETAIN THIS STATEMENT**
THE ATTACHED CHECK IS IN PAYMENT OF THE ITEMS DESCRIBED BELOW.
IF NOT CORRECT PLEASE NOTIFY US PROMPTLY.  NO RECEIPT DESIRED.

002598



# Fidelity National Title Insurance Company

**Jacquelyn Byrne**
**jbyrne@fnf.com**

November 4, 2004



*VIA HAND DELIVERY*

Mary Anne Tyler
McCullough, Stievater & Polvere, LLP
121 Main Street
Charlestown, MA 02129

Re: Cranberry Pointe and Nationwide Health Properties
    Our File Number 04-0220

Dear Ms. Tyler:

Per your request, enclosed herewith please find a check made payable to Cranberry Pointe Nursing Home, Inc. in the amount of $869,055.00.

Please do not hesitate to call should you require any further assistance with this matter.

Very truly yours,

Jacquelyn Byrne

24

**CITIZENS BANK** - ESCROW REQUISITION FORM      Page _8_ Of ____

DATE: _11/9/04_                          FILE NO. _04-0220_

BUYER: _Cranberry Pointe_               _RUSH PL3_

SELLER: _____

PROPERTY ADDRESS: _Heath St, Brookline_
_____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**CITIZENS BANK** - MASTER ESCROW ACCOUNT NO. **1134914447**
**SUB-FIMMA ACCOUNT NO. (IF APPLICABLE):** _____

**DEPOSITS:**

_cancel cr # 002598_                     $ _869,055.00_ ✓

_____   $ _____

_____   $ _____

BALANCE CARRIED FORWARD FROM (DATE): _10/22/04_   $ _698.22_

TOTAL AMOUNT AVAILABLE TO BE DISBURSED:   $ _869,753.22_
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DISBURSEMENTS:**

| Payee: | Check/Wire No. | Amount |
|--------|----------------|--------|
| _Cranberry Pointe Nursing Home, Inc._ | _#208_ | _869,055.00_ ✓ |
| ~~_Commonwealth of MA_~~ VOIDED 11/9/04  _2 Mtg Disc._  _record & Iucc term_ | _#209_ | ~~NTE 200~~ 200 |
| ~~_Commonwealth of MA_~~ VOIDED 11/9/04  _2 Mtg Dis._  _record i UCC Term_ | _#210_ | _NTE 200_ — |

TOTAL DISBURSEMENTS ON THIS PAGE:    _869,055.00_

BALANCE REMAINING:    _698.22_

AUTHORIZED SIGNATURE: _____



**FIDELITY NATIONAL TITLE INSURANCE COMPANY**
ESCROW ACCOUNT - NORTH NEW ENGLAND 11943
133 FEDERAL STREET, 12TH FLOOR
BOSTON, MA 02110
(617) 350-8828

CITIZENS BANK
MASSACHUSETTS
5-701/2110

002708

November 4, 2004

ESCROW NO.    40220

$ **869,055.00**

EIGHT HUNDRED SIXTY-NINE THOUSAND FIFTY-FIVE AND 00/100

PAY TO THE ORDER OF   CRANBERRY POINTE NURSING HOME, INC

ESCROW TRUST ACCOUNT - VOID AFTER 90 DAYS

TWO SIGNATURES REQUIRED

⑈002708⑈ ⑆211070175⑆ 1134914447⑈        ⑈0086905500⑈

for deposit only

34

County # / Name : 0119 - Essex
Branch #/ Name : 1043 - FNT-NO. New England

Report Date : 11/09/2004
Report Time : 09:16:18 AM

## STATUS LEDGER FOR 40220 - 11/08/2004

| Opened | : - - | Transaction Type : Pass Thru | Product Price : $ | 0.00 |
| Closed | : - - | Seller : | | |
| | | Buyer : HEATH ST, BROOKLINE | | |

