## E N D O R S E M E N T

CASAS, BENJAMIN & WHITE, LLC v. THE POINTE GROUP, INC., a Massachusetts corporation d/b/a/ The Pointe Group Healthcare and Senior Living; GERALD S. FREID; BARRY FREID; and KEY CORPORATE CAPITAL, INC.
04-CV-12333-MEL

---

LASKER, D.J.

    Key Corporate Capital, Inc. ("Key Bank") moves to dismiss the cross-claims filed against it by The Pointe Group ("TPG") and the individual defendants, on the grounds that the cross-claims fail to state any cause of action as a matter of law against Key Bank. At this early stage in the case, it does not appear beyond a doubt that TPG can prove no set of facts that would entitle it to relief. Accordingly, Key Bank's motion to dismiss is DENIED.

    Count I of TPG's cross-claim alleges intentional and/or negligent interference with advantageous relationships. Under Massachusetts law, a claim of intentional interference with advantageous business relationships requires proof of: (1) the existence of a business relationship or contemplated contract of economic benefit; (2) defendant's knowledge of such relationship, (3) the defendant's intentional interference with that relationship; and (4) the plaintiff's loss of advantage as a direct result of the defendant's conduct. <u>Mass Cash Register, Inc. v. Comtrex Systems Corp.</u>, 901 F.Supp. 404, 421 (D. Mass. 1995). Key Bank argues that TPG's claim fails to satisfy the fourth prong of this test because Key Bank's assertion of legal and contractual rights as the senior secured lender does not constitute a tort and is insufficient to allege actual damages. However, based on the allegations contained in both TPG's cross-claim and in Casas, Benjamin & White's ("CBW") Complaint, TPG has set forth sufficient facts to maintain its claim. TPG may have suffered a loss of advantage as a direct result of Key Bank's alleged assurances to CBW that its fee would be paid at the closing. If the allegations contained in the Compliant and cross-claim are true, then Key Bank's interference with TPG and CBW's business relationship may have resulted in a cognizable loss to TPG.

    Count II of TPG's cross-claim seeks indemnification on a tort-based theory, which is usually available "only when the party seeking it was merely passively negligent while the would-be indemnitor was actively at fault." <u>Araujo v. Woods Hole, Martha's Vineyard, Nantucket S.S. Authority</u>, 693 F.2d 1, 2 (1st

Cir. 1982). Key Bank argues that TPG cannot maintain its claim for indemnification because TPG's role in the dispute is not passive. However, although TPG was not merely passive with respect to the entire transaction at issue in this case, TPG contends that it neither participated in nor had knowledge of the assurances made by Key Bank to CBW regarding CBW's fee at the closing. As a result, it is possible that TPG was passive as to the alleged assurances.

Count III of TPG's cross-claim alleges unjust enrichment. To maintain a claim for unjust enrichment, a plaintiff must demonstrate: "(1) an enrichment; (2) an impoverishment; (3) a relation between the enrichment and the impoverishment; (4) an absence of justification; and (5) the absence of a remedy provided by law." Massachusetts v. Mylan Laboratories, 357 F.Supp.2d 314, 324 (D. Mass. 2005). Key Bank maintains that the funds it received at the closing were owed to it as a senior secured lender and were not a benefit conferred upon it by TPG. However, the mere fact that Key Bank was paid what it was owed does not necessarily establish that Key Bank received only what it was entitled to and no additional benefit. Absent further development of the facts, it would be premature at this stage of the litigation to dismiss TPG's claim.

Count IV of TPG's cross-claim seeks contribution from Key Bank. CBW's Complaint brings both tort and contract claims against TPG and Key Bank. Because TPG and Key Bank are alleged to be joint tortfeasors, "overlapping liability" between TPG and Key Bank may exist for CBW's loss. In re Atlantic Financial Management, Inc., 603 F.Supp. 135, 137 (D. Mass. 1985). Moreover, "[r]ulings as to the scope of any reimbursement the law and facts may support whether partial or full, and whether characterized as contribution or indemnity are more appropriately deferred pending development of the facts." Shapiro v. Miami Oil Producers, Inc., 84 F.R.D. 234, 240 (D. Mass. 1979).

Accordingly, the motion to dismiss is DENIED.

It is so ordered.


Dated:   June 14, 2005
         Boston, Massachusetts         /s/ Morris E. Lasker
                                              U.S.D.J.