UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 04CV12333 MEL

)
CASAS, BENJAMIN & WHITE, LLC )
       Plaintiff, )
)
v. )
)
THE POINT GROUP, INC., )
GERALD S. FREID; BARRY FREID; )
KEY CORPORATE CAPITAL, INC. )
       Defendants. )
)

OPPOSITION TO PLAINTIFF, CASAS, BENJAMIN & WHITE, LLC'S MOTION TO COMPEL JOHN MCCULLOUGH TO PRODUCE DOCUMENTS RESPONSIVE TO DEPOSITION SUBPOENA AND TO ANSWER CERTAIN DEPOSITION QUESTIONS
(Request for Hearing)

Now come non-party Deponent, John McCullough ("Attorney McCullough") and Defendants The Pointe Group, Barry Freid and Gerald Freid ("Defendants") and hereby oppose to the Motion of Plaintiff, Casas, Benjamin &White, LLC ("CBW"), to Compel Deponent John McCullough to Produce Documents and to Answer Certain Deposition Questions ("Motion to Compel"). In support of this Opposition, Attorney McCullough and the Defendants state as follows:

  I.  CBW's Request to Compel Attorney McCullough to Conduct a Duplicative Search for Documents Should be Denied.

In the Motion to Compel, CBW seeks an order from this Court compelling Attorney McCullough, who was the closing attorney in the transaction that is the subject of this litigation and has represented the Defendants, to conduct a search for documents responsive to CBW's subpoena and to appear for further deposition to answer questions regarding Attorney McCullough's search for responsive documents. CBW argues that it is entitled to such an order

on the grounds that Attorney McCullough "asserted no valid objection to the production of documents responsive to his deposition subpoena." Motion to Compel at p. 5. CBW is clearly mistaken. A valid, timely objection to the production was indeed made on Attorney McCullough's behalf. In a letter to CBW's counsel dated April 4, 2005, Attorney Stephen Gordon ("Attorney Gordon") objected to the requested production of documents in regards to the subpoena to Attorney McCullough. Attorney Gordon stated in his April 5, 2005 letter, "I am very pleased that we have been able to agree upon the deposition dates for John McCullough, Georgia Freid and me. I must, however, object to the requested production of documents in accordance with your subpoenas for all of us. Attorney Gordon continued, "[w]ith respect to John McCullough and me, we have, in connection with your document request to The Pointe Group, produced all of the non-privileged documents in our respective possessions." A true and accurate copy of Attorney Gordon's April 4, 2005 letter is attached hereto as Exhibit A. CBW argues in its Motion to Compel that Attorney Gordon's objection to the document production in his April 4, 2005 letter to CBW's counsel was somehow valid because, as of April 4, 2005, Attorney Gordon did not represent Attorney McCullough. Rule 45(c)(2)(B), however, does not set forth any limitation on who may object on behalf of a subpoenaed party. And Attorney McCullough most certainly adopted, ratified (and appreciated) the objection made on his behalf by Attorney Gordon. Contrary to CBW's assertion, Attorney Gordon did in fact make a valid and timely objection to the production of documents by Attorney McCullough as all locatable documents responsive to the subpoena had previously been produced by Attorney McCullough's office in connection with Defendant, The Pointe Group's ("TPG") voluminous document production to CBW in early March, 2005.[1]

---

[1] Attorney McCullough has honored TPG's continuing obligation by producing recently located documents responsive to the Request for Production served on his client, TPG.

2

CBW also states that Attorney McCullough was in contempt when he appeared for his deposition without the requested documents as Attorney McCullough did not comply with Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure in that he failed to serve a written objection to the inspection or copying of the designated materials. See Fed. R. Civ. P. 45(c)(2)(B). As previously discussed, CBW is mistaken. On April 4, 2005, pursuant to Rule 45(c)(2)(B), Attorney Gordon made a valid and timely objection on behalf of Attorney McCullough to the production of documents by Attorney McCullough as the documents sought by CBW in its subpoena had previously been produced by TPG. The documents sought via the deposition subpoena to Attorney McCullough were entirely (word-for-word) duplicative of the documents sought by CBW in its First Request for Production of Documents to TPG. As stated in the accompanying Affidavit of Todd B. Gordon, on February 3, 2005, Attorney Todd Gordon, counsel to TPG, spent an entire day at the offices of Attorney McCullough conducting a search for all of the documents sought in CBW's First Request for Production of Documents to TPG (the word-for-word exact same requests that accompanied Attorney McCullough's deposition subpoena). Therefore, ordering an additional search of Attorney McCullough's files, as CBW has requested, would be entirely duplicative of the February 3, 2005 search conducted by Attorney Todd Gordon and would undoubtedly be excessively burdensome, extremely costly and time consuming and, most importantly, result in no further responsive documents being produced.[2] CBW's request to order Attorney McCullough to conduct an additional search of his files and to appear for further deposition to testify regarding these efforts, all at TPG's expense, should be denied as any further search would not result in the production of any documents not already produced or to be produced if located.

