UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CASAS, BENJAMIN & WHITE, LLC<br><br>Plaintiff,<br><br>v.<br><br><br>THE POINTE GROUP, INC., a Massachusetts corporation d/b/a The Pointe Group Healthcare and Senior Living; GERALD S. FREID; BARRY FREID; KEY CORPORATE CAPITAL, INC.,<br><br>Defendants. | Docket No: 1:04-CV-12333-MEL |

**DEFENDANT KEY CORPORATE CAPITAL INC.'S
ANSWER TO CROSS-CLAIM OF THE POINTE GROUP INC.,
GERALD FREID AND BARRY FREID**

Defendant Key Corporate Capital Inc. ("Key") by and through its attorneys, Nixon Peabody LLP, for its answer to the defendants', The Pointe Group, Inc., Gerald Freid and Barry Freid's Cross-Claim, states as follows:

1. Defendant Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 1 and on that basis denies them.

2. Defendant Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 2 and on that basis denies them.

3. Defendant Key lacks knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph 3 and on that basis denies them.

M123009.1

4. Key admits only that Key Corporate Capital, Inc. is a wholly owned subsidiary of KeyBank, National Association, which is a national banking association duly organized and existing under the laws of the United States regulated by the Office of the Controller of the Currency. Key further states that KeyBank is a national bank subsidiary of KeyCorp. Key admits that Steve Dunham is a Vice President of Key Corporate Capital, Inc. and works in Albany, New York. Key denies the remaining allegations set forth in Paragraph 4.

5. Key admits that on or about November 3, 2004, Plaintiff Casas Benjamin and White, LLC filed a complaint against The Pointe Group, Inc., Gerald Freid, Barry Freid and Key.

6. With regard to the allegations set forth in Paragraph 6, Key responds that the complaint referenced in the paragraph speaks for itself.

7. With regard to the allegations set forth in Paragraph 7, Key responds that the complaint referenced in the paragraph speaks for itself.

8. With regard to the allegations set forth in Paragraph 8, Key responds that the complaint referenced in the paragraph speaks for itself.

9. The allegations set forth in Paragraph 9 are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

## COUNT ONE

10. Key hereby realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 9.

11. With regard to the allegations set forth in Paragraph 11, Key responds that the document referenced speaks for itself.

12. With regard to the allegations set forth in Paragraph 11, Key responds that the document referenced speaks for itself.

13. With regard to the allegations set forth in the first sentence of Paragraph 13, Key responds that these are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. With regard to the allegations set forth in the second sentence of Paragraph 13, Key admits only that the owners of the properties began considering selling them or refinancing them at some point in time. Key denies the remaining allegations set forth in Paragraph 13.

14. With regard to the allegations set forth in Paragraph 14, Key admits only that in 2003, Steve Dunham had a conversation with Casas Benjamin & White. Key denies the remaining allegations set forth in the first sentence of Paragraph 14. With regard to the allegations set forth in the second sentence of Paragraph 14, Key states that the document referenced speaks for itself.

15. Key denies the allegations set forth in Paragraph 15 of the Complaint. Key further states the document referenced in Paragraph 15 speaks for itself.

16. Key denies the allegations set forth in Paragraph 16 of the Complaint. Key further states the document referenced in Paragraph 16 speaks for itself.

17. Key denies the allegations set forth in Paragraph 17 of the Complaint. Key further states the Complaint referenced in Paragraph 17 speaks for itself.

18. Key denies the allegations set forth in Paragraph 18 of the Complaint. Key further states the document referenced in Paragraph 18 speaks for itself.

19. Key denies the allegations set forth in Paragraph 19 of the Complaint. Key further states the document referenced in Paragraph 19 speaks for itself.

20. Key denies the allegations set forth in Paragraph 20 of the Complaint. Key further states the document referenced in Paragraph 20 speaks for itself.

21. Key denies the allegations set forth in Paragraph 21 of the Complaint. Key further states the document referenced in Paragraph 21 speaks for itself.

22. Key denies the allegations set forth in Paragraph 22 of the Complaint. Key further states the document referenced in Paragraph 22 speaks for itself.

23. Key denies the allegations set forth in Paragraph 23 of the Complaint. Key further states the document referenced in Paragraph 23 speaks for itself.

24. Key denies the allegations set forth in Paragraph 24 of the Complaint. Key further states the document referenced in Paragraph 24 speaks for itself.

25. Key denies the allegations set forth in Paragraph 25 of the Complaint. Key further states the document referenced in Paragraph 25 speaks for itself.

26. The allegations set forth in Paragraph 26 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT TWO

27. Key repeats each response to each of the foregoing paragraphs as if fully set forth herein.

28. The allegations set forth in Paragraph 28 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

29. With regard to the allegations set forth in Paragraph 29, Key states that these allegations are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

30. With regard to the allegations set forth in Paragraph 30, Key states that these allegations are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT THREE

31. Key repeats each response to each of the foregoing paragraphs as if fully set forth herein.

32. Key denies the allegations set forth in Paragraph 32.

33. Key admits that it received proceeds from the closing of the transaction and denies the remaining allegations set forth in Paragraph 33.

34. The allegations set forth in Paragraph 34 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT FOUR

35. Key repeats each response to each of the foregoing paragraphs as if fully set forth herein.

36. Key responds that the document referenced speaks for itself.

37. Key responds that the document referenced speaks for itself.

38. The allegations set forth in Paragraph 38 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

39. The allegations set forth in Paragraph 39 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

40. The allegations set forth in Paragraph 40 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

41. The allegations set forth in Paragraph 41 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## DEFENSES

### FIRST DEFENSE

The Cross-Claim and each cause of action alleged therein against Defendant Key fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The claims of the cross-claimants are barred in whole or in part by the doctrines of waiver, estoppell, ratification and/or unclean hands.

### THIRD DEFENSE

The cross-claimants are barred from claiming injury or damage, if any, because they failed to make reasonable efforts to mitigate such injury or damage which could have reduced such injury or damage.

### FOURTH DEFENSE

The damages sought arise from the actions of others for which Key is not responsible.

As discovery is still ongoing, Key deserves the right to add to these defenses.

WHEREFORE, Defendant Key asks that this Court grant the following relief:

1. That the cross-claimants, The Pointe Group, Barry Freid and Gerald Freid, take nothing from defendant Key by their cross-claim;

2. Enter judgment for Defendant Key;

M123009.1                                6

3. Grant Key's attorneys' fees and costs; and

4. Grant such other relief as this Court deems just and proper.

Dated: July 8, 2005

Respectfully submitted,

KEY CORPORATE CAPITAL, INC.

By its attorneys

NIXON PEABODY LLP

/s/W. Scott O'Connell
W. Scott O'Connell (#559669)
Courtney Worcester (#643180)
889 Elm Street
Manchester, NH 03101
(603) 628-4000
soconnell@nixonpeabody.com
cworcester@nixonpeabody.com

**I hereby certify that on this 8th day of July, 2005, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties in this case by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.**

/s/Courtney Worcester
*One of the Attorneys for Defendants*