UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CASAS, BENJAMIN & WHITE, LLC,         )<br>                                                              )<br>   Plaintiff,                                        )<br>                                                              )<br>        vs.                                              )<br>                                                              )<br>THE POINTE GROUP, INC., a               )<br>Massachusetts corporation d/b/a The Pointe )<br>Group Healthcare and Senior Living;        )<br>GERALD S. FREID; BARRY FREID; and  )<br>KEY CORPORATE CAPITAL, INC.,          )<br>                                                              )<br>   Defendants.                                    ) | No.  04-12333-MEL |

**UNOPPOSED MOTION OF PLAINTIFF, CASAS, BENJAMIN & WHITE, LLC, FOR LEAVE TO FILE AFFIDAVIT OF MELBA LUYO IN RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM CENTURY BANK AND TRUST COMPANY**

Plaintiff Casas, Benjamin & White, LLC (hereinafter, "Plaintiff" or "CBW"), hereby moves for leave to file the attached affidavit of Melba Luyo in further support of its Motion to Compel Production of Documents from Century Bank and Trust Company ("Century Bank"). None of the parties are opposing this motion. As grounds for this motion, CBW states as follows:

On June 3, 2005, CBW filed a motion to compel Century Bank to produce records pertaining to bank accounts maintained at Century Bank by The Pointe Group, Inc. ("TPG") and/or affiliated entities. CBW's motion was premised, in part, on information received during discovery which indicated that TPG, contrary to representations made to this Court, received funds that had been set aside at the September 30, 2004 closing for payment to the Commonwealth of Massachusetts. The information received during discovery indicated that these funds, in the amount of $847,055.17, were deposited into TPG's account at Century Bank on or about November 4, 2004.

The defendants' Opposition to CBW's Motion to Compel Production of Documents from Century Bank relies entirely on Attorney John McCullough's deposition testimony that these funds subsequently were transferred to the Commonwealth of Massachusetts at some point after November 4, 2004, and that, therefore, there is no basis for CBW's request for records showing post-closing deposits into and disbursements out of the defendants' accounts. (Defendants' Opposition, pp. 3-5). Indeed, the defendants have taken the position throughout this litigation that none of them "received a penny" of the closing disbursements.

In response to the defendants' argument, attached at Tab A is the Affidavit of Melba Luyo. Ms. Luyo is a Financial Specialist in the Commonwealth of Massachusetts Office of Medicaid ("MassHealth"). In that capacity, she is responsible for oversight of MassHealth's recoupment accounts established for long-term care facilities doing business with MassHealth, including Cranberry Pointe Nursing Home, Inc. ("Cranberry Pointe") and other providers having common ownership with Cranberry Pointe, such as TPG.

As described more fully in her affidavit, Ms. Luyo was the agent responsible for recouping the $869,055.17 liability Cranberry Pointe owed on a Type C MassHealth recoupment account, which was recorded on February 13, 2002.

As explained in a letter Ms. Luyo sent to Mark Tobin, President of TPG, on October 29, 2004, Cranberry Pointe's $869,055.17 MassHealth liability was satisfied through a reconciliation of accounts and setoff performed by MassHealth on October 26, 2004. (The letter is attached at Tab A to Ms. Luyo's affidavit).

Thus, contrary to the defendants' argument in their Opposition, neither Cranberry Pointe

nor any other long-term care provider having common ownership with Cranberry Pointe paid any amount towards the $869,055.17 liability, via check or other negotiable instrument, on or after October 26, 2004, because the liability already had been satisfied as part of MassHealth's reconciliation of accounts. Thus, Mr. McCullough's deposition testimony, that these funds were paid to the Commonwealth at some time after the funds were deposited into TPG's account, was inaccurate.

It cannot be disputed that on or about November 4, 2004, $869,055.17 in closing proceeds were transferred to Cranberry Pointe, and that these funds were deposited in TPG's account. As pressed in its Motion to Compel, CBW is entitled to discover who among the defendants, if any, received these closing disbursements and, once the individual(s) and/or entit(ies) is identified, to question them as to why CBW was not paid its fee out of said proceeds.

WHEREFORE, Plaintiff Casas, Benjamin & White, LLC, respectfully requests that this Court grant its Motion for Leave to File Affidavit of Melba Luyo in response to Defendants' Opposition to Plaintiff's Motion to Compel Production of Documents from Century Bank and Trust Company.

