# TAB C

```
                                                              1

  1                              Volume:  I

  2    CERTIFIED ORIGINAL        Pages:   1-128
       LEGALINK BOSTON
  3                              Exhibits: 48-69

  4              UNITED STATES DISTRICT COURT

  5              DISTRICT OF MASSACHUSETTS

  6    - - - - - - - - - - - - - - - - - - x

  7    CASAS, BENJAMIN & WHITE, LLC,

  8                         Plaintiff,

  9         v.              Case No.: 04-CV-1233-MEL

 10    THE POINTE GROUP, INC., a

 11    Massachusetts corporation d/b/a The Pointe

 12    Group Healthcare and Senior Living, GERALD S. FREID,

 13    BARRY, FREID, and KEY CORPORATE CAPITAL, INC.,

 14                         Defendants.

 15    - - - - - - - - - - - - - - - - - - x

 16

 17           DEPOSITION OF JOHN C. McCULLOUGH

 18                    May 19, 2005

 19                     9:24 a.m.

 20       Conn Kavanaugh Rosenthal Peisch & Ford, LLP

 21                  Ten Post Office Square

 22                Boston, Massachusetts  02109

 23

 24    Reporter:  Carol A. Pagliaro, CSR/RPR/RMR
```

John C. McCullough                                    05/19/2005

```
                                                              2
 1   A P P E A R A N C E S:

 2      CONN KAVANAUGH ROSENTHAL PEISCH & FORD, LLP

 3         By Erin K. Higgins, Esq.

 4         Ten Post Office Square

 5         Boston, Massachusetts   02109

 6         617-482-8200

 7         Counsel for the Plaintiff

 8      NIXON PEABODY, LLP

 9         By Courtney Worcester, Esq.

10         889 Elm Street

11         Manchester, New Hampshire   03101

12         603-628-4000

13         Counsel for the Defendant

14         Key Corporate Capital, Inc.

15      GORDON HALEY LLP

16         By Stephen F. Gordon, Esq.

17         101 Federal Street

18         Boston, Massachusetts   02110

19         617-261-0100

20         Counsel for the Witness and Defendants

21         The Pointe Groupe, Inc., Gerald S. Freid,

22         and Barry Freid

23

24
```

LegaLink Boston
(800) 822-3376

John C. McCullough                                              05/19/2005

3

|  |  | I N D E X |  |
|---|---|---|---|
|  | 1 |  |  |
|  | 2 | EXAMINATION OF: | PAGE |
|  | 3 | John C. McCullough |  |
|  | 4 | By Atty. Higgins | 5 |
|  | 5 | By Atty. Worcester | 112 |
|  | 6 |  |  |
|  | 7 | E X H I B I T S |  |
|  | 8 | NO. | PAGE |
| 13:12:58 | 9 | 48  Subpoena | 20 |
| 13:13:01 | 10 | 49  12/23/03 letter from Kauffman to |  |
| 13:13:01 | 11 | McCullough | 20 |
| 13:13:31 | 12 | 50  6/3/2004 e-mail from Gordon to Kauffman | 27 |
| 13:13:40 | 13 | 51  9/25/04 e-mail from Gordon to Sucoff and |  |
| 13:13:52 | 14 | Henken | 39 |
| 13:13:56 | 15 | 52  9/27/04 e-mail from McCullough to Cole | 41 |
| 13:14:19 | 16 | 53  9/27/04 package of wiring instructions | 43 |
| 13:14:32 | 17 | 54  9/29/04 e-mail from McCullough to Gordon | 49 |
| 13:14:44 | 18 | 55  9/29/04 e-mail from Caine to Cole | 51 |
| 13:14:52 | 19 | 56  9/27/04 draft of Closing Statement | 56 |
| 13:15:00 | 20 | 57  9/30/04 8:20 a.m. Draft of Closing |  |
| 13:15:00 | 21 | Statement | 65 |
| 13:15:12 | 22 | 58  9/30/04 8:37 a.m. Draft of Closing |  |
| 13:15:18 | 23 | Statement | 67 |
| 13:15:21 | 24 | 59  9/29/04 e-mail from Sucoff to McCullough | 61 |

