UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 04CV12333 MEL

)
CASAS, BENJAMIN & WHITE, LLC    )
                     Plaintiff,    )
)
v.    )
)
THE POINT GROUP, INC.,    )
GERALD S. FREID; BARRY FREID;    )
KEY CORPORATE CAPITAL, INC.    )
                     Defendants.    )
)

OPPOSITION TO PLAINTIFF, CASAS, BENJAMIN & WHITE, LLC'S MOTION TO
COMPEL DEPONENT STEPHEN F. GORDON TO ANSWER CERTAIN DEPOSITION
QUESTIONS AND ANSWERS TO CERTAIN DEPOSITION QUESTIONS POSED BY CBW
(Request for Hearing)

      Now come non-party deponent, Stephen F. Gordon ("Attorney Gordon") and Defendants The Pointe Group ("TPG"), Barry Freid and Gerald Freid ("Defendants") and hereby oppose the Motion of Plaintiff, Casas, Benjamin &White, LLC ("CBW"), to Compel Deponent Stephen F. Gordon to Answer Certain Deposition Questions ("Motion to Compel") and hereby agree to and specifically answer certain questions posed by CBW. In support of this Opposition, Attorney Gordon and the Defendants state as follows:

      I.      <u>Attorney Gordon agrees to answer certain deposition questions</u>

      After reviewing the Motion to Compel and the case law cited therein, Attorney Gordon agrees to answer the following questions set forth below, to which CBW sought to compel answers after Attorney Gordon declined to answer at deposition based on the attorney/client privilege. If, prior to filing the Motion to Compel, counsel to CBW had identified the case law upon which CBW was relying and gave Attorney Gordon and the Defendants the opportunity to

answer these questions, the following questions could have been answered without the necessity of moving to compel their answers.[1]

Q. In the matter that you're referring to, can you tell me who your client is?

A. **My clients were, from time-to-time, Georgia Freid, individually and in her capacity as executor of the estate of William Freid, The Pointe Group, Inc., Gerald Freid, Barry Freid, Mark Tobin, all of the Healthcare Entities and other Healthcare Entities owned by Georgia Freid, executor and Mark Tobin.**

Q. When did the representation begin?

A. **Approximately April, 2003.**

Q. During the time period September 30, 2003 to September 30, 2004, did you represent Barry Freid in his individual capacity?

A. **Yes.**

Q. During that same time period, did you represent Gerald Freid in his individual capacity?

A. **Yes.**

Q. Now, you also represented Georgia Freid at her deposition, correct?

A. Yes (answered at deposition).

Q. Whom did you bill for the time that you spent defending that deposition?

A. **The Pointe Group, Inc.**

Q. And you represented Mr. McCullough at his deposition?

A. Yes (answered at deposition).

Q. Who did you bill for the time you spent defending that deposition?

A. **The Pointe Group, Inc.**

Q. You represented Frank Barker in his capacity as keeper of the records at Chestnut Hill Lifecare?

---

[1] Attorney Gordon's answers appear in bold.

    A. Yes (answered at deposition).

    Q. Who did you bill for the time representing that deposition?

    A. **The Pointe Group, Inc.**

    Q. Who do you intend to bill for the time you're spending at deposition here today?

    A. **The Pointe Group, Inc.**

 II. <u>Attorney Gordon Should not be Compelled to Answer the Remaining Deposition Questions as the Information that CBW Seeks is Protected by the Attorney/Client Privilege</u>

  CBW is also seeking to compel Attorney Gordon to answer certain deposition questions which he declined to answer as the questions sought information protected by the attorney/client and/or work product privilege. In the Motion to Compel, CBW sets forth, in detail, several lines of questioning which Attorney Gordon declined to answer on the grounds of attorney/client privilege. Counsel to CBW asked Attorney Gordon whether he had specific discussions with several employees and principals of his clients. More specifically, counsel to CBW asked Attorney Gordon whether he had discussions with his clients regarding several detailed issues involving CBW's engagement. For example, CBW's counsel inquired of Attorney Gordon whether he had any conversations with his clients "as to whether or not there was an enforceable obligation to pay Casas, Benjamin & White." Similarly, counsel to CBW asked Attorney Gordon if he had formed an opinion that CBW was not entitled to the full amount of its broker's commission and whether he had discussed that opinion with anyone, including his clients. Attorney Gordon declined to answer these questions as any answers thereto would have required Attorney Gordon to divulge private conversations with clients that are unquestionably protected and privileged communications and his work product as their attorney.