| Date | TC | CA | Reference# | Description | PI | Amount | Balance |
|------|-----|-----|------------|-------------|-----|--------|---------|
| 09-28-2004 | IW | 01 | 0000000000515 | From: SOVEREIGN BANK OF NE | | 100,000.00 CR | 100,000.00 CR |
| 09-30-2004 | IW | 01 | 0000000000536 | From: WELLS FARGO BANK | | 32,000,000.00 CR | 32,100,000.00 CR |
| 09-30-2004 | C | 01 | 0000000002595 | DEED STAMPS | | 76,548.72 DB | 32,023,451.28 CR |
| 10-01-2004 | IW | 01 | 0000000000539 | From: CENTURY BANK & TRUST | | 204,688.37 CR | 32,228,139.65 CR |
| 10-01-2004 | IW | 01 | 0000000000538 | From: INTRA FILE TRANSFER | | 126,316.10 CR | 32,354,455.75 CR |
| 10-01-2004 | C | 01 | 0000000002598 | REF: SETTLE MEDICAID | | 869,055.00 DB | 31,485,400.75 CR |
| 10-01-2004 | OW | 01 | 0000000000658 | To: KEY BANK | | 29,425,000.00 DB | 2,060,400.75 CR |
| 10-01-2004 | OW | 01 | 0000000000659 | To: SOVEREIGN BANK | | 1,434,634.03 DB | 625,766.72 CR |
| 10-01-2004 | OW | 01 | 0000000000660 | To: WELLS FARGO BANK | | 11,182.50 DB | 614,584.22 CR |
| 10-01-2004 | OW | 01 | 0000000000656 | To: MELLON TRUST OF NE | | 162,400.00 DB | 452,184.22 CR |
| 10-01-2004 | OW | 01 | 0000000000657 | To: MELLON TRUST OF NE | | 400,000.00 DB | 52,184.22 CR |
| 10-06-2004 | C | 01 | 0000000002602 | PHILLIPS & ANGLEY | | 15,000.00 DB | 37,184.22 CR |
| 10-22-2004 | C | 01 | 0000000002668 | PREMIUM | | 33,547.50 DB | 3,636.72 CR |
| 10-22-2004 | C | 01 | 0000000002669 | RECORDING FEES $1,409.00 | | 2,938.50 DB | 698.22 CR |
| 11-04-2004 | CA | 01 | 0000000002598 | Cancelled Check | VL | 869,055.00 CR | 869,753.22 CR |
| 11-04-2004 | C | 01 | 0000000002708 | CRANBERRY POINTE NURSING HO | | 869,055.00 DB | 698.22 CR |

## ** BALANCE **          698.22 CR

Date - Date Issued     TC - Trans Code(Instrument Type)     CA - Cash Account     Reference # - Instrument #     Desc - Payee/Payor or Description     PI - Preparor's Initial's

**B**

2/28/05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 04CV12333 MEL

| | |
|---|---|
| CASAS, BENJAMIN & WHITE, LLC | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE POINTE GROUP, INC., | ) |
| GERALD S. FREID; BARRY FREID; | ) |
| KEY CORPORATE CAPITAL, INC. | ) |
| Defendants. | ) |

## DEFENDANT, THE POINTE GROUP, INC.'S RESPONSE TO PLAINTIFF, CASAS, BENJAMIN & WHITE, LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, The Pointe Group, Inc. (the "Defendant") submits this response to the Plaintiff, Casas, Benjamin & White, LLC's First Request for Production of Documents. The responsive, nonprivileged documents will be produced at a time and place agreed upon by counsel for the parties to this action.

## GENERAL RESPONSES AND OBJECTIONS

1.     The Defendant generally objects to the numbered requests to the extent they include documents protected by the attorney/client privilege or the work product doctrine.

2.     The Defendant states that its review is ongoing to determine whether responsive nonprivileged documents are in the custody or control of the Defendant. The length and breadth of the Plaintiff's Request and the minimal time allowed for response, make it impossible for Defendant to be certain that it has collected all appropriately responsive documents immediately. The Defendant further states that the responses set forth below are not meant to be, and should not be construed as, any representation that responsive documents are in the custody or control of the Defendant. As Defendant locates additional documents responsive to Plaintiff's Request, it will produce forthwith.

3.     Defendant states that it has moved its offices twice in recent months and therefore many of the documents sought in this Request may not be locatable in the minimal time provided for response.

4.     The Defendant generally objects to the document request on the grounds that The Pointe Group, Inc. cannot be asked to produce documents in the possession,

custody or control of Hammond Pointe Nursing Home, LLC, Boylston Place At
Chestnut Hill, LLC and Cranberry Pointe Nursing Home, Inc. (the "Healthcare
Entities").

5.      The Defendant generally objects to the document request to the extent the
        "Instructions" or "Definitions" seek to impose obligations different from, or in
        addition to, the requirements set forth in the Federal Rules of Civil Procedure.

Notwithstanding these objections, the Defendant responds as follows:

## REQUEST NO. 1

All documents which relate or refer to the incorporation of TPG, including but not
limited to Articles of Incorporation, By-Laws, Certificates of Condition, and other records filed
at the Office of the Massachusetts Secretary of State by or on behalf of TPG.

## RESPONSE NO. 1

The Defendant will produce documents responsive to Request No. 1 in its possession,
custody or control at a place and time mutually agreed upon by counsel.

## REQUEST NO. 2

All documents related to the formation, operation, membership, mission and purpose of
TPG, including but not limited to, meeting minutes, stockholder lists, calendars, diaries,
planners, notes, letters, memoranda, e-mails, journals, telephone logs, expense reports, or other
written correspondence or documents that reflect or evidence the activities of TPG.