---

[2] Again, if further documents responsive to CBW's Request for Production to Defendant, TPG, are found in Attorney McCullough's files, they will be produced pursuant to that Request for Production, not a subpoena.

3

> II. <u>Attorney McCullough Should not be Compelled to Answer Certain Deposition Questions as the Information that CBW Seeks is Protected by the Attorney/Client Privilege</u>

CBW also seeks to compel Attorney McCullough, again at TPG's expense, to answer certain deposition questions which he was instructed not to answer as the questions sought information protected by the attorney/client and/or work product privilege. In the Motion to Compel, CBW sets forth, in detail, the line of questioning to which Attorney McCullough's counsel objected on the grounds of attorney/client privilege. Counsel to CBW asked Attorney McCullough whether he had specific discussions with several employees and principals of his clients. More specifically, counsel to CBW asked Attorney McCullough whether he had any conversation with "anyone affiliated with the sellers" in regards to dealing with the broker's commission outside of the closing. Attorney McCullough was instructed to simply respond with a yes or no answer and he responded "yes." CBW's counsel then pressed further with this line of questioning and asked the same question several more times, except each time counsel asked whether Attorney McCullough had the same conversation with specifically named clients or client representatives. Attorney McCullough was instructed not to answer these questions as they relate to private conversations he had with clients in connection with his legal services.

In support of its argument that Attorney McCullough should be compelled to answer this line of questioning, CBW relies on the Supreme Judicial Court's ruling in <u>Peters v. Wallach</u> for the proposition that the attorney/client privilege does not apply where the communication is intended to be conveyed to a third party. <u>Peters v. Wallach</u>, 366 Mass. 622, 627 (1975). The <u>Peters</u> Court stated that "[c]ommunications between an attorney and his client are not privileged, though made privately, **if it is understood** that the information communicated is to be conveyed to others." <u>Id.</u> (emphasis added). Here, CBW mistakenly focuses its attention on Attorney

4

McCullough's intentions and not the intentions of his clients whom they have previously deposed in this matter. As an attorney, it is not for Attorney McCullough to decide whether communications made to him by his clients were intended to be to conveyed to a third party, but rather, it is the intentions of Attorney McCullough's clients that should be determinative of whether or not the communications were intended to be conveyed to others. Furthermore, while CBW relies on the Peters decision, it is clearly distinguishable on its facts from the instant matter. In Peters, the communication in question related to a settlement offer made by the client to his attorney that was clearly intended to be conveyed to a third party. See id. Here, CBW claims that Attorney McCullough's testimony shows that the communications were intended to be conveyed to a third party. But CBW cannot show that Attorney McCullough's clients intended for their private communications to be conveyed to a third party. In Peters, the "communication" was a settlement offer that the client obviously intended to be communicated to his adversary. Additionally, the "communication" here was not ever intended for the adversary, CBW. Without being able to show that Attorney McCullough's **clients** intended for their communications to be conveyed to a third party, the communications must remain privileged and therefore confidential.

As further grounds for the Motion to Compel, CBW argues that the attorney/client privilege does not extend to factual circumstances surrounding a communication between a client and an attorney. See Motion to Compel at p. 13. In attempting to apply this proposition here, the Defendants rely on the case of Refuse & Environmental Systems, Inc. v. Industrial Services of America. See Refuse & Environmental Systems, Inc. v. Industrial Services of America, 120 F.R.D. 8 (D. Mass. 1988). CBW seeks to compel Attorney McCullough to answer these questions on the grounds that "[t]he questions set forth above did not require the disclosure of

5

facts communicated to Mr. McCullough in confidence for the purpose of seeking legal advice." Motion to Compel at p. 14. CBW's reasoning here is misguided. Whether or not Attorney McCullough had a private conversation with one of his clients about a specific issue, such as discussions regarding the removal of the broker's commission prior to the closing, is certainly considered a "fact by a client to his attorney for the purpose of securing legal services." Id. at 11. Therefore, the Motion to Compel answers to the deposition questions should be denied as the information CBW seeks is protected by the attorney/client privilege.