Respectfully submitted,

CASAS, BENJAMIN & WHITE, LLC

By its attorneys,


/s/ Michael R. Bernardo
Thomas E. Peisch (BBO# 393260)
Erin E. Higgins (BBO# 559510)
Michael R. Bernardo (BBO# 648310)
CONN KAVANAUGH ROSENTHAL
 PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA 02109
(617) 482-8200

Dated: July 28, 2005
       Boston, Massachusetts

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 7/28/05

/s/ Mike Bernardo

**A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CASAS, BENJAMIN & WHITE, LLC, | ) | |
| | ) | No. 04-12333-MEL |
| Plaintiff, | ) | |
| | ) | RECEIVED |
| vs. | ) | |
| | ) | JUL 15 2005 |
| THE POINTE GROUP, INC., a | ) | |
| Massachusetts corporation d/b/a The Pointe | ) | EOHHS MASSHEALTH |
| Group Healthcare and Senior Living; | ) | LEGAL UNIT |
| GERALD S. FREID; BARRY FREID; and | ) | |
| KEY CORPORATE CAPITAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF MELBA LUYO

I, Melba Luyo, being duly sworn hereby depose and state as follows:

1. I am a Financial Specialist in the Commonwealth of Massachusetts Office of Medicaid ("MassHealth"). In that capacity, I am responsible for oversight of MassHealth's recoupment accounts established for long-term care facilities doing business with MassHealth, including Cranberry Pointe Nursing Home, Inc. ("Cranberry Pointe") and other providers having common ownership with Cranberry Pointe. I make this affidavit upon my own personal knowledge.

2. Attached at Tab A is a true and accurate copy of a letter I sent to Mark Tobin on October 29, 2004 in connection with an $869,055.17 liability Cranberry Pointe owed on a Type C MassHealth recoupment account, which was recorded on February 13, 2002.

3. As explained in the aforementioned letter, Cranberry Pointe's $869,055.17 MassHealth liability was satisfied through a reconciliation of accounts and setoff performed by MassHealth on October 26, 2004.

4. Thus, neither Cranberry Pointe nor any other long-term care provider having common ownership with Cranberry Pointe paid any amount towards the $869,055.17 liability, via check or other negotiable instrument, on or after October 26, 2004 because the liability already had been satisfied as part of MassHealth's reconciliation of accounts.

SIGNED UNDER THE PENALTIES OF PERJURY THIS _15TH_ DAY OF JULY, 2005.

_____
Melba Luyo, Financial Specialist
Commonwealth of Massachusetts Office of
Medicaid

A



MITT ROMNEY
Governor
KERRY HEALEY
Lieutenant Governor

*The Commonwealth of Massachusetts*
*Executive Office of Health and Human Services*
*Office of Medicaid*
*600 Washington Street*
*Boston, MA  02111*



RONALD PRESTON
Secretary
BETH WALDMAN
Director

October 29, 2004

Mark Tobin, President
Cranberry Pointe Nursing Home, Inc.
c/o The Pointe Group
615 Heath Street
Chestnut Hill, MA  02467

      Re: Cranberry Pointe Nursing Home, Inc. — Reconciliation of
      Cranberry Pointe Residential Care Center (VPN 0919837) ("Cranberry
      Pointe") MassHealth Liability

Gentlemen:

This letter is confirmation that as a result of a reconciliation of accounts performed on October 26, 2004 on Run # 1816, the recoupment account balance formerly owed by Cranberry Pointe in the amount of $869,055.17 (the "Liability"), which was recorded on February 13, 2002 as a Type C recoupment account, is no longer due and owing and is now satisfied in full. MassHealth has set-off against the Liability amounts owed to Cranberry Pointe and other providers having common ownership with Cranberry Pointe, which in the aggregate exceeded the Liability. MassHealth is unaware of any reason to, and has no plan to conduct any further recovery or seek any further payment in connection with the Liability. As of the date hereof, MassHealth has no knowledge of any liability owed to it by Cranberry Pointe.

Sincerely

Melba Luyo
Financial Specialist

cc:    Seth Haber, Esq.
       Gerald J. Billow, Esq.