LegaLink Boston
(617) 542-0039

4

|  |  |  |
|---|---|---|
| 13:15:21 | 1 | E X H I B I T S |
| 13:12:58 | 2 | NO.                                                      PAGE |
| 13:12:58 | 3 | 60   9/30/04 9:28 a.m. Draft of Closing |
| 13:15:37 | 4 |      Statement                                           68 |
| 13:15:39 | 5 | 61   9/30/04 1:18 p.m. Draft of Closing |
| 13:15:39 | 6 |      Statement                                           81 |
| 13:15:47 | 7 | 62   9/30/04 3:14 p.m. Draft of Closing |
| 13:15:53 | 8 |      Statement                                           85 |
| 13:15:59 | 9 | 63   9/30/04 e-mail from Tyler to Sucoff          88 |
| 13:16:10 | 10 | 64  9/30/04 Closing Memorandum                    88 |
| 13:16:18 | 11 | 65  9/30/04 3:31 p.m. Partial Draft of |
| 13:16:30 | 12 |     Closing Statement                              97 |
| 13:16:36 | 13 | 66  Purchase Price Allocation                    101 |
| 13:16:49 | 14 | 67  11/2/04 e-mail from McCullough to |
| 13:17:03 | 15 |     Sucoff                                        103 |
| 13:17:08 | 16 | 68  11/3/04 letter from Sucoff and |
| 13:17:15 | 17 |     McCullough to Nolan                          107 |
| 13:17:23 | 18 | 69  11/4/04 letter from Byrne to Tyler            110 |
|  | 19 |  |
|  | 20 | *Original exhibits retained by Atty. Higgins |
|  | 21 |  |
|  | 22 |  |
|  | 23 |  |
|  | 24 |  |

John C. McCullough                                          05/19/2005

5

1               P R O C E E D I N G S

2                     Stipulation

3    It is stipulated by and between counsel for the

4    respective parties that Motions to Strike and all

5    objections, except as to form, are reserved until

6    the time of trial.  It is further stipulated that

7    the witness may sign the deposition under the pains

8    and penalties of perjury, rather than before a

9    notary public.

10                 JOHN C. McCULLOUGH,

11   a witness called on behalf of the Plaintiff, having

12   first been duly sworn, was deposed and testified as

13   follows:

14                  DIRECT EXAMINATION

15      BY ATTY. HIGGINS:

09:24:57   16      Q.   Sir, could you state your full name for the
09:24:59   17   record?
09:24:59   18      A.   Yes, John McCullough, M-c-C-u-l-l-o-u-g-h.
09:25:05   19              ATTY. HIGGINS:  Mr. McCullough, I
09:25:06   20   represent the plaintiff in this, Casas, Benjamin &
09:25:11   21   White.  Have you ever had your deposition taken
09:25:12   22   before?
09:25:14   23      A.   I can't recall if I have.
09:25:16   24      Q.   I know you are a transactional lawyer,

John C. McCullough                                        05/19/2005

6

| | | |
|---|---|---|
| 09:25:19 | 1 | correct? |
| 09:25:20 | 2 | A.  Yes. |
| 09:25:21 | 3 | Q.  Have you ever sat in on deposition? |
| 09:25:21 | 4 | A.  Yes. |
| 09:25:23 | 5 | Q.  So you are generally aware of the rules, but |
| 09:25:25 | 6 | I'll just tell you a few that sometimes it's hard |
| 09:25:28 | 7 | for people who are actually giving depositions to |
| 09:25:32 | 8 | remember.  Most important is you need to let me |
| 09:25:34 | 9 | finish my question before you start answering, even |
| 09:25:37 | 10 | though, like most attorneys, you are going to think |
| 09:25:39 | 11 | you know what my question is, so the court reporter |
| 09:25:41 | 12 | can take down my question and your answer without us |
| 09:25:44 | 13 | talking over one another. |
| 09:25:45 | 14 | If you don't understand a question I'm |
| 09:25:47 | 15 | asking you, please let me know, and I'll try too |
| 09:25:49 | 16 | rephrase it. |
| 09:25:50 | 17 | If you need to take a break, let me |
| 09:25:52 | 18 | know.  We can do that as long as it's not in the |
| 09:25:55 | 19 | middle of a pending question. |
| 09:25:57 | 20 | And that's about it. |
| 09:25:59 | 21 | Are you taking any medications today |
| 09:26:01 | 22 | that would affect your ability to answer my |
| 09:26:04 | 23 | questions? |
| 09:26:05 | 24 | A.  No. |

John C. McCullough                                              05/19/2005

7

| | |
|---|---|
| 09:26:06  1 | Q.  I'm not going to go through a huge litany, |
| 09:26:10  2 | but could you just briefly tell me your educational |
| 09:26:12  3 | background and where you have worked in the last 20 |
| 09:26:14  4 | year? |
| 09:26:15  5 | A.  I went to law school. |
| 09:26:16  6 | Q.  Where did you go to law school? |
| 09:26:17  7 | A.  BC Law. |
| 09:26:17  8 | Q.  When did you graduate? |
| 09:26:19  9 | A.  1966. |
| 09:26:22 10 | Q.  And where have you worked during the past |
| 09:26:25 11 | ten years. |
| 09:26:26 12 | A.  McCullough, Stievater & Polvere, 121 Main |
| 09:26:31 13 | Street, Charlestown. |
| 09:26:31 14 | Q.  And that's a firm you founded? |
| 09:26:33 15 | A.  Yes. |
| 09:26:34 16 | Q.  What year did you found the firm? |
| 09:26:36 17 | A.  1972. |
| 09:26:37 18 | Q.  And you have worked there ever since? |
| 09:26:39 19 | A.  Yes. |
| 09:26:40 20 | Q.  Can you just describe for me generally your |
| 09:26:42 21 | areas of practice? |
| 09:26:44 22 | A.  Currently the areas of practice are project |
| 09:26:47 23 | developments, affordable housing, extensive nursing |
| 09:26:51 24 | home representation, management, sales, HUD closing, |