In the Motion to Compel, CBW also seeks to compel answers to questions it asked Attorney Gordon at his deposition involving the Defendants' decision-making process and Attorney Gordon's role in advising his clients throughout that process. Counsel to CBW asked Attorney Gordon specific questions where answers to such questions would require Attorney Gordon to reveal specific, private discussions he had with one or more of his clients for the purposes of dispensing legal advice. CBW is moving to compel Attorney Gordon's answers to several questions involving which of Attorney Gordon's clients asked him to take a specific action. For example, CBW asked, "[d]id Gerry Freid specifically authorize you to convey to CBW the number of $782,773 that's in your letter?" Attorney Gordon rightfully declined to answer this question and several other similar questions as the answers to these questions would result in the disclosure of protected communications between Attorney Gordon and one or more of his clients that were made for the purpose of seeking or receiving legal advice. See In re Keeper of the Records (Grand Jury Subpoena Addressed to XYZ Corp.), 348 F.3d 16, 22 (1st Cir. 2003) (holding attorney/client privilege protects communications made for the purposes of seeking or receiving legal advice). The court in In re Keeper of the Records summarized the attorney/client privilege as "well-established and its rationale straightforward. By safeguarding communications between client and lawyer, the privilege encourages full and free discussion, better enabling the client to conform his conduct to the dictates of the law and to present legitimate claims and defenses if litigation ensues." Id.

As further grounds for the Motion to Compel, CBW argues that the attorney/client privilege does not extend to factual circumstances surrounding a communication between a client and an attorney. In attempting to apply this proposition here, the CBW relies on the case of Refuse & Environmental Systems, Inc. v. Industrial Services of America. See Refuse &

Environmental Systems, Inc. v. Industrial Services of America, 120 F.R.D. 8 (D. Mass. 1988). CBW seeks to compel Attorney Gordon to answer several questions on the grounds that the questions "did not require the disclosure of facts communicated to Attorney Gordon in confidence for the purpose of seeking legal advice." CBW's reasoning here is misguided. Whether or not Attorney Gordon had a private conversation with one or more of his clients about a specific issue, such as discussions regarding the removal of the broker's commission prior to the closing, is certainly considered a "fact by a client to his attorney for the purpose of securing legal services." Therefore, the Motion to Compel answers to the deposition questions should be denied as the information CBW seeks is categorically protected by the attorney/client privilege.

CBW further seeks to compel answers to a series of questions in regards to who authorized Attorney John McCullough ("Attorney McCullough"), the closing attorney for the Healthcare Entities, to tell the buyer's counsel to remove the broker's commission from the closing statement.[2] In support of its argument that Attorney Gordon should be compelled to answer these questions, CBW relies on the Supreme Judicial Court's ruling in Peters v. Wallach for the proposition that the attorney/client privilege does not apply where the communication is intended to be conveyed to a third party. Peters v. Wallach, 366 Mass. 622, 627 (1975). The Peters Court stated that "[c]ommunications between an attorney and his client are not privileged, though made privately, **if it is understood** that the information communicated is to be conveyed to others." Id. (emphasis added). Here, CBW mistakenly focuses its attention on Attorney Gordon and Attorney McCullough's intentions and not the intentions of their clients whom they have previously deposed in this matter. As an attorney, it is not for either Attorney McCullough nor Attorney Gordon to decide whether communications made to them by their clients were intended to be to conveyed to a third party, but rather, it is the intentions of their clients that is

---

[2] CBW has similarly moved to compel Attorney McCullough to answer these very same questions.