## RESPONSE NO. 2

The Defendant objects to Request No. 2 on the grounds that it is overbroad and unduly
burdensome and seeks documents irrelevant to the issues raised in this litigation and is not
limited in time or scope. The Defendant further objects to Request No. 2 on the grounds that the

documents sought in Request No. 2 are not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 3

All documents which relate or refer to the incorporation or formation of each of the entities comprising the Combined Operations, including but not limited to Articles of Incorporation, By-Laws, Limited Liability Company Operating Agreement, Annual Reports, Certificates of Condition, and other records filed at the Office of the Massachusetts Secretary of State by or on behalf of the Combined Operations.

## RESPONSE NO. 3

The Defendant will produce documents responsive to Request No. 3 in its possession, custody or control at a place and time mutually agreed upon by counsel. The Defendant does not have possession, custody or control over certain documents belonging to the Healthcare Entities.

## REQUEST NO. 4

All documents related to the formation, operation, membership, mission and purpose of each of the entities comprising the Combined Operations, including but not limited to, meeting minutes, stockholder lists, calendars, diaries, planners, notes, letters, memoranda, e-mails, journals, telephone logs, expense reports, or other written correspondence or documents that reflect or evidence the activities of the Combined Operations.

## RESPONSE NO. 4

The Defendant objects to Request No. 4 on the grounds that it is overbroad and unduly burdensome and seeks documents irrelevant to the issues raised in this litigation and is not limited in time or scope. The Defendant further objects to Request No. 4 on the grounds that the documents sought in Request No. 4 are not reasonably calculated to lead to the discovery of

3

admissible evidence. The Defendant does not have possession, custody or control over certain documents belonging to the Healthcare Entities.

## REQUEST NO. 5

All documents that TPG or its officers, directors, employees, representatives, agents, or attorneys have in their possession, custody or control which refer or relate to the Engagement Letter between TPG and CBW, dated September 4, 2003.

## RESPONSE NO. 5

The Defendant will produce documents responsive to Request No. 5 in its possession, custody or control at a place and time mutually agreed upon by counsel.

## REQUEST NO. 6

All documents that TPG or its officers, directors, employees, representatives, agents, attorneys, stockholders and/or members have in their possession, custody or control which refer or relate to the Indemnification Agreement between TPG and CBW, dated September 4, 2003.

## RESPONSE NO. 6

The Defendant will produce documents responsive to Request No. 6 in its possession, custody or control at a place and time mutually agreed upon by counsel, however, as of the date of this response, the Defendant has located no documents responsive to Request No. 6.

## REQUEST NO. 7

All documents that TPG or its officers, directors, employees, representatives, agents, attorneys, stockholders and/or members have in their possession, custody or control which refer or relate to the written amendment to the Engagement Letter, dated December 20, 2003.

4

**RESPONSE NO. 7**

The Defendant will produce documents responsive to Request No. 7 in its possession,
custody or control at a place and time mutually agreed upon by counsel, however, as of the date
of this response, the Defendant has located no documents responsive to Request No. 7.

**REQUEST NO. 8**

All documents that TPG or its officers, directors, employees, representatives, agents,
attorneys, stockholders and/or members have in their possession, custody or control which refer
or relate to the Letters of Interest from parties indicating interest in either acquiring or
refinancing the Combined Operations at issue in this action.

**RESPONSE NO. 8**

The Defendant will produce documents responsive to Request No. 8 in its possession,
custody or control at a place and time mutually agreed upon by counsel.  The Defendant does not
have possession, custody or control over certain documents belonging to the Healthcare Entities.

**REQUEST NO. 9**

All documents that TPG or its officers, directors, employees, representatives, agents,
attorneys, stockholders and/or members have in their possession, custody or control which refer
or relate to the Letters of Intent from parties indicating an intention to either acquire or refinance
the Combined Operations at issue in this action.

**RESPONSE NO. 9**

The Defendant will produce documents responsive to Request No. 9 in its possession,
custody or control at a place and time mutually agreed upon by counsel.  The Defendant does not
have possession, custody or control over certain documents belonging to the Healthcare Entities.

**REQUEST NO. 10**

Copies of all checks sent from TPG, its officers, directors, employees, representatives, agents, or attorneys to CBW.

**RESPONSE NO. 10**

The Defendant will produce documents responsive to Request No. 10 in its possession, custody or control at a place and time mutually agreed upon by counsel.

**REQUEST NO. 11**

The Purchase & Sale Agreement (with exhibit schedules and all other documents referenced in the Agreement), including all drafts of the Agreement and the final executed Agreement between TPG and Epoch.

**RESPONSE NO. 11**

The Defendant will produce documents responsive to Request No. 11 in its possession, custody or control at a place and time mutually agreed upon by counsel. Further responding, the Defendant states there was no agreement between TPG and Epoch, but understanding the request with respect to only the Purchase & Sale Agreement in issue, Defendant will produce the documents Plaintiff, it believes, meant to request.

**REQUEST NO. 12**

CBW's invoices for services provided pursuant to the Engagement Letter, including but not limited to the invoice dated September 29, 2004.