>   III.   Despite Representations to the Contrary, CBW has not Complied with the Requirements of Rule 37.1 of the Local Rules

Rule 37.1(A) of the Local Rules of the United States District Court for the District of Massachusetts provide in pertinent part:

> Before filing any discovery motion, including any motion…
> counsel for each of the parties shall confer in good faith to narrow
> the areas if disagreement to the greatest possible extent. It shall be
> the responsibility of counsel for the moving party to arrange for the
> conference…. Failure of opposing counsel to respond to a request
> for a discovery conference within seven (7) days of the request
> shall be grounds for sanctions….

At the very end of the Motion to Compel there appears a heading entitled "Local Rule 7.1 & 37.1 Certification" in which CBW states that its counsel "conferred with Attorney Stephen F. Gordon, Esq. in a good faith effort to resolve or narrow the issues raised in this motion on the following occasions:

>   (1)   by telephone on May 12, 2005;
>   (2)   in person during the May 19, 2005 deposition of John McCullough; and
>   (3)   by letter dated June 16, 2005, a copy of which is attached hereto at Tab J."

Motion to Compel at p. 15.

First, the telephone conference of May 12, 2005 cannot possibly be considered a Local Rule 37.1 conference as that conversation took place one week prior to the deposition of Attorney McCullough. Second, any conversation that took place between counsel at the May 19, 2005 deposition of Attorney McCullough was certainly not sufficient to meet the requirements of Local Rule 37.1 in that there was no discussion or request by counsel following Attorney McCullough's deposition that was in any way an attempt to "narrow the areas of disagreement." Finally, counsel to CBW claims that she satisfied the requirements of Local Rule 37.1 by a letter dated June 16, 2005. CBW's counsel's June 16, 2005 letter clearly falls short of the requirements set forth in Local Rule 37.1 (indeed it makes no mention whatsoever of Local Rule 37.1). Local Rule 37.1 requires that the parties "confer." Subsequent to CBW's counsel mailing the June 16, 2005 letter, there was no conferring between the parties on the issues now raised in the Motion to Compel. Local Rule 37.1(A) requires that a party who requests a discovery conference (which counsel to CBW never requested), must give the opposing party seven (7) days from the request to respond. Here, the Motion to Compel was filed on June 22, 2005, only six (6) days after sending counsel to Attorney McCullough the purported Local Rule 37.1 conference correspondence. If a valid Local Rule 37.1 conference had taken place here, it is quite possible that some of the issues raised in the Motion to Compel could have been resolved prior to the filing of the Motion to Compel (as the rule is intended to do). As some of the issues raised in the Motion to Compel could have been resolved short of a formal motion if CBW had actually held a Local Rule 37.1 Conference, neither TPG nor Attorney McCullough should be ordered to pay the reporter's fee, transcript fee and any other fees associated with the reconvening of Attorney McCullough's deposition if the Court even considers the Motion to

Compel in absence of a Local Rule 37.1 conference and orders that such a reconvening is necessary.

Request for Hearing

Defendants and Attorney McCullough respectfully request a hearing in this matter as it involves attorney/client privilege. A hearing on other discovery Motions in this case is scheduled for August 23, 2005 at 2:15pm.

WHEREFORE, non-party Deponent, John McCullough and Defendants, The Pointe Group, Inc., Barry Freid and Gerald Freid respectfully request that the Court deny Casas, Benjamin & White, LLC's Motion to Compel and grant such other and further relief as is just.

>Respectfully Submitted,
>
>JOHN MCCULLOUGH,
>THE POINTE GROUP, INC.,
>BARRY FREID AND GERALD FREID
>
>By their attorneys,
>
>/s/Todd B. Gordon
>Stephen F. Gordon (BBO No. 203600)
>Todd B. Gordon (BBO No. 652482)
>Gordon Haley LLP
>101 Federal Street
>Boston, Massachusetts 02110
>Tel:   (617) 261-0100
>Fax:   (617) 261-0789

Dated: July 1, 2005

P:\Clients\Pointe Group \CBW Plead\Opp to motion to compel re McCullough.doc