| Time | Line | Text |
|---|---|---|
| 11:22:08 | 1 | outside of closing. It's a typical standard |
| 11:22:08 | 2 | reference. |
| 11:22:08 | 3 | Q. What was Andy Sucoff's response to that? |
| 11:22:09 | 4 | A. He didn't have any response. I just said we |
| 11:22:11 | 5 | are going to deal with it outside of closing, and he |
| 11:22:13 | 6 | adjusted the -- he would make the adjustment he |
| 11:22:17 | 7 | said. We were going over many other issues at the |
| 11:22:22 | 8 | same time. |
| 11:22:22 | 9 | Q. And before you told Mr. Sucoff that -- well, |
| 11:22:27 | 10 | let me ask this question, When you told Mr. Sucoff |
| 11:22:30 | 11 | that we would deal with the broker commission out of |
| 11:22:33 | 12 | the closing, who were you referring to? |
| 11:22:35 | 13 | A. The sellers. |
| 11:23:10 | 14 | (Court Reporter changes paper.) |
| 11:23:18 | 15 | Q. Before you told Mr. Sucoff that the sellers |
| 11:23:22 | 16 | would deal with the broker commission outside of the |
| 11:23:24 | 17 | closing, did you have any conversations with anyone |
| 11:23:27 | 18 | at Casas, Benjamin & White as to whether that was |
| 11:23:30 | 19 | acceptable to Casas, Benjamin & White? |
| 11:23:32 | 20 | A. I did not. |
| 11:23:33 | 21 | Q. Did anyone tell you that they had had such a |
| 11:23:36 | 22 | conversation with anyone at Casas, Benjamin & White? |
| 11:23:44 | 23 | A. I don't recall if anybody told me that. |
| 11:23:48 | 24 | Q. Prior to telling Mr. Sucoff that the sellers |

| | | |
|---|---|---|
| 11:23:51 | 1 | would deal with the broker commission outside of the |
| 11:23:54 | 2 | closing, had you, without revealing the substance of |
| 11:23:58 | 3 | any communications, had you spoken with anyone |
| 11:24:03 | 4 | affiliated with the sellers about that issue? |
| 11:24:03 | 5 | ATTY. GORDON:  Just yes or no. |
| 11:24:14 | 6 | A.  Yes. |
| 11:24:15 | 7 | Q.  And, again, without revealing the substance |
| 11:24:17 | 8 | of any such communications, before telling Mr. |
| 11:24:22 | 9 | Sucoff that the sellers would deal with the broker |
| 11:24:25 | 10 | commission outside of the closing, had you discussed |
| 11:24:28 | 11 | that issue with Barry Freid? |
| 11:24:30 | 12 | ATTY. GORDON:  I'm going to instruct the |
| 11:24:32 | 13 | witness not to answer that question. |
| 11:24:34 | 14 | ATTY. HIGGINS:  It's a yes-or-no |
| 11:24:34 | 15 | question. |
| 11:24:34 | 16 | ATTY. GORDON:  I understand that.  I'm |
| 11:24:35 | 17 | going to instruct him not to answer the question. |
| 11:24:39 | 18 | ATTY. HIGGINS:  And on what, just to |
| 11:24:39 | 19 | make sure for the record? |
| 11:24:40 | 20 | ATTY. GORDON:  On the grounds of |
| 11:24:41 | 21 | privilege. |
| 11:24:42 | 22 | Q.  All right, I'm going to ask a similar |
| 11:24:44 | 23 | question.  Prior to telling Mr. Sucoff that the |
| 11:24:50 | 24 | sellers would deal with the broker's commission |