5

determinative of whether or not the communications were intended to be conveyed to others. Furthermore, while CBW relies on the <u>Peters</u> decision, the facts in <u>Peters</u> are clearly distinguishable from the instant matter. In <u>Peters</u>, the communication in question related to a settlement <u>offer</u> communicated by the client to his attorney that was clearly intended to be conveyed to a third party. <u>See id.</u> Here, CBW claims that Attorney McCullough's testimony at deposition shows that the communications were intended to be conveyed to a third party. But CBW cannot show that Attorney Gordon and Attorney McCullough's clients intended for their private communications to be conveyed to a third party. In <u>Peters</u>, the "communication" was a settlement offer that the client obviously intended to be communicated to his adversary. There is no suggestion by anyone anywhere that the "communication" sought to be discovered here was ever intended for the adversary, CBW. Without being able to show that Attorney Gordon and Attorney McCullough's **clients** intended for their communications to be conveyed to a third party, the communications must remain privileged and therefore confidential.

    III.    <u>Attorney Gordon's Refusal to Answer Certain Deposition Questions was not a Violation of Fed. R. Civ. P. 30(d)(1)</u>

CBW, rather strangely, argues that Attorney Gordon's refusal to answer certain deposition questions was a violation of Rule 30(d)(1) of the Federal Rules of Civil Procedure in that Attorney Gordon objected to the competency of his own testimony. Attorney Gordon, however, never once objected on the grounds of competency during his deposition. Counsel to CBW asked Attorney Gordon a series of questions which called for Attorney Gordon to give his opinion on the relative strengths and weaknesses of his clients' case. For example, counsel to CBW asked, "[w]as it your understanding at the time this was signed that this paragraph required the borrowers as defined in the agreement to pay or cause to be paid the following and [sic] immediately available funds and in the following order, first to Casas, Benjamin & White up to

6

one million 250 thousand of the fee for the investment banking services due and owing to CBW upon the closing of the sale transaction?" Attorney Gordon declined to answer the question stating that the question called for a legal opinion. This question, and several others that preceded it and followed it, were nothing more than questions specifically calculated to inquire of Attorney Gordon what, in his opinion, are the strengths and weaknesses of his clients' case. Attorney Gordon could not answer these questions without revealing private and privileged communications and work product. In the Motion to Compel, CBW mischaracterizes Attorney Gordon's objection to this line of questioning as an objection to the competency of his testimony rather than what it actually is, an objection based on the attorney/client and work product privilege. Surely, Attorney Gordon is competent to give an opinion on the relative strengths and weaknesses of his clients' case. However, doing so would require him to reveal privileged communications with his clients and his work product as an attorney. Therefore, Attorney Gordon is not in violation of Rule 30(d)(1) of the Federal Rules of Civil Procedure and the Motion to Compel should be denied.

Request for Hearing

Defendants and Attorney Gordon respectfully request a hearing in this matter as it involves attorney/client privilege. A hearing on other discovery Motions in this case is scheduled for August 31, 2005 at 10:00am.

WHEREFORE, non-party Deponent, Stephen F. Gordon and Defendants, The Pointe Group, Inc., Barry Freid and Gerald Freid respectfully request that the Court deny Casas,

Benjamin & White, LLC's Motion to Compel and grant such other and further relief as is just.

Respectfully Submitted,

STEPHEN F. GORDON,
THE POINTE GROUP, INC.,
BARRY FREID AND GERALD FREID

By their attorneys,

/s/Todd B. Gordon
Stephen F. Gordon (BBO No. 203600)
Todd B. Gordon (BBO No. 652482)
Gordon Haley LLP
101 Federal Street
Boston, Massachusetts 02110
Tel:   (617) 261-0100
Fax:   (617) 261-0789

Dated: August 25, 2005

P:\Clients\Pointe Group \CBW Plead\Opp to motion to compel re SFG.doc