**RESPONSE NO. 12**

The Defendant will produce documents responsive to Request No. 12 in its possession, custody or control at a place and time mutually agreed upon by counsel.

6

**REQUEST NO. 13**

All documents referencing, pertaining to, or generated in connection with the closing on the sale of the Combined Operations to Epoch, whether in draft or final form, and including documents generated in advance of, at, or following the closing.

**RESPONSE NO. 13**

The Defendant objects to Request No. 13 on the grounds that it is overbroad and unduly burdensome and is not limited in time or scope. Subject to and without waiving this objection, the Defendant will produce documents responsive to Request No. 13 in its possession, custody or control at a place and time mutually agreed upon by counsel. The Defendant does not have possession, custody or control over certain documents belonging to the Healthcare Entities.

**REQUEST NO. 14**

All documents which refer to, relate to, reflect or constitute communications between TPG and CBW.

**RESPONSE NO. 14**

The Defendant will produce documents responsive to Request No. 14 in its possession, custody or control at a place and time mutually agreed upon by counsel.

**REQUEST NO. 15**

All documents which refer to, relate to, reflect or constitute communications between TPG and Key Bank during the time period September 1, 2003 to January 31, 2005.

**RESPONSE NO. 15**

The Defendant will produce documents responsive to Request No. 15 in its possession, custody or control at a place and time mutually agreed upon by counsel.

**REQUEST NO. 16**

All documents which refer to, relate to, reflect or constitute communications between TPG and Epoch during the time period September 1, 2003 to January 31, 2005.

**RESPONSE NO. 16**

The Defendant will produce documents responsive to Request No. 16 in its possession, custody or control at a place and time mutually agreed upon by counsel.

**REQUEST NO. 17**

All correspondence, electronic messages, statements, or handwritten notes that TPG or its officers, directors, employees, agents, attorneys, representatives, members, stockholders or consultants have sent to or received from any person or entity relating or referring to the above-referenced Engagement Letter, Indemnification Agreement, written amendment to the Engagement Letter, Letters of Interest and Intent, checks sent from TPG and CBW, the Purchase & Sale Agreement, the sale of the Combined Operations, the closing on the sale of the Combined Operations, the purchase price for the Combined Operations, or CBW's fees for services.

**RESPONSE NO. 17**

The Defendant will produce documents responsive to Request No. 17 in its possession, custody or control at a place and time mutually agreed upon by counsel.

**REQUEST NO. 18**

All documents which refer to, relate to or evidence gross revenues and net profits or losses of (1) Hammond Pointe Nursing Home, LLC; (2) Boylston Place at Chestnut Hill, LLC; and (3) Cranberry Pointe Nursing Home, Inc. for each of the years 1999 to 2004, including but not limited to, state and federal tax returns filed by the three facilities for each of the years 1999 to 2004.

**RESPONSE NO. 18**

The Defendant objects to Request No. 18 on the grounds that the documents sought in Request No. 18 are irrelevant to the issues raised in this litigation and are not reasonably calculated to lead to the discovery of admissible evidence. Further responding, the Defendant states that the documents sought in Request No. 18 belong to the Healthcare Entities which are not parties to this litigation.

**REQUEST NO. 19**

All documents which refer to, relate to or evidence gross revenues and net profits or losses of TPG for each of the years 1999 to 2004, including but not limited to, state and federal tax returns filed by TPG for each of the years 1999 to 2004.

**RESPONSE NO. 19**

The Defendant objects to Request No. 19 on the grounds that the documents sought in Request No. 19 are irrelevant to the issues raised in this litigation and are not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 20**

All documents which constitute, refer or relate to internal, intra-company, or other similar communications by and among TPG, its officers, directors, employees, agents, representatives, attorneys, stockholders or consultants, including Gerald Freid, Barry Freid and Stephen F. Gordon, Esq. regarding the above-referenced Engagement Letter, Indemnification Agreement, written amendment to the Engagement Letter, Letters of Interest and Intent, checks sent from TPG to CBW, the Purchase & Sale Agreement, the sale of the Combined Operations, the closing on the sale of the Combined Operations, the purchase price for the Combined Operations, or CBW's fees for services.

9

**RESPONSE NO. 20**

The Defendant objects to Request No. 20 on the grounds that it seeks documents protected by the attorney/client privilege and the work-product doctrine. Subject to and without waiving this objection and the General Objections, Defendant agrees to produce any nonprivileged documents that are responsive to this Request at a place and time mutually agreeable to counsel.

**REQUEST NO. 21**

All documents which constitute, refer or relate to communications by and among Gerald Freid, Barry Freid and other members of the Freid family regarding the above-referenced Engagement Letter, Indemnification Agreement, written amendment to the Engagement Letter, Letters of Interest and Intent, checks sent from TPG to CBW, the Purchase & Sale Agreement, the sale of the Combined Operations, the closing on the sale of the Combined Operations, the purchase price for the Combined Operations, or CBW's fees for services.