| | | |
|---|---|---|
| 11:24:53 | 1 | outside of the closing, again without revealing the |
| 11:24:56 | 2 | substance of any communications, had you discussed |
| 11:25:01 | 3 | that issue with Gerald Freid? |
| 11:25:03 | 4 | ATTY. GORDON: I'm going to instruct the |
| 11:25:03 | 5 | witness not to answer the question on the grounds |
| 11:25:06 | 6 | of privilege. |
| 11:25:07 | 7 | ATTY. HIGGINS: I'll object to that |
| 11:25:08 | 8 | instruction. |
| 11:25:12 | 9 | Q.  Mr. McCullough, prior to telling Mr. Sucoff |
| 11:25:14 | 10 | that you would deal with the broker commission |
| 11:25:18 | 11 | outside of the closing, had you discussed that issue |
| 11:25:22 | 12 | with Mark Tobin? |
| 11:25:23 | 13 | ATTY. GORDON: I'm going to instruct the |
| 11:25:24 | 14 | witness not to answer that question on the grounds |
| 11:25:27 | 15 | of privilege. |
| 11:25:31 | 16 | Q.  Had you discussed the issue -- let me start |
| 11:25:34 | 17 | again.  Prior to telling Mr. Sucoff that the sellers |
| 11:25:38 | 18 | would deal with the broker commission outside of the |
| 11:25:41 | 19 | closing, had you discussed that issue with Mr. |
| 11:25:43 | 20 | Gordon? |
| 11:25:44 | 21 | ATTY. GORDON: I'm going to instruct the |
| 11:25:46 | 22 | witness not to answer that question on the grounds |
| 11:25:47 | 23 | of privilege. |
| 11:25:50 | 24 | Q.  Mr. McCullough, had you discussed that |

| Time | Line | Text |
|---|---|---|
| 11:25:52 | 1 | issue, the issue that I have just been talking |
| 11:25:54 | 2 | about? Had you discussed that issue, again without |
| 11:25:57 | 3 | telling me the substance of such communications, |
| 11:26:00 | 4 | with Georgia Freid? |
| 11:26:01 | 5 | ATTY. GORDON: I'm going to instruct the |
| 11:26:02 | 6 | witness not to answer the question on the grounds of |
| 11:26:05 | 7 | privilege. |
| 11:26:26 | 8 | Q. Let me just try it a slightly different way. |
| 11:26:31 | 9 | Mr. McCullough, prior to telling Mr. Sucoff that the |
| 11:26:36 | 10 | sellers would deal with the broker commission |
| 11:26:38 | 11 | outside of the closing, had anyone affiliated with |
| 11:26:41 | 12 | The Pointe Group authorized you to make that |
| 11:26:45 | 13 | communication to Mr. Sucoff? |
| 11:26:47 | 14 | ATTY. GORDON: I'm going to instruct the |
| 11:26:48 | 15 | witness not to answer that question on the grounds |
| 11:26:52 | 16 | of privilege. |
| 11:26:54 | 17 | ATTY. HIGGINS: Even though my question |
| 11:26:55 | 18 | regards a communication that was to be made to a |
| 11:26:59 | 19 | third party? |
| 11:27:01 | 20 | ATTY. GORDON: My instruction stands. |
| 11:27:01 | 21 | ATTY. WORCESTER: Could you read back |
| 11:27:33 | 22 | Erin's last question. |
| 11:27:33 | 23 | (Question read.) |
| 11:27:45 | 24 | ATTY. HIGGINS: Let's go off the record |

John C. McCullough                                          05/19/2005

                                                                    75

| | | |
|---|---|---|
| 11:28:51 | 1 | for a second. |
| 11:28:51 | 2 | (Discussion off the record.) |
| 11:28:53 | 3 | ATTY. HIGGINS: I just want the record |
| 11:28:55 | 4 | to reflect that while we were off the record counsel |
| 11:28:58 | 5 | discussed whether to suspend Mr. McCullough's |
| 11:29:01 | 6 | deposition now for the purpose of obtaining the |
| 11:29:04 | 7 | judge's ruling on whether Mr. McCullough should be |
| 11:29:07 | 8 | required to answer questions, the questions that I |
| 11:29:10 | 9 | just posed to Mr. McCullough, whether we would |
| 11:29:14 | 10 | suspend his deposition at the end of today, then |
| 11:29:19 | 11 | seek the judge's ruling on whether he should be |
| 11:29:21 | 12 | required to answer those questions, which might |
| 11:29:24 | 13 | entail Mr. McCullough coming back for a subsequent |
| 11:29:27 | 14 | deposition to answer questions as the judge directs, |
| 11:29:31 | 15 | and I just want to make it clear for the record that |
| 11:29:33 | 16 | I'm reserving my right to do that. |
| 11:29:35 | 17 | ATTY. GORDON: And we have agreed to do |
| 11:29:36 | 18 | that. |
| 11:29:46 | 19 | Q. Getting back to the closing itself, do you |
| 11:29:49 | 20 | recall who was present at Goodwin's offices that day |
| 11:29:54 | 21 | from The Pointe Group side of things? |
| 11:30:03 | 22 | A. Yes, there were a number of people, Mark |
| 11:30:07 | 23 | Tobin, Jerry Freid, Barry Freid, Steve Gordon, Frank |
| 11:30:13 | 24 | Barker, Mary Anne Tyler, Mary Cole, myself, and |