**RESPONSE NO. 21**

The Defendant has no documents responsive to Request No. 21 in its possession, custody or control.

**REQUEST NO. 22**

All documents which constitute, refer or relate to communications by and between TPG, or its officers, directors, employees, agents, representatives, attorneys, stockholders or consultants, including Gerald Freid and Barry Freid, and Stephen F. Gordon, Esq., regarding the above-referenced Engagement Letter, Indemnification Agreement, written amendment to the Engagement Letter, Letters of Interest and Intent, checks sent from TPG to CBW, the Purchase

10

& Sale Agreement, the sale of the Combined Operations, the closing on the sale of the Combined

Operations, the purchase price for the Combined Operations, or CBW's fees for services.

## RESPONSE NO. 22

The Defendant objects to Request No. 22 on the grounds that it seeks documents

protected by the attorney/client privilege and the work-product doctrine. Subject to and without

waiving this objection and the General Objections, Defendant agrees to produce any

nonprivileged documents that are responsive to this Request at a place and time mutually

agreeable to counsel.

## REQUEST NO. 23

All documents which refer to, relate to or evidence loan(s) made by Key Bank for (1)

Hammond Pointe Nursing Home, LLC; (2) Boylston Place At Chestnut Hill, LLC; and/or (3)

Cranberry Pointe Nursing Home, Inc., including all documents that evidence, refer to or relate to

descriptions or lists of the business assets, real property, personal property, accounts receivable

and/or inventory of TPG, the Combined Operations, Gerald Freid, Barry Freid and/or any other

collateral used to secure the loan(s) made by Key Bank for the Combined Operations.

## RESPONSE NO. 23

The Defendant objects to Request No. 23 on the grounds that it is overbroad and unduly

burdensome and is not limited in time or scope. Further responding, the Defendant states that it

cannot be asked to produce documents in the possession, custody and control of the Healthcare

Entities. Subject to and without waiving these objections, the Defendant will produce documents

responsive to Request No. 23 in its possession, custody or control at a place and time mutually

agreed upon by counsel. The Defendant does not have possession, custody or control over

certain documents belonging to the Healthcare Entities.

11

**REQUEST NO. 24**

All documents including correspondence, notes, memoranda, and e-mails that constitute, embody, refer or relate to:

(1)    civil or criminal investigation(s) or complaint(s) brought by or on behalf of any federal, state, local and/or municipal agency or broad and/or any non-governmental agency or broad concerning the Combined Operations from 1999 to the present;

(2)    agency or board hearings, decisions, and/or dispositions on said civil or criminal investigation(s) and/or complaint(s) concerning the Combined Operations;

(3)    appeals submissions and/or decisions; and

(4)    settlement agreements between TPG, the Combined Operations, Gerald Freid, Barry Freid, and any federal, state, local and/or municipal agency or board and/or any non-governmental agency or board.

**RESPONSE NO. 24**

The Defendant objects to Request No. 24 on the grounds that it is overbroad and unduly burdensome and seeks documents irrelevant to the issues raised in this litigation and is not limited in time or scope. The Defendant further objects to Request No. 24 on the grounds that the documents sought in Request No. 24 are not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further states that the documents sought in Request No. 24 are not in the possession, custody or control of the Defendant.

**REQUEST NO. 25**

All documents including notes, memoranda, correspondence, and e-mail that constitute, embody, refer or relate to any communications, oral or written, that TPG, and/or the Combined Operations has had at any time with any federal, state, local, and/or municipal agency or board and/or any other non-governmental agency or board or Epoch regarding or relating to any civil

12

or criminal investigation or complaint, agency or board hearings and decisions on said investigation(s) or complaint(s), appeals submissions and/or decisions, or settlement agreements.

**RESPONSE NO. 25**

The Defendant objects to Request No. 25 on the grounds that it is overbroad and unduly burdensome and seeks documents irrelevant to the issues raised in this litigation and is not limited in time or scope. The Defendant further objects to Request No. 25 on the grounds that the documents sought in Request No. 25 are not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further states that the documents sought in Request No. 25 are not in the possession, custody or control of the Defendant.

**REQUEST NO. 26**

All correspondence, electronic messages, statements, or handwritten notes in the possession, custody or control of TPG or its officers, directors, employees, agents, attorneys, representatives, members, stockholders or consultants that refer or relate to proposed or agreed purchase prices for the Combined Operations.

**RESPONSE NO. 26**

The Defendant will produce documents responsive to Request No. 26 in its possession, custody or control at a place and time mutually agreed upon by counsel. The Defendant does not have possession, custody or control over certain documents belonging to the Healthcare Entities.

**REQUEST NO. 27**

All documents which support Mr. Freid's contention in paragraph 46 of the Answer, Affirmative Defenses and Counterclaim of Defendants, The Pointe Group, Inc., Gerald S. Freid and Barry Freid ("Answer"), that "the sellers under the purchase and sale agreement were represented in the sale process by counsel other than [Stephen F.] Gordon."

13

**RESPONSE NO. 27**

The Defendant will produce documents responsive to Request No. 27 in its possession, custody or control at a place and time mutually agreed upon by counsel.

**REQUEST NO. 28**

All documents including notes, memoranda, correspondence, and e-mail that refer or relate to the meeting held on July 13, 2004 among representatives of Epoch, Key Bank, TPG and CBW, as referenced in paragraph 64 of TPG's Answer.

**RESPONSE NO. 28**

The Defendant will produce documents responsive to Request No. 28 in its possession, custody or control at a place and time mutually agreed upon by counsel.

**REQUEST NO. 29**

All documents including notes, memoranda, correspondence, and e-mail that refer or relate to TPG's request(s) to CBW to lower its fee in connection with the sale of the Combined Operations to Epoch.

**RESPONSE NO. 29**

The Defendant will produce documents responsive to Request No. 29 in its possession, custody or control at a place and time mutually agreed upon by counsel.

**REQUEST NO. 30**

All documents in TPG's possession, custody or control regarding or relating to Key Bank's threat to foreclose on one or more of the facilities constituting the Combined Operations.

**RESPONSE NO. 30**

The Defendant will produce documents responsive to Request No. 30 in its possession, custody or control at a place and time mutually agreed upon by counsel.

**REQUEST NO. 31**

All documents which refer to or relate to or evidence damages and any other losses and expenses, financial or otherwise, which TPG claims it has suffered or will suffer as a direct and proximate result of the conduct of CBW, as alleged in its Counterclaim.

**RESPONSE NO. 31**

The Defendant will produce documents responsive to Request No. 31 in its possession, custody or control at a place and time mutually agreed upon by counsel.

**REQUEST NO. 32**

All documents which refer or relate to any entity or individual with an ownership interest in TPG and/or one or more of the Combined Operations, including but not limited to, the name and address of each owner, officer, director and stockholder, the date and amount of each such shares purchase and the consideration, if any, paid for such shares.

**RESPONSE NO. 32**

The Defendant objects to Request No. 32 on the grounds that it is overbroad and unduly burdensome and seeks documents irrelevant to the issues raised in this litigation and is not limited in time or scope. The Defendant further objects to Request No. 32 on the grounds that the documents sought in Request No. 32 are not reasonably calculated to lead to the discovery of admissible evidence. The Defendant does not have possession, custody or control over certain documents belonging to the Healthcare Entities.

**REQUEST NO. 33**

All audit opinions and audited financial statements of TPG and each of the Combined Operations for the calendar years 2003 and 2004.

15

**RESPONSE NO. 33**

The Defendant objects to Request No. 33 on the grounds that it seeks documents irrelevant to the issues raised in this litigation. The Defendant further objects to Request No. 33 on the grounds that the documents sought in Request No. 33 are not reasonably calculated to lead to the discovery of admissible evidence. The Defendant does not have possession, custody or control over certain documents belonging to the Healthcare Entities.

**REQUEST NO. 34**

All documents that evidence, refer to or relate to Gerald and/or Barry Freid's employment relationship, if any, with TPG and/or the Combined Operations, including their terms and conditions of employment, their employment agreements, duties and responsibilities, compensation and benefits, and separation from employment.

**RESPONSE NO. 34**

The Defendant objects to Request No. 34 on the grounds that it is overbroad and unduly burdensome. Subject to and without waiving this objection, the Defendant will produce documents responsive to Request No. 34 in its possession, custody or control at a place and time mutually agreed upon by counsel. The Defendant does not have possession, custody or control over certain documents belonging to the Healthcare Entities.

**REQUEST NO. 35**

Any and all recorded, written or transcribed statements of any persons who have knowledge or information relative to any allegations made by CBW in its Complaint in the above-captioned action.

16

**RESPONSE NO. 35**

The Defendant has no documents responsive to Request No. 35 in its possession, custody or control responsive to Request No. 35 not otherwise to be produced hereunder.

**REQUEST NO. 36**

Any and all recorded, written or transcribed statements of any persons who have knowledge or information relative to any allegations made by TPG in their Answer to CBW's Complaint and/or TPG's Counterclaim in the above-captioned matter.

**RESPONSE NO. 36**

To the extent that any such documents exist, the Defendant will produce documents responsive to Request No. 36 in its possession, custody or control at a place and time mutually agreed upon by counsel.

**REQUEST NO. 37**

Any and all reports prepared in connection with this lawsuit by expert(s) who are expected to testify or may testify at the trial of this matter on behalf of TPG.

**RESPONSE NO. 37**

The Defendant has no documents in its possession, custody or control responsive to Request No. 37 at this time.  The Defendant reserves the right to supplement Response No. 37 as necessary.

**REQUEST NO. 38**

All documents that were, or will be relied upon in whole or in part by any testifying expert in this case on behalf of TPG.

**RESPONSE NO. 38**

The Defendant has no documents in its possession, custody or control responsive to Request No. 38 at this time. The Defendant reserves the right to supplement Response No. 38 as necessary.

**REQUEST NO. 39**

A curriculum vitae, or resume, for each individual who TPG expects to call as an expert witness at the trial of this matter.

**RESPONSE NO. 39**

The Defendant has no documents in its possession, custody or control responsive to Request No. 39 at this time. The Defendant reserves the right to supplement Response No. 39 as necessary.

**REQUEST NO. 40**

All documents identified in TPG's initial automatic disclosures.

**RESPONSE NO. 40**

The Defendant will produce documents responsive to Request No. 40 in its possession, custody or control at a place and time mutually agreed upon by counsel.

**REQUEST NO. 41**

All documents relating to or reflecting the establishment of escrows at the closing on the sale of the Combined Operations.

**RESPONSE NO. 41**

The Defendant will produce documents responsive to Request No. 41 in its possession, custody or control at a place and time mutually agreed upon by counsel. The Defendant does not have possession, custody or control over certain documents belonging to the Healthcare Entities.

**REQUEST NO. 42**

All documents relating to or reflecting disbursements made at the closing on the sale of the Combined Operations or from the date of the closing to the date of TPG's response to this request (i.e. CBW's First Request for Production of Documents), including any disbursements of deposit or escrowed funds.

**RESPONSE NO. 42**

The Defendant will produce documents responsive to Request No. 42 in its possession, custody or control at a place and time mutually agreed upon by counsel. The Defendant does not have possession, custody or control over certain documents belonging to the Healthcare Entities.

**REQUEST NO. 43**

All documents within TPG's possession, custody or control not otherwise identified above that TPG intends to introduce at the trial of this matter.

**RESPONSE NO. 43**

The Defendant has not yet determined which documents it intends to introduce into evidence at the trial of this matter. The Defendant will supplement this Response as necessary.

**REQUEST NO. 44**

A listing of all documents withheld from this request (i.e. CBW's First Request for Production of documents) because of the claim of attorney/client work product or other privilege. In addition, kindly state the privilege asserted for each document withheld.

**RESPONSE NO. 44**

The Defendant has withheld communications with its attorneys as to which no third-parties were privy. The Defendant objects to the burden of creating a list of such documents

where the Plaintiff has specifically requested attorney/client documents unless the Plaintiff is willing to bear the cost of preparing such a list.

THE POINTE GROUP, INC.
By its attorneys,

Stephen F. Gordon (BBO No. 203600)
Todd B. Gordon (BBO No. 652482)
Gordon Haley LLP
101 Federal Street
Boston, Massachusetts 02110
Tel:    (617) 261-0100
Fax:    (617) 261-0789
email:  sgordon@gordonhaley.com
        tgordon@gordonhaley.com

Dated: February 28, 2005
P:\Clients\Pointe Group\CBW Plead\Pointe Group's 1st resp to pltf's r.f.p.d. 02-08-05.doc

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the foregoing was served upon the attorney of record for each party by mail.
Date 2-28-05

20

C

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

CASAS, BENJAMIN & WHITE, LLC,

Plaintiff,

v.

THE POINTE GROUP, INC., a
Massachusetts corporation d/b/a
The Pointe Group Healthcare and
Senior Living; GERALD S. FREID;
BARRY FREID; and KEY
CORPORATE CAPITAL, INC.,

Defendants.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 04-CV-12333-MEL

TO:    Keeper of Records
Century Bank and Trust Company
400 Mystic Avenue
Medford, MA  02155

---

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case and relative to an action pending in the United States District Court for the Eastern District of Massachusetts, titled Casas, Benjamin & White, LLC v. The Pointe Group, Inc., a Massachusetts corporation d/b/a The Pointe Group Healthcare and Senior Living; Gerald S. Freid; Barry Freid; and Key Corporate Capital, Inc., Docket Number 04CV12333MEL.  Examination is requested on the topics which are the subject of the document requests attached as Schedule "A."

| PLACE OF DEPOSITION<br>Conn, Kavanaugh, Rosenthal, Peisch & Ford, LLP<br>Ten Post Office Square<br>Boston, MA  02109 | DATE AND TIME<br>May 31, 2005<br>10:00 A.M. |
|---|---|

☒  YOU ARE ALSO COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Schedule "A".

| PLACE<br>Conn, Kavanaugh, Rosenthal, Peisch & Ford, LLP<br>Ten Post Office Square<br>Boston, MA  02109 | DATE AND TIME<br>May 24, 2005<br>9:00 A.M. |
|---|---|

---

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| (ISSUING OFFICER SIGNATURE AND TITLE INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*Michael Bernardo* | DATE<br>5/10/05 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael R. Bernardo, Esq., Conn Kavanaugh Rosenthal Peisch & Ford, LLP,
Ten Post Office Square, Boston, Massachusetts  02109 – Tel. 617-482-8200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on following page)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | May _10_, 2005 | 400 Mystic Avenue, MA 02155 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Century Bank and Trust Company | By Hand |
| *Louise MATTALIANO, Admin. Assistant* | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| *John Roberto* | Process Server & Disinterested Person |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___*MAY 10, 2005*___
DATE

_____
SIGNATURE OF SERVER

*92 STATE STREET   7th FLOOR*
ADDRESS OF SERVER

*BOSTON, MA 02109*

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A)  A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## SCHEDULE A

TO:    Keeper of Records
       Century Bank and Trust Company
       400 Mystic Avenue
       Medford, MA  02155

The deponent shall produce, on the aforementioned date (May 24, 2005), the following documents and/or things:

Any and all documents relating to, regarding, evidencing, identifying, reflecting, or concerning all accounts including, but not limited to, savings, operating, capital, or checking accounts **(including account number 011301390 and/or A/011301390)**; account statements (whether monthly, annually or otherwise); memoranda; notes; correspondence including e-mail; and copies of all checks from any and all checking accounts, for accounts standing in the name of Freid & Tobin Venture Partners, The Pointe Group, Inc., The Pointe Group Healthcare & Senior Living, Hammond Pointe Nursing Home, LLC, Cranberry Pointe Partnership, Boylston Place at Chestnut Hill, LLC, Cranberry Pointe Nursing Home, Inc., Chestnut Hill Life Care Realty, LLC, Barry Freid, and/or Gerald Freid, whether such accounts are in the name of the individuals or entities individually, jointly with another, by another on his or its behalf, or on behalf of another as custodian/trustee.

The period covered by this request is June 1, 2004 to the present.

226290.1

**D**

# *Century* Bank

May 16, 2005

Attorney Michael Bernardo
Conn, Kavanaugh Rosenthal Peisch & Ford LLP
Ten Post Office Square
Boston, MA  02109

Casas, Benjamin & White LLC
Vs.
The Pointe Group Inc.
d/b/a The Pointe Group Healthcare and
Senior Living: Gerald Freid; Barry Freid:
Key Corporation Capital Inc.
Civil Action No. 04-CV-12333-MEL

Dear Attorney Bernardo:

   This Bank has received your subpoena to produce documents at a deposition subpoena on May 31, 2005. A copy is enclosed. The Bank's customer has notified the Bank in writing that it objects to the Bank's compliance with the subpoena.

   Therefore, the Bank objects to the inspection or copying of any of the materials designated in the enclosed subpoena. This Bank will not produce any records nor attend a deposition in response to the enclosed subpoena in the absence of a proper court order.

Sincerely,

Century Bank and Trust

By *Gracine Copithorne*
Gracine Copithorne
AVP Keeper of the Records

**My Bank.
My Time.
My Century.**

E

# GORDON HALEY LLP

COUNSELLORS AT LAW
101 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110-1844

(617) 261-0100
FAX (617) 261-0789

May 17, 2005

By Facsimile and First Class Mail

Gracine Copperthorne, Esquire
Century Bank and Trust Company
400 Mystic Avenue
Medford, Massachusetts 02155

Re:    Casas, Benjamin & White, LLC v. The Pointe Group, Inc. et al
       (Subpoena issued to Keeper of Records, Century Bank and Trust Company, dated May
       10, 2005)
       USDC Case No. 04-CV-12333-MEL

Dear Ms. Copperthorne:

I am in receipt of a copy of the referenced subpoena. The following persons and entities strongly
object to any production of their bank records by Century Bank absent a proper Order from the
Court:

       Freid & Tobin Venture Partners
       The Pointe Group, Inc.
       The Pointe Group Healthcare & Senior Living
       Hammond Pointe Nursing Home, LLC
       Cranberry Pointe Partnership
       Boylston Place at Chestnut Hill, LLC
       Cranberry Pointe Nursing Home, Inc.
       Chestnut Hill Life Care Realty, LLC
       Barry Freid
       Gerald Freid

Should the party issuing the subpoena seek a Court order to compel production, I will, of course,
be in further touch with you. In the meantime, each of the foregoing requests that the Bank make
the appropriate objection to production of their bank records. They do understand, however, that

# GORDON HALEY LLP

Gracine Copperthorne, Esquire
May 17, 2005
Page 2


both they and the Bank are subject to any Court order and they know that you will, of course, fully comply with whatever the Court may require.

Very truly yours,

Stephen F. Gordon
SFG:vsh

cc:    The Pointe Group, Inc. (by electronic mail)

P:\Clients\Pointe Group\CBW Corr\Copperthorne ltr01 05-17-05.doc